# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS

**MICHAEL N. MILBY**
CLERK OF COURT
1701 W. BUS. HWY. 83, SUITE 1011
McALLEN, TEXAS 78501

(956) 618-8065
www.txs.uscourts.gov



E-filing

March 6, 2008

Clerk, U.S. District Court
International Box 36060
San Francisco, CA 94102

CV 08    1463

**MEJ**

### *Attn: Civil Section*

Re:     Civil Action No. M-08-003
        Salinas; et al vs Amtreck of Texas; et al

Dear Clerk:

Enclosed please find a certified copy of an order transferring the above-captioned case to your district.  The case file can be accessed through the Electronic Case Filing/Pacer System.

Please complete the receipt below and return the attached copy of this letter.

Sincerely,

/s/ _____
Frances Zamarripa
Deputy Clerk

Received and filed under Civil Action  No. _____ on this the
_____

day of _____, 2008.

Clerk, U.S. District Court

_____

Deputy Clerk



IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION



| | |
|---|---|
| REYNALDO SALINAS, ISABEL )<br>SALINAS AND JESSICA SALINAS, )<br>INDIVIDUALLY AND AS )<br>REPRESENTATIVE OF THE ESTATE )<br>OF JOSE MARTIN SALINAS )<br> )<br>VS. )<br> )<br>AMTECK OF TEXAS, AMTECK OF )<br>KENTUCKY, INC. D/B/A KENTUCKY )<br>AMTECK, INC., U.S. TRADES, )<br>LLC, HASKELL COMPANY D/B/A )<br>THE HASKELL COMPANY OF FLORIDA, )<br>AND SNORKEL INTERNATIONAL, INC. ) | CIVIL ACTION NUMBER<br><br>M-08-003 |

**14**

**MEJ**

ORDER OF TRANSFER

On the 5th day of March, 2008, came on to be heard "Defendant,

Amteck of Kentucky, Inc. dba Kentucky Amteck, Inc.'s Motion to

Dismiss or Transfer Venue and Original Answer" (Docket Entry Number

12), "Defendant, Haskell Company d/b/a The Haskell Company of

Florida's Motion to Dismiss or Transfer Venue and Original Answer"

(Docket Entry Number 15), "Motion to Dismiss for Improper Venue, or

in the Alternative Motion to Transfer, and Brief in Support of U.S.

Trades, LLC" (Docket Entry Number 30), and "First Amended Motion of

Defendant, Snorkel International, Inc., to Dismiss, or in the

Alternative, Motion to Transfer Venue, and Brief in Support"

(Docket Entry Number 35), and the Court, after having considered

the pleadings on file, the arguments of counsel and the applicable

law, is of the opinion that said motions should be granted for the

reasons stated on the record and to the extent stated below.    It is, therefore,

ORDERED, ADJUDGED and DECREED that the above-styled case is hereby transferred to the United States District Court for the Northern District of California, San Francisco Division.

The Clerk shall send a copy of this Order of Transfer to counsel for the parties.

DONE on this __5th__ day of March, 2008, at McAllen, Texas.

Ricardo H. Hinojosa
UNITED STATES DISTRICT JUDGE

TRUE COPY I CERTIFY
ATTEST:
MICHAEL N. MILBY, CLERK
By
                Deputy Clerk

2

CLOSED, TRANSFERRED

# U.S. District Court
## SOUTHERN DISTRICT OF TEXAS (McAllen)
## CIVIL DOCKET FOR CASE #: 7:08-cv-00003

DO NOT DOCKET. CASE HAS BEEN TRANSFERRED
OUT. Salinas et al v. Amteck of Kentucky, Inc. DBA
Kentucky Amteck, Inc. et al
Assigned to: Judge Ricardo H. Hinojosa
Case in other court: 389th District court of Hidalgo County,
      C-50-00007-H
Cause: 28:1332 Diversity-Personal Injury

Date Filed: 01/08/2008
Date Terminated: 03/06/2008
Jury Demand: None
Nature of Suit: 360 P.I.: Other
Jurisdiction: Diversity

**Plaintiff**

**Reynaldo Salinas**

represented by **Wesley Todd Ball**
Farrar And Ball
1010 Lamar
Ste 1600
Houston, TX 77002
713-221-8300
Fax: 713-221-8301
Email: wes@fbtrial.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Hawash**
Farrar Ball
1010 Lamar
#1600
Houston, TX 77002
713-221-8300
Fax: 713-221-8301
Email: michael@fbtrial.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Isabel Salinas**

represented by **Wesley Todd Ball**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Hawash**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Plaintiff**

**Jessica Salinas**

represented by **Wesley Todd Ball**

*Individually, and as Representative of*
*the Estate of Jose Martin Salinas*

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Michael A Hawash**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Amteck of Kentucky, Inc. DBA**
**Kentucky Amteck, Inc.**

represented by **Rebecca Rivers Kieschnick**
Donnell, Abernethy & Kieschnick, P.C.

555 N Carancahua
Ste 400
Corpus Christi, TX 78478
361-866-8104
Fax: 361-880-5618
Email: rkieschnick@dakpc.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sandra Sterba-Boatwright**
Attorney at Law
555 N Carancahua
Ste 400
Corpus Christi, TX 78478
361-888-5551
Fax: 361-880-5618
Email: ssterba@dakpc.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Amteck of Texas**
*TERMINATED: 02/25/2008*

represented by **Sandra Sterba-Boatwright**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rebecca Rivers Kieschnick**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Defendant**

**US Trades, LLC**

represented by **Bryan R Haynes**
Locke Lord Bissell & Liddell LLP
2200 Ross Ave
Ste 2200
Dallas, TX 75201

214-740-8554
Fax: 214-756-8554
Email: bhaynes@lockeliddell.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Robert Marlin**
Locke Lord et al
2200 Ross Ave
Dallas, TX 75201-6776
214-740-8540
Fax: 214-756-8540
Email: jmarlin@lockelord.com
*ATTORNEY TO BE NOTICED*

**Defendant**

**Haskell Company dba The Haskell company of Florida**

represented by **Sandra Sterba-Boatwright**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Snorkel International, Inc.**

represented by **Tonya Beane Webber**
Porter Rogers et al
800 N Shoreline Blvd
Ste 800
Corpus Christi, TX 78401
361-880-5808
Fax: 361-880-5844
Email: twebber@prdg.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 01/08/2008 | 1 | NOTICE OF REMOVAL from 389th District court of Hidalgo County, case number C-2750-07-H (Filing fee $ 350 receipt number 3364699) filed by Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc.. (Attachments: # 1 Exhibit State Court Documents and Citation# 2 Exhibit Affidavit of Corey Bard# 3 Exhibit Notice to State Court of Removal# 4 Exhibit Notice to Plaintiffs of Removal# 5 Appendix Index of Documents Filed# 6 Appendix (Anticipated) Counsel of Record) (Kieschnick, Rebecca) (Entered: 01/08/2008) |
| 01/08/2008 | 2 | CONSENT to Removal by Amteck of Texas, filed.(Sterba-Boatwright, Sandra) (Entered: 01/08/2008) |
| 01/08/2008 | 3 | CONSENT to Removal by Haskell Company dba The Haskell company of Florida, filed.(Sterba-Boatwright, Sandra) (Entered: 01/08/2008) |
|  |  |  |

| 01/08/2008 | 4 | CONSENT to Removal by US Trades, LLC, filed.(Haynes, Bryan) (Entered: 01/08/2008) |
|---|---|---|
| 01/10/2008 | 5 | CONSENT to Removal by Snorkel International, Inc., filed.(Webber, Tonya) (Entered: 01/10/2008) |
| 01/11/2008 | 6 | ORDER for Initial Pretrial and Scheduling Conference and Order to Disclose Interested Persons. Initial Conference set for 3/5/2008 at 02:30 PM before Judge Ricardo H. Hinojosa. Parties notified.(bgarces, ) (Entered: 01/11/2008) |
| 01/15/2008 | 7 | MOTION U.S. TRADES, LLC's MOTION TO ENLARGE TIME TO MOVE, ANSWER OR OTHERWISE PLEAD, AND BRIEF IN SUPPORT by US Trades, LLC, filed. Motion Docket Date 2/4/2008. (Marlin, Jason) (Entered: 01/15/2008) |
| 01/15/2008 | 8 | PROPOSED ORDER re: 7 MOTION U.S. TRADES, LLC's MOTION TO ENLARGE TIME TO MOVE, ANSWER OR OTHERWISE PLEAD, AND BRIEF IN SUPPORT, filed.(Marlin, Jason) (Entered: 01/15/2008) |
| 01/15/2008 | 9 | MOTION for Extension of Time Pre-Answer Motions by Snorkel International, Inc., filed. Motion Docket Date 2/4/2008. (Webber, Tonya) (Entered: 01/15/2008) |
| 01/15/2008 | 10 | PROPOSED ORDER re: 9 MOTION for Extension of Time Pre-Answer Motions, filed.(Webber, Tonya) (Entered: 01/15/2008) |
| 01/15/2008 | 11 | ANSWER to [1-1] Complaint by Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc., filed. (Attachments: # 1 Exhibit Plaintiffs' California Petition# 2 Exhibit Cal OSH Accident Report# 3 Exhibit Statements of California Witnesses# 4 Proposed Order Granting Motion to Dismiss)(Kieschnick, Rebecca) (Entered: 01/15/2008) |
| 01/15/2008 | 12 | MOTION to Transfer Case to Northern District of California, San Francisco Division by Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc., filed. Motion Docket Date 2/4/2008. (Attachments: # 1 Exhibit Plaintiff's California Complaint# 2 Exhibit Cal OSH Acciedent Report# 3 Exhibit Statement of California Witnesses# 4 Proposed Order Granting the Motion to Dismiss)(Kieschnick, Rebecca) (Entered: 01/15/2008) |
| 01/15/2008 | 13 | MOTION to Dismiss *(12b motion)* by Amteck of Texas, filed. Motion Docket Date 2/4/2008. (Attachments: # 1 Exhibit Plaintiffs' California complaint# 2 Exhibit Cal OSH Report# 3 Exhibit California Witness Statements# 4 Proposed Order Dismissing Claims agains Amteck of Texas)(Sterba-Boatwright, Sandra) (Entered: 01/15/2008) |
| 01/15/2008 | 14 | ANSWER to [1-1] Complaint by Amteck of Texas, filed. (Attachments: # 1 Exhibit Plaintiffs' California Complaint# 2 Exhibit Cal OSH Accident Report# 3 Exhibit California Witness Statements)(Sterba-Boatwright, Sandra) (Entered: 01/15/2008) |
| 01/15/2008 | 15 | MOTION to Transfer Case to Northern District of California, San |

| | | |
|---|---|---|
| | | Francisco Division by Haskell Company dba The Haskell company of Florida, filed. Motion Docket Date 2/4/2008. (Attachments: # 1 Exhibit Plaintiffs' California Complaint# 2 Exhibit Cal OSH Accidnet Report# 3 Exhibit Statements of California Witnesses# 4 Proposed Order Granting Haskell Company's Motion to Dismiss)(Sterba-Boatwright, Sandra) (Entered: 01/15/2008) |
| 01/15/2008 | 16 | ANSWER to [1-1] Complaint by Haskell Company dba The Haskell company of Florida, filed. (Attachments: # 1 Exhibit Plaintiffs' California Complaint# 2 Exhibit Cal OSH Accident Report# 3 Exhibit Statements of California witnesses)(Sterba-Boatwright, Sandra) (Entered: 01/15/2008) |
| 01/22/2008 | 17 | ORDER striking 7 Motion to Enlarge Time to Move, Answer or Otherwise Plead.( Signed by Judge Ricardo H. Hinojosa ) Parties notified.(bgarces, ) (Entered: 01/22/2008) |
| 01/22/2008 | 18 | Unopposed MOTION for Extension of Time Answer or Otherwise Plead by US Trades, LLC, filed. Motion Docket Date 2/11/2008. (Attachments: # 1 Proposed Order)(Haynes, Bryan) (Entered: 01/22/2008) |
| 01/23/2008 | 19 | AMENDED 9 MOTION by Snorkel International, Inc., filed. Motion Docket Date 2/12/2008. (Webber, Tonya) (Entered: 01/23/2008) |
| 01/23/2008 | 20 | PROPOSED ORDER *GRANTING* re: 19 AMENDED 9 MOTION, filed. (Webber, Tonya) (Entered: 01/23/2008) |
| 01/23/2008 | 21 | ORDER granting 18 US Trades' Motion for Extension of Time to Move, Answer or Otherwise Plead until 1/29/08.( Signed by Judge Ricardo H. Hinojosa ) Parties notified.(bgarces, ) (Entered: 01/24/2008) |
| 01/25/2008 | 22 | CERTIFICATE OF INTERESTED PARTIES by Snorkel International, Inc., filed.(Webber, Tonya) (Entered: 01/25/2008) |
| 01/25/2008 | 23 | CERTIFICATE OF INTERESTED PARTIES by U.S. Trades, LLC, filed.(Marlin, Jason) (Entered: 01/25/2008) |
| 01/25/2008 | 24 | CERTIFICATE OF INTERESTED PARTIES by Amteck of Texas, filed. (Sterba-Boatwright, Sandra) (Entered: 01/25/2008) |
| 01/25/2008 | 25 | CERTIFICATE OF INTERESTED PARTIES by Haskell Company DBA The Haskell Company of Florida, filed.(Sterba-Boatwright, Sandra) (Entered: 01/25/2008) |
| 01/25/2008 | 26 | CERTIFICATE OF INTERESTED PARTIES by Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc., filed.(Kieschnick, Rebecca) (Entered: 01/25/2008) |
| 01/27/2008 | 27 | ORDER granting 19 Amended Motion to enlarge time to move, answer or otherwise plead in response to petition.( Signed by Judge Ricardo H. Hinojosa ) Parties notified.(bgarces, ) (Entered: 01/28/2008) |
| 01/28/2008 | 28 | CERTIFICATE OF INTERESTED PARTIES by Plaintiffs, filed.(Ball, Wesley) (Entered: 01/28/2008) |
| 01/29/2008 | 29 | MOTION to Dismiss *and Brief in Support* by US Trades, LLC, filed. |

| | | |
|---|---|---|
| | | Motion Docket Date 2/19/2008. (Attachments: # 1 Proposed Order Defendant U.S. Trades LLC's 12(b)(6) Motion to Dismiss and Brief in Support)(Marlin, Jason) (Entered: 01/29/2008) |
| 01/29/2008 | 30 | MOTION to Dismiss *for Improper Venue, or in the Alternative Motion to Transfer, and Brief in Support of U.S. Trades, LLC* by US Trades, LLC, filed. Motion Docket Date 2/19/2008. (Attachments: # 1 Exhibit 1# 2 Exhibit 2# 3 Exhibit 3# 4 Exhibit 4# 5 Exhibit 5# 6 Exhibit 5A# 7 Exhibit 5B# 8 Exhibit 6# 9 Exhibit 7# 10 Exhibit 8# 11 Exhibit 9# 12 Proposed Order)(Haynes, Bryan) (Entered: 01/29/2008) |
| 01/29/2008 | 31 | MOTION to Dismiss *For Lack Of Jurisdiction* by Snorkel International, Inc., filed. Motion Docket Date 2/19/2008. (Attachments: # 1 Affidavit Richard L. Hoffelmeyer# 2 Exhibit 1-A Purchase Order# 3 Exhibit Bill of Lading# 4 Exhibit 1-C Invoice# 5 Exhibit Complaint)(Webber, Tonya) (Entered: 01/30/2008) |
| 01/30/2008 | 32 | PROPOSED ORDER *Snorkel's* re: 31 MOTION to Dismiss *For Lack Of Jurisdiction*, filed.(Webber, Tonya) (Entered: 01/30/2008) |
| 01/30/2008 | 33 | Unopposed MOTION for Extension of Time 12b Motions by Snorkel International, Inc., filed. Motion Docket Date 2/19/2008. (Webber, Tonya) (Entered: 01/30/2008) |
| 01/30/2008 | 34 | Unopposed PROPOSED ORDER re: 33 Unopposed MOTION for Extension of Time 12b Motions, filed.(Webber, Tonya) (Entered: 01/30/2008) |
| 01/30/2008 | 35 | First AMENDED 31 MOTION by Snorkel International, Inc., filed. Motion Docket Date 2/19/2008. (Attachments: # 1 Affidavit Hoffelmeyer# 2 Exhibit 1-A Purchase Order# 3 Exhibit 1-B - Bill of Lading# 4 Exhibit 1-C - Invoice# 5 Exhibit 2 - Complaint)(Webber, Tonya) (Entered: 01/30/2008) |
| 01/30/2008 | 36 | PROPOSED ORDER *GRANTING* re: 35 First AMENDED 31 MOTIONFirst AMENDED 31 MOTION, filed.(Webber, Tonya) (Entered: 01/30/2008) |
| 02/04/2008 | 38 | ORDER granting 33 Unopposed Second Motion to Enlarge the Time to Move, Answer, or Otherwise Plead in Response to Plaintiff's Original Petition. ( Signed by Judge Ricardo H. Hinojosa ) Parties notified. (mzamarripa, ) (Entered: 02/06/2008) |
| 02/05/2008 | 37 | Unopposed MOTION for Extension of Time Response to Defendants' Motions by Isabel Salinas, filed. Motion Docket Date 2/25/2008. (Ball, Wesley) (Entered: 02/05/2008) |
| 02/22/2008 | 39 | Joint JOINT DISCOVERY/CASE MANAGEMENT PLAN by Snorkel International, Inc., Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc., Reynaldo Salinas, Isabel Salinas, Jessica Salinas, Amteck of Texas, US Trades, LLC, Haskell Company dba The Haskell company of Florida, filed.(Sterba-Boatwright, Sandra) (Entered: 02/22/2008) |
| 02/22/2008 | 40 | Unopposed MOTION for Extension of Time Respond to Defendants |

| | | |
|---|---|---|
| | | Motions by Reynaldo Salinas, Isabel Salinas, Jessica Salinas, filed. Motion Docket Date 3/13/2008. (Ball, Wesley) (Entered: 02/22/2008) |
| 02/22/2008 | 41 | Agreed PROPOSED ORDER re: 40 Unopposed MOTION for Extension of Time Respond to Defendants Motions, filed.(Ball, Wesley) (Entered: 02/22/2008) |
| 02/25/2008 | 42 | NOTICE of Dismissal as to Amteck of Texas by Reynaldo Salinas, Isabel Salinas, Jessica Salinas, filed. (Ball, Wesley) (Entered: 02/25/2008) |
| 02/25/2008 | 43 | ORDER granting 40 Plaintiff's Unopposed Motion to Enlarge Time to Respond to Various Motions Filed by Defendants..( Signed by Judge Ricardo H. Hinojosa ) Parties notified.(mzamarripa, ) (Entered: 02/25/2008) |
| 02/29/2008 | 44 | RESPONSE in Opposition to 31 MOTION to Dismiss *For Lack Of Jurisdiction*, 35 First AMENDED 31 MOTIONFirst AMENDED 31 MOTION, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1 Proposed Order # 2 Exhibit # 3 Exhibit # 4 Exhibit # 5 Exhibit # 6 Exhibit # 7 Exhibit)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 45 | RESPONSE to 15 MOTION to Transfer Case to Northern District of California, San Francisco Division, 13 MOTION to Dismiss *(12b motion)* MOTION to Dismiss *(12b motion)*, 30 MOTION to Dismiss *for Improper Venue, or in the Alternative Motion to Transfer, and Brief in Support of U.S. Trades, LLC*, 35 First AMENDED 31 MOTIONFirst AMENDED 31 MOTION, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1 Exhibit)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 46 | RESPONSE in Opposition to 35 First AMENDED 31 MOTIONFirst AMENDED 31 MOTION, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1 Proposed Order)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 47 | RESPONSE in Opposition to 12 MOTION to Transfer Case to Northern District of California, San Francisco Division, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1 Proposed Order)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 48 | RESPONSE in Opposition to 15 MOTION to Transfer Case to Northern District of California, San Francisco Division, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 49 | RESPONSE in Opposition to 30 MOTION to Dismiss *for Improper Venue, or in the Alternative Motion to Transfer, and Brief in Support of U.S. Trades, LLC*, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. (Attachments: # 1 Proposed Order)(Ball, Wesley) (Entered: 02/29/2008) |
| 02/29/2008 | 50 | RESPONSE in Opposition to 29 MOTION to Dismiss *and Brief in Support*, filed by Reynaldo Salinas, Isabel Salinas, Jessica Salinas. |

| | | (Attachments: # 1 Proposed Order # 2 Exhibit)(Ball, Wesley) (Entered: 02/29/2008) |
|---|---|---|
| 02/29/2008 | 51 | Amended CERTIFICATE OF INTERESTED PARTIES by Snorkel International, Inc., filed.(Webber, Tonya) (Entered: 02/29/2008) |
| 03/05/2008 | | Minute Entry for proceedings held before Judge Ricardo H. Hinojosa. Initial PRETRIAL CONFERENCE held on 3/5/2008. All parties present. The Court addresses the Motions to Transfer and Motions to Dismiss. AFter hearing counsels' arguments and reviewing the pleadings on file the Court will not dismiss this case but will transfer the case to the N.D. of California. Appearances: Michael A Hawash, Bryan R Haynes, Rebecca Rivers Kieschnick, Sandra Sterba-Boatwright, Tonya Beane Webber.(ERO:Tony Tijerina), filed.(smartinez, ) (Entered: 03/05/2008) |
| 03/05/2008 | 52 | ORDER TO TRANSFER CASE to Northern District of California, San Francisco Division.( Signed by Judge Ricardo H. Hinojosa ) Parties notified.(mzamarripa, ) (Entered: 03/06/2008) |
| 03/06/2008 | 53 | Interdistrict transfer to Northern District of California, San Francisco Division. Certified copy of transfer order will be sent., filed. (mzamarripa, ) (Entered: 03/06/2008) |

| PACER Service Center | | |
|---|---|---|
| **Transaction Receipt** | | |
| 03/19/2008 14:00:02 | | |
| PACER Login: | us4077 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 7:08-cv-00003 |
| Billable Pages: | 5 | Cost: | 0.40 |

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

REYNALDO SALINAS,  ISABEL              §
SALINAS, AND JESSICA SALINAS,          §
INDIVIDUALLY AND AS                    §
REPRESENTATIVE OF THE ESTATE           §
OF JOSE MARTIN SALINAS                 §
                                       §
    PLAINTIFFS                      §
                                       §
VS.                                    §          **CIVIL ACTION NO. 7:08-cv-00003**
                                       §
AMTECK OF TEXAS, AMTECK OF             §
KENTUCKY, INC. DBA KENTUCKY            §
AMTECK, INC., U.S. TRADES, LLC,        §
HASKELL COMPANY DBA THE                §
HASKELL COMPANY OF FLORIDA             §
SNORKEL INTERNATIONAL, INC.            §
                                       §
    DEFENDANTS                      §

## DEFENDANT AMTECK OF KENTUCKY, INC.'S (DBA KENTUCKY AMTECK, INC.) NOTICE OF REMOVAL

Defendant Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc., files its

Notice of Removal pursuant to 28 U.S.C. §§ 1441 and 1446 and states as follows:

    1.    Plaintiff commenced a civil action in the 389th District Court of

Hidalgo County, Texas, which is assigned Cause No. C-2750-07-H, under the caption

*Reynaldo Salinas, Isabel Salinas, and Jessica Salinas, Individually and as Representative*

*of the Estate of Jose Martin Salinas, Plaintiff,  v.  Amteck of Texas, Amteck of Kentucky,*

*Inc. DBA Kentucky Amteck, Inc., U.S. Trades LLC, Haskell Company DBA The Haskell*

*Company of Florida and Snorkel International, Inc., Defendants.*  Copies of the citation

as to Amteck of Kentucky, Inc. and copies of Plaintiffs' Original Petition and Request for Disclosure and other documents filed with the 389th District Court are attached hereto as Exhibit 2. There have been no further proceedings in Cause No. C-2750-07-H.

2.     The above-described action is a civil action over which the United States District Court, for the Southern District of Texas, McAllen Division, has original jurisdiction pursuant to 28 U.S.C. § 1332 (a), on the grounds that there is diversity of citizenship between the parties, and the amount in controversy exceeds Seventy-Five Thousand and No/100 Dollars ($75,000.00) exclusive of interest and costs, based on information and belief. Specifically, Plaintiffs allege that they are residents of Texas.

3.     Defendant Amteck of Texas (hereinafter Amteck Texas) is a Texas Limited Liability Company whose only member is Amteck of Kentucky, Inc. which is incorporated in the state of Kentucky, with its principal place of business in Kentucky, and thus is not a resident of the state of Texas; nor is it domiciled in Texas, but is a citizen of Kentucky for diversity purposes. It is, further, fraudulently or improperly joined, as is set forth in more detail in paragraph 12 and in Exhibit 3, the affidavit of Corey Bard, and therefore, its citizenship does not count in the calculation of diversity citizenship. Subject thereto and without waiver of the foregoing, it consents to this removal, in the event it should be determined to be properly joined.

4.     Amteck of Kentucky, Inc. DBA Kentucky Amteck, Inc. (hereinafter Amteck Kentucky) is a Kentucky corporation with its principal place of business in Kentucky. Amteck is thus not a citizen of Texas for the purposes of diversity, but is a citizen of Kentucky.

5.      Defendant US Trades, LLC, was served with process through the Secretary of State on December 19, 2007. It is a limited liability company organized under Indiana law. Its only two members, Mike Morris and Tom Harris, are individuals and residents of, and domiciled in Indiana. Thus, US Trades, LLC is not a citizen of Texas for the purposes of diversity, but is a citizen of Indiana. US Trades LLC is joining in or consenting to this removal.

6.      The Haskell Company DBA the Haskell Company of Florida (hereinafter the Haskell Company) is a Florida corporation with its principal place of business in Florida. Thus, Haskell is not a citizen of Texas for diversity purposes. The Haskell Company is joining in or consenting to this removal.

7.      Defendant Snorkel International, Inc. was incorporated in the state of Delaware, with its principal place of business in Kansas. It is not a citizen of Texas for the purposes of diversity and is consenting to or joining in this petition for removal.

8.      The above-described action is one which may be removed to this Court by Defendant pursuant to the provisions of 28 U.S.C. § 1441 subd. (a) and (c), due to the complete diversity of the parties.

9.      The thirty (30) day period within which Defendant is required to file a Notice of Removal has not expired. The first receipt of the petition in this matter was by Defendant Amteck Kentucky, on or about December 18, 2007 when said Defendant received a copy from the court upon request. Service upon Amteck Kentucky was not accomplished until December 28, 2007 when service was completed on the secretary of

3

state or on January 2, 2008 when Amteck Kentucky actually received a copy of the citation from the secretary of state.

10.    Defendant Amteck Texas was served on January 2, 2008 (postmarked December 28, 2007).  Defendant Haskell was served on January 2, 2008. The Secretary of State was served on December 19, 2007 on behalf of Defendant Snorkel which was served with copies of the petition on January 2, 2008.

11.    Defendant has prepared and will file Notice of this removal with the State Court (Exhibit 4 attached) and has prepared and will serve Notice of this removal on counsel for Plaintiff in this action (Exhibit 5 attached).

12.    All parties named as defendants in this matter are diverse from the Plaintiffs as the Plaintiffs have at all times been residents, citizens and domiciliaries of the state of Texas and not of Delaware, Indiana, Florida, Kansas or Kentucky, the states of citizenship of the Defendants named herein.  Further, for the purposes of diversity, the citizenship of Amteck Texas should not be considered, because Amteck Texas has been fraudulently or improperly joined in this matter.  This matter was previously brought in California in cause number 26-35179, In the Superior Court for the State of California, County of Napa.  Amteck Texas was not sued in that lawsuit.  There have been no documents or any discovery in the previous lawsuit that indicate that Amteck Texas was in any way involved in the California project upon which the plaintiffs were working at the time of the accident made the basis of this lawsuit.  That lawsuit was dismissed by Plaintiffs and this suit was then filed in Texas and Amteck Texas was for the first time

4

named as a defendant. Attached hereto as Exhibit 3 (incorporated herein by reference) is the affidavit of the controller of both Amteck entities, affirming that only Amteck Kentucky did business in California at all times at issue in this lawsuit. Further, in this lawsuit, there are no specific allegations against Amteck Texas and no specific relief is sought against Amteck Texas.

14.   In filing this Notice of Removal, Defendant respectfully reserves the right to present and rely upon all defenses to which it may be entitled including, without limitation, improper service of process, jurisdiction, venue and any other procedural or substantive defenses.

15.   All defendants join in this removal or will do so shortly hereafter. Amteck Texas will join subject to its contention that it has been fraudulently joined as it was not present in any way at the site of the accident made the issue in this lawsuit and had no contractual or other legal obligation relating to the job site or job in question in this matter.

5

WHEREFORE, Defendant Amteck of Kentucky, Inc. respectfully requests

that the above-described civil action now pending against it in the 389th District Court of

Hidalgo County, Texas, be removed from that Court to this United States District Court

for the Southern District of Texas, McAllen Division.

                    Respectfully submitted,


                    /s/ Rebecca R. Kieschnick
                    Rebecca R. Kieschnick
                    Federal I.D. No. 0352
                    State Bar No. 21566900
                    Sandra Sterba-Boatwright
                    Federal I.D. No. 6857
                    State Bar No. 19169400

                    ATTORNEY-IN-CHARGE FOR AMTECK
                    OF KENTUCKY, INC. DBA KENTUCKY
                    AMTECK, INC.

OF COUNSEL:

DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas 78403-2624
Telephone No.: (361) 888-5551
Telecopier No.: (361) 880-5618

                            6

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via **ELECTRONIC SERVICE OR CERTIFIED U.S. MAIL/RETURN RECEIPT REQUESTED** to counsel listed below on this the 8th day of January, 2008.

Wesley Todd Ball
Michael A. Hawash
1010 Lamar, Suite 1600
Houston, Texas 77002

/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick

Cases/salinas /defendantsnotice of removal.doc

7

EXHIBIT 2

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO SALINAS, ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS | § § § § § § | |
| **PLAINTIFFS** | § § | |
| VS. | § § | CIVIL ACTION NO. _____ |
| AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. DBA KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY DBA THE HASKELL COMPANY OF FLORIDA SNORKEL INTERNATIONAL, INC. | § § § § § § § § | |
| **DEFENDANTS** | § | |

INDEX OF STATE COURT DOCUMENTS

Index (prepared by counsel)                                                    p.1

Receipt for copies of file                                                      p. 2

Civil Docket Sheet                                                              p. 3

Plaintiffs' Original Petition and Request for Disclosure          pp. 4-15

Receipt for filing fee                                                          p. 16

Correspondence to clerk                                                    pp. 17-18

Citation served on Amteck of Kentucky, Inc. dba Kentucky Amteck Inc.    pp. 19-33

STATE OF TEXAS
COUNTY OF HIDALGO
BANK ACCT: F
RECEIPT NO. 160244
DATE 01/04/08
RECEIVED OF Donnell, Abernethy & Kieschnick

**PAID**

PAYMENT METHOD: CK
THIRTY & 00/100 DOLLARS

JAN 0 4 2008

HIDALGO COUNTY
DIST. CLERKC

COP.D  COPIES                    16.00
CERT.  CERTIFICATION              2.00
DCOVE  Overpayment              -12.00
                              =========
            TOTAL CHGS $        30.00

Comment: C-2758-07-H 117894
            LAURA HINOJOSA
            District Clerk
            by Msotuyo

## Civil Docket

Court

Case No. C-2750-07-H                                    January 4th, 2008
HIDALGO County                                               1:41pm

REYNALDO SALINAS, ET. AL. vs. AMTECK OF
TEXAS, ET. AL.

Filed: 11/14/2007
Status: Filed
Type: CIVIL SUIT

Judge
  LETICIA LOPEZ

Court Reporter

| Date | | Volume | Page |
|------|--|--------|------|

### Disposition Information

Case Disposition:

### Events & Orders of the Court

| | |
|--|--|
| 11/14/07 | PLAINTIFF'S ORIGINAL PETITION |
| 11/27/07 | MANUAL CHECK ISSUED |
| | REC#158603 CK#35185 $12.00 FARRAR & BALL |
| | Entered by: LONNIED on 11/27/07 at 01:10pm |
| 12/10/07 | CITATION ISSUED |
| | ISSUED TO THE HASKELL COMPANY AND AMTECK OF TEXAS, AND THRU THE |
| | SECRETARY OF STATE ISSUED U.S TRADES, LLC, SNORKEL INTERNATION, |
| | INC., AND AMTECK OF KENTUCKY, INC. MAILED ALL CITATIONS BACK TO |
| | ATTORNEY FOR SERVICE |
| | Entered by: SARA on 12/10/07 at 11:13am |
| 02/14/08 | TICKLER |

### Fee Payment Information

Plaintiff Payments
Total Payments: 1
Total Paid    : $254.00

| | | | |
|--|--|--|--|
| 11/20/07 | CK | Rcpt # 158603 | $254.00 |

DATE JAN 0 4 2008
A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

Page 1

AT 9:00 O'CLOCK ___ M

NOV 1 4 2007

CAUSE NO. C -2750 -07- H

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By _____ Deputy

| | | |
|---|---|---|
| REYNALDO SALINAS, ISABEL | § | IN THE DISTRICT COURT OF |
| SALINAS, AND JESSICA SALINAS, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE MARTIN SALINAS | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| AMTECK OF TEXAS, AMTECK OF | § | |
| KENTUCKY. INC. d.b.a. KENTUCKY | § | |
| AMTECK, INC., U.S. TRADES, LLC, | § | |
| HASKELL COMPANY d.b.a. THE | § | |
| HASKELL COMPANY OF FLORIDA | § | 389th JUDICIAL DISTRICT |
| AND SNORKEL INTERNATIONAL, | § | |
| INC. | | |
| *Defendants* | | |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, REYNALDO SALINAS, ISABEL SALINAS, and JESSICA

SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE

MARTIN SALINAS, complaining of Defendants, AMTECK OF TEXAS, AMTECK OF

KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, THE

HASKELL COMPANY D.B.A. THE HASKELL COMPANY OF FLORIDA, and SNORKEL

INTERNATIONAL, INC. and files this Original Petition and for cause of action would

respectfully show the following:

1

# I.
## DISCOVERY LEVEL

1.1    Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the

TEXAS RULES OF CIVIL PROCEDURE.

# II.
## PARTIES

2.1    Plaintiff, REYNALDO SALINAS, is a resident of the State of Texas.

2.2    Plaintiff, ISABEL SALINAS, is a resident of the State of Texas.

2.3    Plaintiff, JESSICA SALINAS, is a resident of the State of Texas.

2.4    Defendant, AMTECK OF TEXAS ("Amteck-Texas"), is a foreign limited liability

company who does business in Texas. Amteck-Texas may be served with citation through its

registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.5    Defendant, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC.

("Amteck-Kentucky"), is a business entity, form unknown. Amteck-Kentucky engages in

business in the State of Texas and does not maintain a place of regular business in the State of

Texas or a designated agent upon whom service of process may be made for causes of action out

of business done in this state. Amteck-Kentucky is required to maintain an agent for service of

process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code,

Defendant **AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. can be**

**served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol**

**Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to**

**AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC.  at its home office,**

**2421 Fortune Dr., Suite 150, Lexington, KY  40509.**

2.6    U.S. TRADES, LLC ("US Trades") is a limited liability company that engages in

2

business in the State of Texas and does not maintain place of regular business in the State of

Texas or a designated agent upon whom service of process may be made for causes of action out

of business done in this state. US Trades is required to maintain an agent for service of process.

Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **U.S.**

**TRADES, LLC can be served by serving the Secretary of the State of Texas via CMRRR at**

**State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the**

**petition with citation to U.S. TRADES, LLC, at its home office, 1304 Rose Garden Drive,**

**Metairie, LA 70005.**

2.7    THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA

("Haskell") is a foreign for-profit corporation and may be served with citation through its

registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.8    SNORKEL INTERNATIONAL, INC ("Snorkel") is a corporation that engages in

business in the State of Texas and does not maintain place of regular business in the State of

Texas or a designated agent upon whom service of process may be made for causes of action out

of business done in this state. Snorkel is required to maintain an agent for service of process.

Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant

**Snorkel International, Inc. can be served by serving the Secretary of the State of Texas via**

**CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy**

**of the petition with citation to Snorkel International, Attention Todd H. Bartles, 3101**

**Fredrick Ave., St. Joseph, MO 64506.**

3

## III.
### VENUE AND JURISDICTION

3.1    Venue is proper and maintainable in Hidalgo County, Texas, under the Texas Civil

Practice and Remedies Code as a substantial amount of the events and conditions concerning the

lawsuit occurred in Hidalgo County, including but not limited to the Amteck Defendants and

U.S. Trades recruiting Plaintiffs, Reynaldo Salinas and Jose Salinas for the subject employment.

3.2    Jurisdiction is proper because the amount in controversy exceeds the minimum

jurisdictional limits of this Court.

## IV.
### BACKGROUND FACTS

4.1    On June 16, 2006, Reynaldo Salinas and Jose Martin Salinas were working on a Snorkel

F1930 Lift ("subject scissor lift" or "scissor lift") at a job site in Napa (at a property owned by

Foster's Wine Estates) under the supervision and direction of Defendants. The Snorkel Lift was

leased to the Amteck Defendants by California High Reach & Equipment Rental, Inc. At the

time of the incident, Reynaldo Salinas and Jose Martin Salinas were in the course and scope of

their required employment duties for their employer (US Trades). THE HASKELL COMPANY

d.b.a. THE HASKELL COMPANY OF FLORIDA was the general contractor at the time of the

underlying incident.

4.2    Defendants situated the Snorkel Lift parallel to a bundle of wire. Thereafter, Defendants

requested the Salinas Plaintiffs act as a human roller from atop the fully extended lift. The

cables were being pulled from within by a mechanical tugger unit. The manner in which they

were required to utilize the Snorkel Lift was improper. Through no fault of Plaintiffs, one or all

of the cables became logged for reasons now unknown. Once the cables became immovable, the

Snorkel Lift was tipped and pulled to the ground as a result of the force which continued to be

4

applied from below by the tugger unit. Because the lift was not properly positioned, used in a manner for which it was not intended, and the loads exceeded the vertical and horizontal limits, it overturned.

4.3    Defendants each failed to provide proper safety equipment, training, fall protection, helmet, and proper communication devices which would have enabled Reynaldo and Jose to warn of the fall danger. Defendants each failed to properly train, supervise, and provide a safe work site. In addition, Defendants were negligent in the leasing of, and use of, a scissor lift which was not within CAL OSHA and OSHA regulations.

4.4    As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the incident, Reynaldo Salinas sustained serious and permanent debilitating injuries including, but not limited to, a shattered hip, broken leg, ankle and spine. As a direct and proximate result of his injuries, Reynaldo Salinas has suffered loss of past and future earnings, loss of earning capacity, has incurred continuing medical expenses, and has and will suffer physical and emotional pain and suffering. As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the accident, Jose Martin Salinas was killed in this accident.

## V.
### CAUSE OF ACTION: NEGLIGENCE
#### (THE AMTECK DEFENDANTS AND HASKELL)

5.1    The injuries and damages suffered by the Salinas Plaintiffs were proximately caused by Defendants' negligent acts. Defendants had the right to control the details of Plaintiffs' work and owed a duty to Plaintiffs to use ordinary care. On or before the occasion in question, Defendants committed the following acts and/or omissions of negligence, which were a proximate cause of the injuries sustained by Plaintiff:

5

(a)     Failing to provide a reasonably safe work place;

(b)     Failing to properly train employees, servants or agents in the safe manner in which to operate the subject scissor lift;

(c)     Failing to provide reasonably safe work equipment and safety equipment;

(d)     Failing to perform an inspection of its activities on a regular basis to detect unsafe operations;

(e)     Failing to furnish reasonably safe instrumentalities;

(f)     Failing to provide adequate safety supervision to avoid dangerous conditions at its premises and in conjunction with the use of the subject scissor lift;

(g)     Failing to follow safety rules and regulations for safe use of the subject scissor lift; and

(h)     Failing to provide the proper and necessary manpower to perform the assigned tasks.

5.2     Each of these acts and/or omissions, singularly or in combination with others, constituted negligence on the part of Defendants which proximately caused the incident and Plaintiffs' injuries and damages, as more fully set forth below.

## VI.
## CAUSE OF ACTION: PREMISE LIABILITY
### (HASKELL)

6.1     The Salinas Plaintiffs were the invitees of Haskell at the time each fell from the subject scissor lift. The Salinas Plaintiffs bring suit against Defendant on the ground of premise liability for the following:

1.     Haskell knew or reasonably should have known of the danger regarding its premises, specifically, the improperly installed, unreasonably dangerous, and defective scaffolding;

6

2.    Haskell did not provide and ensure the use of protective fall equipment to the Salinas Plaintiffs; and

3.    Haskell breached its duty of ordinary care owed to the Salinas Plaintiffs as an invitee in the following manners:

   a.    failing to adequately warn of the defective condition of the scaffolding which gave way and caused his injures;

   b.    failing to make the defective scaffolding and/or latent defective condition to its premises safe for use; and

   c.    failing to conduct reasonably careful inspection of the premises to discover latent defects.

6.2    Haskell's failure to use care as described above was a producing and proximate cause of the Salinas Plaintiffs injuries and death of Jose Salinas described herein.

## VII.
### CAUSE OF ACTION - NEGLIGENCE PER SE
#### (THE AMTECK DEFENDANTS AND HASKELL)

7.1    Defendants' conduct in providing an unsafe workplace, improper training, instructions, and use of the subject scissor lift and failure to ensure the use of protective fall equipment was negligence per se. Defendant breached a duty imposed by law, including but not limited to Cal-OSHA and OSHA laws and regulations regarding the use and maintenance of the subject scissor lift and the training required for the operation of the subject scissor lift. Defendants' breach caused Plaintiffs' injuries and resulting damages.

## VIII.
### CAUSE OF ACTION: STRICT LIABILITY
#### (SNORKEL)

8.1    At all times material hereto the Snorkel was engaged in the business of manufacturing, assembling, marketing and/or selling aerial lifts to the public and did so with reference to the subject lift bearing at issue herein which is unreasonably dangerous and defective in its design

7

and as marketed. Snorkel is thus the "manufacturer" of the subject scaffold within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries and damages produced by its defects.

## IX.
### CAUSE OF ACTION: DEFECTIVE DESIGN
(SNORKEL)

9.1    The design of the subject lift was defective and unreasonably dangerous in that it did not incorporate available components to ensure proper stabilization once fully extended. The lack of these components rendered the subject lift unreasonably dangerous due to its propensity to overturn when fully extended. Likewise, the weight of the basket when fully loaded caused the subject lift to overturn when fully extended. Further, the subject lift was defective due to its inability to sustain, without overturning, normal and foreseeable vertical and horizontal loads which resulted from normal and foreseeable loading once fully extended.

9.2    The defective and unreasonably dangerous design of the subject lift was a producing and proximate cause of the injuries and damages sustained by the Salinas Plaintiffs.

### SAFER ALTERNATIVE DESIGN

9.3    A safer alternative design would have prevented or significantly reduced the risk of Plaintiff's injuries and damages, without impairing the subject lift's utility. These alternative designs include, but are not limited to a wider wheel base, alternative weight distribution, outriggers, and vertical locks which would prevent vertical extension unless outriggers were utilized. Furthermore, these safer alternative designs were both economically and technologically feasible at the time the product left control of Defendant by the application of existing or reasonably achievable scientific knowledge.

8

## X.
## CAUSE OF ACTION: MARKETING DEFECT
### (SNORKEL)

10.1   Both prior to and subsequent to the delivery of the subject lift, Defendant failed to adequately and properly instruct regarding proper use of the subject lift.  Defendant failed to give adequate and proper warnings and instructions regarding the dangers of the subject lift. Specifically, Defendant failed to provide accurate information regarding vertical and horizontal loading limits when fully extended.   Likewise, Defendant failed to provide proper warnings regarding the placement of the lift (parallel or perpendicular) in relation to materials and/or loads to be applied to the subject lift once fully extended.  The failure to give adequate and proper warnings and instructions rendered the subject lift defective and unreasonably dangerous as sold, which was a producing and proximate cause of the injuries and damages sustained by Plaintiffs.

## XI.
## CAUSE OF ACTION: NEGLIGENCE
### (SNORKEL)

11.1   Defendant through acts and/or omissions, negligently designed and marketed, and/or sold the subject lift.  At the time the subject lift was marketed and designed and sold, the subject lift was both defective in design and unreasonably dangerous.  The negligent acts and/or omissions were a proximate cause of the injuries and damages sustained by Plaintiffs.

## XII.
## CAUSE OF ACTION: GROSS NEGLIGENCE
### (U.S. TRADES, LLC)

12.1   Plaintiffs hereby bring this suit against US Trades under section 408.001(b) of the Texas Labor Code.

9

### XIII.
### WRONGFUL DEATH
### (ALL DEFENDANTS)

13.1    Plaintiff, JESSICA SALINAS, brings this action as the surviving spouse of Decedent,

JOSE MARTIN SALINAS. This action is brought by Plaintiff pursuant to Section 71.002-004

of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, and pursuant to the terms and provisions of

Section 71.021 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE. This action is also brought

under and pursuant to any and all other laws and legal entitlements, including but not limited to,

Texas common law.

13.2    Plaintiff, JESSICA SALINAS is the heir and statutory beneficiary of Decedent, JOSE

MARTIN SALINAS.

### XIV.
### GENERAL DAMAGES
### (All Defendants)

14.1    REYNALDO SALINAS incurred injuries, both physical and emotional, as a factual and

proximate result of this accident, and thus is eligible for compensation in the form of damages by

those at fault.  ISABEL SALINAS has suffered, and will continue to suffer the loss of her

husband's consortium, including but not limited to the loss of care, comfort, society, and love,

and the loss of contribution and support.

14.2    Decedent, JOSE MARTIN SALINAS also incurred damages.  These damages arose

between the time of injury and the time of death. The Decedent is represented by his wife, who

seeks recovery of damages on behalf of the Decedent's estate.

14.3    Plaintiff, JESSICA SALINAS, as heir or successor in interest of the Decedent, JOSE

MARTIN SALINAS, seeks recovery of damages due to loss she herself incurred as a result of

the Decedent's death. JESSICA SALINAS has suffered, and will continue to suffer the loss of

10

her husband's consortium, including but not limited to the loss of care, comfort, society, and love, and the loss of contribution and support.

14.4    Plaintiffs' damages include, but are not limited to, physical pain, mental anguish, limitation of activities, lost wages, and loss of earnings capacity. In reasonable probability, Plaintiffs will continue to suffer these damages and injuries in the future. Further, because of the nature and severity of the injuries he sustained, Plaintiff, REYNALDO SALINAS has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## XV.
### EXEMPLARY DAMAGES
### (All Defendants)

15.1    Plaintiffs seek exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7).

## XVI.
### PRE AND POST-JUDGMENT INTEREST
### (All Defendants)

16.1    Plaintiffs would additionally say and show they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

11

## XVII.
### REQUEST FOR DISCLOSURE
### (ALL DEFENDANTS)

17.1    Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**FARRAR & BALL, L.L.P.**

WESLEY TODD BALL
State Bar No. 24038754
Michael A. Hawash
State Bar No. 00792061
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone:    713.221.8300
Telecopier:    713.221.8301

ATTORNEYS FOR PLAINTIFFS

DATE    JAN 0 4 2008

A true copy I certify
LAURA HINOJOSA
District Clerk, Hidalgo County, Texas
By _____ Deputy

12

```
**?**************************************

****?**************************************

            STATE OF TEXAS
            COUNTY OF HIDALGO
BANK ACCT: F
RECEIPT NO. 158603
DATE 11/20/07
RECEIVED OF Farrar & Ball

PAYMENT METHOD: CK
TWO HUNDRED FIFTY FOUR & 00/100 DOLLARS

C-2750-07-H
```

PAID

NOV 2 0 2007

HIDALGO COUNTY
DIS.. CLERKS

```
CLERK  Civil New Filing Fee      50.00
SJFS.  JUDICIAL SUPPORT FEE       37.00
CLERK  CLERKS FEE                 50.00
LIB.D  LIBRARY FEE                30.00
STENO  STENO (GEN DENIAL)         15.00
CHS.D  COURTHOUSE SECURITY         5.00
RM.D   RECORDS MANAGEMENT          5.00
DRM.D  District Records Mgmt       5.00
AJSF   APPELLATE JUDICIAL SYSTEM   5.00
CIT.D  CITATION                   40.00
DCOVE  Overpayment                12.00
                              ============
            TOTAL CHGS $        254.00

    Comment: 2804
            LAURA HINOJOSA
            District Clerk
            by Msotuyo
```



**FILED**

AT_____O'CLOCK_____M

NOV 1 4 2007

LAURA HINOJOSA, CLERK
District Courts, Hidalgo County
By_____Deputy

November 13, 2007

***Via Overnight Delivery***
Hidalgo County District Clerk
Hidalgo County Courthouse
100 N. Closner Blvd.
Edinburg, TX 78539

Re:     Cause No.*C-2750-07-H; Reynaldo Salinas, et al v. Amteck of Texas, et al*; in the _____
        Judicial District of Hidalgo County, Texas

Dear Sir/Madame:

        Enclosed please find the following:

*       the original and 9 copies of ***Plaintiffs' Original Petition***; and
*       a firm check in the amount of $254.00 to cover the filing fee and preparation fee for
        the citations.

        Please issue citations on the Defendants as follows: AMTECK OF TEXAS; THE HASKELL
COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA; AMTECK OF KENTUCKY, INC.
d.b.a. KENTUCKY AMTECK, INC. (through the Texas Secretary of State), U.S. TRADES, LLC
(through the Texas Secretary of State), and SNORKEL INTERNATIONAL, INC. (through the Texas
Secretary of State).

        Please return all the citations, along with our file-stamped copy of the petition via overnight
delivery. I have enclosed a Federal Express ticket for your convenience.

        If you have any questions, please feel free to contact me.

                                        Sincerely,

                                        Darla K. Wallace
                                        Paralegal to Wesley T. Ball

/dkw
Enclosures

FedEx | Ship Manager | Label 7925978166626

Page 1 of 1



From: Origin ID:EDXA  (713)221-8300
Shauna Voorhies
Farrar & Ball LLP
1010 Lamar
Suite 1600
Houston, TX 77002

SHIP TO: (956)318-2660                    BILL SENDER
District Clerk
Hidalgo County
100 N CLOSNER BLVD

EDINBURG, TX 785393523

Ship Date: 13NOV07
ActWgt: 1 LB
System#: 9093887/INET7091
Account#: S ********

Delivery Address Bar Code

Ref #
Invoice #   Salinas
PO #
Dept #

TRK#       7925 9781 6626
0201

WED - 14NOV
PRIORITY OVERNIGHT

AA

XH-MFEA

HRL
TX-US
78539

Shipping Label: Your shipment is complete

1.  Use the 'Print' feature from your browser to send this page to your laser or inkjet printer.
2.  Fold the printed page along the horizontal line.
3.  Place label in shipping pouch and affix it to your shipment so that the barcode portion of the label can be read and scanned.

Warning: Use only the printed original label for shipping. Using a photocopy of this label for shipping purposes is fraudulent and could result in additional billing charges, along with the cancellation of your FedEx account number.

Use of this system constitutes your agreement to the service conditions in the current FedEx Service Guide, available on fedex.com. FedEx will not be responsible for any claim in excess of $100 per package, whether the result of loss, damage, delay, non-delivery, misdelivery, or misinformation, unless you declare a higher value, pay an additional charge, document your actual loss and file a timely claim. Limitations found in the current FedEx Service Guide apply. Your right to recover from FedEx for any loss, including intrinsic value of the package, loss of sales, income interest, profit, attorney's fees, costs, and other forms of damage whether direct, incidental, consequential, or special is limited to the greater of $100 or the authorized declared value. Recovery cannot exceed actual documented loss. Maximum for items of extraordinary value is $500, e.g. jewelry, precious metals, negotiable instruments and other items listed in our Service Guide. Written claims must be filed within strict time limits, see current FedEx Service Guide.

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

### Secretary of State

December 27, 2007

Amteck Of Kentucky Inc dba Kentucky Amteck
Inc
2421 Fortune Dr
Suite 150
Lexington, KY 40509

> **2008-144476-2**
> Include reference number in
> all correspondence

RE:  Reynaldo Salinas et al Vs Amteck of Texas et al
     389th Judicial District Court of Hidalgo County, Texas
     Cause No: C275007H

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on December 19, 2007.

CERTIFIED MAIL #71603901984976966021

Refer correspondence to:

Wesley Todd Ball
Farrar & Ball LLP Trial Attorneys
1010 Lamar
Suite 1600
Houston, TX 77002

Sincerely,

Helen Lupercio

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/vo
Enclosure

## C-2750-07-H

COPY

DISTRICT COURT, HIDALGO COUNTY, TEXAS 389TH JUDICIAL DISTRICT COURT OF TEXAS

### CITATION

REYNALDO SALINAS, ET.AL.

VS

AMTECK OF TEXAS, ET. AL.

THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued, You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

TO:  SECRETARY OF STATE          In turn to serve: AMTECK OF KENTUCKY, INC.
     P.O. BOX 12079               d/b/a KENTUCKY AMTECK, INC.
     AUSTIN, TEXAS 78711          2421 Fortune Dr., Suite 150
                                  Lexington, KY 40509

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 389th District Court of Hidalgo County, Texas at the Courthouse at 100 N. Closner, Edinburg, Texas 78539.

Said Petition was file on the 10th day of December , 2007 , and a copy of same accompanies this citation.

The file number and style of said suit being No. C-2750-07-H
REYNALDO SALINAS, ET. AL.
VS
AMTECK OF TEXAS, ET. AL.

Said Petition was filed in said court by WESLEY TODD BALL, ATTORNEY AT LAW
address: 1010 Lamar, Suite 1600, Houston, Texas 77002

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and Given under my hand and seal of said Court, at Edinburg, Texas this the 10th day of December, 2007 .

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

Deputy Clerk

**RECEIVED**
**SECRETARY OF STATE**

DEC 1 9 2007

**9:30 AM**
**CITATIONS UNIT**

144476 - 2

### OFFICER'S RETURN

Came to hand on the _____ day of _____, 2007 at _____ o'clock ___, M. and executed

in Hidalgo County, Texas by delivering to each of the within named defendants in person, a true copy of

this citation, upon which I endorsed the date of delivery to said defendant together with the accompanying

copy of the Plaintiffs' Original Petition and Request for Disclsoure at the following times and places, to - wit:

```
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
Name:                 : Date:              : Time:            : Place:
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -
```

and not executed as to the defendant, _____

the diligence used in finding said defendant, being: _____

and the cause of failure to execute this process is : _____

and the information received as to the whereabouts of said defendant, being: _____

_____, I actually and necessarily traveled _____ miles in the service of

this citation, in addition to any other mileage I may have traveled in the service of other process in the same

case during the same trip.

FEES: serving copy (s). . . . . . . $_____
       Mileage  . . . . . . . . . . .$_____

By: _____
        DEPUTY

**FILED**

AT_____ O'CLOCK _____M

NOV 1 4 2007

CAUSE NO. _C-2250-07-H_

| | | |
|---|---|---|
| REYNALDO SALINAS, ISABEL | § | IN THE DISTRICT COURT OF RENO NOTOSA, CLERK |
| SALINAS, AND JESSICA SALINAS, | § | District Courts, Hidalgo County |
| INDIVIDUALLY AND AS | § | By_____Deputy |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE MARTIN SALINAS | § | |
| *Plaintiff* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| AMTECK OF TEXAS, AMTECK OF | § | |
| KENTUCKY. INC. d.b.a. KENTUCKY | § | |
| AMTECK, INC., U.S. TRADES, LLC, | § | |
| HASKELL COMPANY d.b.a. THE | § | |
| HASKELL COMPANY OF FLORIDA | § | |
| AND SNORKEL INTERNATIONAL, | § | _381_ JUDICIAL DISTRICT |
| INC. | | |
| *Defendants* | | |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, REYNALDO SALINAS, ISABEL SALINAS, and JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS, complaining of Defendants, AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, THE HASKELL COMPANY D.B.A. THE HASKELL COMPANY OF FLORIDA, and SNORKEL INTERNATIONAL, INC. and files this Original Petition and for cause of action would respectfully show the following:

1

I.
DISCOVERY LEVEL

1.1    Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the
TEXAS RULES OF CIVIL PROCEDURE.

II.
PARTIES

2.1    Plaintiff, REYNALDO SALINAS, is a resident of the State of Texas.

2.2    Plaintiff, ISABEL SALINAS, is a resident of the State of Texas.

2.3    Plaintiff, JESSICA SALINAS, is a resident of the State of Texas.

2.4    Defendant, AMTECK OF TEXAS ("Amteck-Texas"), is a foreign limited liability
company who does business in Texas. Amteck-Texas may be served with citation through its
registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.5    Defendant, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC.
("Amteck-Kentucky"), is a business entity, form unknown. Amteck-Kentucky engages in
business in the State of Texas and does not maintain a place of regular business in the State of
Texas or a designated agent upon whom service of process may be made for causes of action out
of business done in this state. Amteck-Kentucky is required to maintain an agent for service of
process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code,
Defendant **AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. can be
served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol
Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to
AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. at its home office,
2421 Fortune Dr., Suite 150, Lexington, KY 40509.**

2.6    U.S. TRADES, LLC ("US Trades") is a limited liability company that engages in

2

business in the State of Texas and does not maintain place of regular business in the State of

Texas or a designated agent upon whom service of process may be made for causes of action out

of business done in this state. US Trades is required to maintain an agent for service of process.

Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **U.S.**

**TRADES, LLC can be served by serving the Secretary of the State of Texas via CMRRR at**

**State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the**

**petition with citation to U.S. TRADES, LLC, at its home office, 1304 Rose Garden Drive,**

**Metairie, LA 70005.**

2.7    THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA

("Haskell") is a foreign for-profit corporation and may be served with citation through its

registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.8    SNORKEL INTERNATIONAL, INC ("Snorkel") is a corporation that engages in

business in the State of Texas and does not maintain place of regular business in the State of

Texas or a designated agent upon whom service of process may be made for causes of action out

of business done in this state. Snorkel is required to maintain an agent for service of process.

Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant

**Snorkel International, Inc. can be served by serving the Secretary of the State of Texas via**

**CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy**

**of the petition with citation to Snorkel International, Attention Todd H. Bartles, 3101**

**Fredrick Ave., St. Joseph, MO 64506.**

3

## III.
### VENUE AND JURISDICTION

3.1    Venue is proper and maintainable in Hidalgo County, Texas, under the Texas Civil

Practice and Remedies Code as a substantial amount of the events and conditions concerning the

lawsuit occurred in Hidalgo County, including but not limited to the Amteck Defendants and

U.S. Trades recruiting Plaintiffs, Reynaldo Salinas and Jose Salinas for the subject employment.

3.2    Jurisdiction is proper because the amount in controversy exceeds the minimum

jurisdictional limits of this Court.

## IV.
### BACKGROUND FACTS

4.1    On June 16, 2006, Reynaldo Salinas and Jose Martin Salinas were working on a Snorkel

F1930 Lift ("subject scissor lift" or "scissor lift") at a job site in Napa (at a property owned by

Foster's Wine Estates) under the supervision and direction of Defendants. The Snorkel Lift was

leased to the Amteck Defendants by California High Reach & Equipment Rental, Inc.  At the

time of the incident, Reynaldo Salinas and Jose Martin Salinas were in the course and scope of

their required employment duties for their employer (US Trades). THE HASKELL COMPANY

d.b.a. THE HASKELL COMPANY OF FLORIDA was the general contractor at the time of the

underlying incident.

4.2    Defendants situated the Snorkel Lift parallel to a bundle of wire. Thereafter, Defendants

requested the Salinas Plaintiffs act as a human roller from atop the fully extended lift.  The

cables were being pulled from within by a mechanical tugger unit.  The manner in which they

were required to utilize the Snorkel Lift was improper.  Through no fault of Plaintiffs, one or all

of the cables became logged for reasons now unknown.  Once the cables became immovable, the

Snorkel Lift was tipped and pulled to the ground as a result of the force which continued to be

applied from below by the tugger unit. Because the lift was not properly positioned, used in a manner for which it was not intended, and the loads exceeded the vertical and horizontal limits, it overturned.

4.3    Defendants each failed to provide proper safety equipment, training, fall protection, helmet, and proper communication devices which would have enabled Reynaldo and Jose to warn of the fall danger. Defendants each failed to properly train, supervise, and provide a safe work site. In addition, Defendants were negligent in the leasing of, and use of, a scissor lift which was not within CAL OSHA and OSHA regulations.

4.4    As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the incident, Reynaldo Salinas sustained serious and permanent debilitating injuries including, but not limited to, a shattered hip, broken leg, ankle and spine. As a direct and proximate result of his injuries, Reynaldo Salinas has suffered loss of past and future earnings, loss of earning capacity, has incurred continuing medical expenses, and has and will suffer physical and emotional pain and suffering. As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the accident, Jose Martin Salinas was killed in this accident.

## V.
### CAUSE OF ACTION: NEGLIGENCE
### (THE AMTECK DEFENDANTS AND HASKELL)

5.1    The injuries and damages suffered by the Salinas Plaintiffs were proximately caused by Defendants' negligent acts. Defendants had the right to control the details of Plaintiffs' work and owed a duty to Plaintiffs to use ordinary care. On or before the occasion in question, Defendants committed the following acts and/or omissions of negligence, which were a proximate cause of the injuries sustained by Plaintiff:

5

(a)     Failing to provide a reasonably safe work place;

(b)     Failing to properly train employees, servants or agents in the safe manner in which to operate the subject scissor lift;

(c)     Failing to provide reasonably safe work equipment and safety equipment;

(d)     Failing to perform an inspection of its activities on a regular basis to detect unsafe operations;

(e)     Failing to furnish reasonably safe instrumentalities;

(f)     Failing to provide adequate safety supervision to avoid dangerous conditions at its premises and in conjunction with the use of the subject scissor lift;

(g)     Failing to follow safety rules and regulations for safe use of the subject scissor lift; and

(h)     Failing to provide the proper and necessary manpower to perform the assigned tasks.

5.2     Each of these acts and/or omissions, singularly or in combination with others, constituted negligence on the part of Defendants which proximately caused the incident and Plaintiffs' injuries and damages, as more fully set forth below.

## VI.
### CAUSE OF ACTION: PREMISE LIABILITY
### (HASKELL)

6.1     The Salinas Plaintiffs were the invitees of Haskell at the time each fell from the subject scissor lift. The Salinas Plaintiffs bring suit against Defendant on the ground of premise liability for the following:

1.     Haskell knew or reasonably should have known of the danger regarding its premises, specifically, the improperly installed, unreasonably dangerous, and defective scaffolding;

6

2.    Haskell did not provide and ensure the use of protective fall equipment to the Salinas Plaintiffs; and

3.    Haskell breached its duty of ordinary care owed to the Salinas Plaintiffs as an invitee in the following manners:

a.    failing to adequately warn of the defective condition of the scaffolding which gave way and caused his injures;

b.    failing to make the defective scaffolding and/or latent defective condition to its premises safe for use; and

c.    failing to conduct reasonably careful inspection of the premises to discover latent defects.

6.2    Haskell's failure to use care as described above was a producing and proximate cause of the Salinas Plaintiffs injuries and death of Jose Salinas described herein.

## VII.
### CAUSE OF ACTION - NEGLIGENCE PER SE
### (THE AMTECK DEFENDANTS AND HASKELL)

7.1    Defendants' conduct in providing an unsafe workplace, improper training, instructions, and use of the subject scissor lift and failure to ensure the use of protective fall equipment was negligence per se. Defendant breached a duty imposed by law, including but not limited to Cal-OSHA and OSHA laws and regulations regarding the use and maintenance of the subject scissor lift and the training required for the operation of the subject scissor lift. Defendants' breach caused Plaintiffs' injuries and resulting damages.

## VIII.
### CAUSE OF ACTION: STRICT LIABILITY
### (SNORKEL)

8.1    At all times material hereto the Snorkel was engaged in the business of manufacturing, assembling, marketing and/or selling aerial lifts to the public and did so with reference to the subject lift bearing at issue herein which is unreasonably dangerous and defective in its design

7

and as marketed. Snorkel is thus the "manufacturer" of the subject scaffold within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries and damages produced by its defects.

## IX.
## CAUSE OF ACTION: DEFECTIVE DESIGN
### (SNORKEL)

9.1    The design of the subject lift was defective and unreasonably dangerous in that it did not incorporate available components to ensure proper stabilization once fully extended. The lack of these components rendered the subject lift unreasonably dangerous due to its propensity to overturn when fully extended. Likewise, the weight of the basket when fully loaded caused the subject lift to overturn when fully extended. Further, the subject lift was defective due to its inability to sustain, without overturning, normal and foreseeable vertical and horizontal loads which resulted from normal and foreseeable loading once fully extended.

9.2    The defective and unreasonably dangerous design of the subject lift was a producing and proximate cause of the injuries and damages sustained by the Salinas Plaintiffs.

### SAFER ALTERNATIVE DESIGN

9.3    A safer alternative design would have prevented or significantly reduced the risk of Plaintiff's injuries and damages, without impairing the subject lift's utility. These alternative designs include, but are not limited to a wider wheel base, alternative weight distribution, outriggers, and vertical locks which would prevent vertical extension unless outriggers were utilized.    Furthermore, these safer alternative designs were both economically and technologically feasible at the time the product left control of Defendant by the application of existing or reasonably achievable scientific knowledge.

8

## X.
### CAUSE OF ACTION: MARKETING DEFECT
### (SNORKEL)

10.1    Both prior to and subsequent to the delivery of the subject lift, Defendant failed to

adequately and properly instruct regarding proper use of the subject lift. Defendant failed to give

adequate and proper warnings and instructions regarding the dangers of the subject lift.

Specifically, Defendant failed to provide accurate information regarding vertical and horizontal

loading limits when fully extended. Likewise, Defendant failed to provide proper warnings

regarding the placement of the lift (parallel or perpendicular) in relation to materials and/or loads

to be applied to the subject lift once fully extended. The failure to give adequate and proper

warnings and instructions rendered the subject lift defective and unreasonably dangerous as sold,

which was a producing and proximate cause of the injuries and damages sustained by Plaintiffs.

## XI.
### CAUSE OF ACTION: NEGLIGENCE
### (SNORKEL)

11.1    Defendant through acts and/or omissions, negligently designed and marketed, and/or sold

the subject lift. At the time the subject lift was marketed and designed and sold, the subject lift

was both defective in design and unreasonably dangerous. The negligent acts and/or omissions

were a proximate cause of the injuries and damages sustained by Plaintiffs.

## XII.
### CAUSE OF ACTION: GROSS NEGLIGENCE
### (U.S. TRADES, LLC)

12.1    Plaintiffs hereby bring this suit against US Trades under section 408.001(b) of the

Texas Labor Code.

9

## XIII.
### WRONGFUL DEATH
(ALL DEFENDANTS)

13.1    Plaintiff, JESSICA SALINAS, brings this action as the surviving spouse of Decedent, JOSE MARTIN SALINAS. This action is brought by Plaintiff pursuant to Section 71.002-004 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, and pursuant to the terms and provisions of Section 71.021 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE. This action is also brought under and pursuant to any and all other laws and legal entitlements, including but not limited to, Texas common law.

13.2    Plaintiff, JESSICA SALINAS is the heir and statutory beneficiary of Decedent, JOSE MARTIN SALINAS.

## XIV.
### GENERAL DAMAGES
(All Defendants)

14.1    REYNALDO SALINAS incurred injuries, both physical and emotional, as a factual and proximate result of this accident, and thus is eligible for compensation in the form of damages by those at fault. ISABEL SALINAS has suffered, and will continue to suffer the loss of her husband's consortium, including but not limited to the loss of care, comfort, society, and love, and the loss of contribution and support.

14.2    Decedent, JOSE MARTIN SALINAS also incurred damages. These damages arose between the time of injury and the time of death. The Decedent is represented by his wife, who seeks recovery of damages on behalf of the Decedent's estate.

14.3    Plaintiff, JESSICA SALINAS, as heir or successor in interest of the Decedent, JOSE MARTIN SALINAS, seeks recovery of damages due to loss she herself incurred as a result of the Decedent's death. JESSICA SALINAS has suffered, and will continue to suffer the loss of

her husband's consortium, including but not limited to the loss of care, comfort, society, and love, and the loss of contribution and support.

14.4    Plaintiffs' damages include, but are not limited to, physical pain, mental anguish, limitation of activities, lost wages, and loss of earnings capacity. In reasonable probability, Plaintiffs will continue to suffer these damages and injuries in the future. Further, because of the nature and severity of the injuries he sustained, Plaintiff, REYNALDO SALINAS has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## XV.
### EXEMPLARY DAMAGES
### (All Defendants)

15.1    Plaintiffs seek exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7).

## XVI.
### PRE AND POST-JUDGMENT INTEREST
### (All Defendants)

16.1    Plaintiffs would additionally say and show they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

11

## XVII.
### REQUEST FOR DISCLOSURE
(ALL DEFENDANTS)

17.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**FARRAR & BALL, L.L.P.**

WESLEY TODD BALL
State Bar No. 24038754
Michael A. Hawash
State Bar No. 00792061
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone:     713.221.8300
Telecopier:     713.221.8301

ATTORNEYS FOR PLAINTIFFS

12

EXHIBIT 3

Dbt f !8;19.dw.11114!!!!!Epdvn f ou2.4!!!!!!Gjrhe!120l9ß119!!!!!Qbhf !3!pg4

## AFFIDAVIT OF COREY BARD

STATE OF KENTUCKY  §
                         §
COUNTY OF FAYETTE  §

        BEFORE ME, the undersigned notary public, on this day personally appeared **COREY BARD**, who being by me duly sworn on his oath states:

        "My name is Corey Bard. I am the Controller for two companies: Amteck of Texas, LLC, a Texas limited liability company, and Amteck of Kentucky, Inc. I have held these positions since 2005. As such, I have personal knowledge of the facts stated herein."

        "Amteck of Kentucky, Inc. is an electrical contractor. It works in various parts of the country on jobs for which it bids. It participated in the Fosters Bottling project in California in the summer of 2006 at issue in this lawsuit. Amteck of Texas, LLC, however, has only been in existence since 2005. It has only operated on one work site in San Antonio, Texas. It has only had one employee, who was located in Texas, and has not functioned in construction since February 2006. It had no presence on the Fosters Bottling construction site, either in the form of property or personnel. It never employed the plaintiffs in this matter. It had no contractual relationship with Fosters Bottling or any party out on that project. It had nothing to do with the Fosters Bottling project and did not provide support of any type to the project."

        "Amteck of Kentucky, Inc., however, did work on the Fosters Bottling project, did have personnel on the project. The Salinas employees provided by US Trades, who are Plaintiffs in this lawsuit, were provided to Amteck of Kentucky, Inc., not to Amteck of

Texas, LLC. Amteck of Kentucky, Inc. bid for the Fosters Bottling project and was awarded the bid by Haskell Company. Amteck of Kentucky, Inc. was the only Amteck Company on the Fosters Bottling site."

·"I have seen no documents related to the Fosters Bottling project with Amteck of Texas, LLC's name on them, other than the Original Petition in this lawsuit, and do not know of any."

Further affiant sayeth not.

SIGNED this the _7th_ day of _January_, 2008.

_____
**COREY BARD**

SWORN AND SUBSCRIBED BEFORE ME on this the _7_th_ day of _January_, 2008

_____
Notary Public, State of _Kentucky_

Exhibit 4

CAUSE NO.  C-2750-07-H

| | | |
|---|---|---|
| **REYNALDO SALINAS, ISABEL** | § | **IN THE DISTRICT COURT OF** |
| **SALINAS, AND JESSICA SALINAS,** | § | |
| **INDIVIDUALLY AND AS** | § | |
| **REPRESENTATIVE OF THE ESTATE** | § | |
| **OF JOSE MARTIN SALINAS** | § | |
| | § | |
| **PLAINTIFFS** | § | |
| | § | |
| **VS.** | § | **HIDALGO COUNTY, TEXAS** |
| | § | |
| **AMTECK OF TEXAS, AMTECK OF** | § | |
| **KENTUCKY, INC. DBA KENTUCKY** | § | |
| **AMTECK, INC., U.S. TRADES, LLC,** | § | |
| **HASKELL COMPANY DBA THE** | § | |
| **HASKELL COMPANY OF FLORIDA** | § | |
| **SNORKEL INTERNATIONAL, INC.** | § | |
| | § | **389TH JUDICIAL DISTRICT** |
| **DEFENDANTS** | § | |

## NOTICE TO STATE COURT OF REMOVAL

PLEASE TAKE NOTICE that Defendant has filed its Notice of Removal in the United States District Court for the Southern District of Texas, McAllen Division, for removal of the action commenced by Plaintiffs in the 389th District Court of Hidalgo County, Texas.

Respectfully submitted,

Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400

ATTORNEY-IN-CHARGE FOR
DEFENDANT AMTECK OF
KENTUCKY, INC. DBA KENTUCKY
AMTECK, INC.

OF COUNSEL:

DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas  78403-2624
Telephone No.:  (361) 888-5551
Telecopier No.:  (361) 880-5618

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via **CERTIFIED U.S. MAIL/RETURN RECEIPT REQUESTED** to counsel listed below on this the ___ day of _____ 2008.

Wesley Todd Ball
Michael A. Hawash
1010 Lamar, Suite 1600
Houston, Texas 77002

Rebecca R. Kieschnick

2

Exhibit 5

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO SALINAS,  ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS<br><br>PLAINTIFFS<br><br>VS.<br><br>AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. DBA KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY DBA THE HASKELL COMPANY OF FLORIDA SNORKEL INTERNATIONAL, INC.<br><br>DEFENDANTS | § § § § § § § § § § § § § § § § § § § | CIVIL ACTION NO. 7:08-cv-00003 |

## NOTICE TO PLAINTIFFS OF REMOVAL

TO:   Plaintiffs and their attorneys, Wesley Todd Ball and Michael A. Hawash, 1010 Lamar, Suite 1600, Houston, Texas 77002:

PLEASE TAKE NOTICE that Defendant has filed its Notice of Removal in the United States District Court for the Southern District of Texas, McAllen Division, for removal of the action commenced by Plaintiffs in the 389th District Court of Hidalgo County, Texas.

A copy of the Notice of Removal is attached hereto and herewith served upon you.

Respectfully submitted,

/r/ Rebecca R. Kieschnick
Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400

ATTORNEY-IN-CHARGE FOR
DEFENDANT AMTECK OF
KENTUCKY, INC. DBA KENTUCKY
AMTECK, INC.

OF COUNSEL:

DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas  78403-2624
Telephone No.:  (361) 888-5551
Telecopier No.:  (361) 880-5618

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing
instrument has been sent via **ELECTRONIC NOTICE AND/OR CERTIFIED
U.S. MAIL/RETURN RECEIPT REQUESTED** to counsel listed below on this
the 8th day of January, 2008.

Wesley Todd Ball
Michael A. Hawash
1010 Lamar, Suite 1600
Houston, Texas 77002

/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick

2

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO SALINAS,  ISABEL | § | |
| SALINAS, AND JESSICA SALINAS, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVE OF THE ESTATE | § | |
| OF JOSE MARTIN SALINAS | § | |
| | § | |
| **PLAINTIFFS** | § | |
| | § | |
| VS. | § | CIVILACTIONNO.7:08-cv00003 |
| | § | |
| AMTECK OF TEXAS, AMTECK OF | § | |
| KENTUCKY, INC. DBA KENTUCKY | § | |
| AMTECK, INC., U.S. TRADES, LLC, | § | |
| HASKELL COMPANY DBA THE | § | |
| HASKELL COMPANY OF FLORIDA | § | |
| SNORKEL INTERNATIONAL, INC. | § | |
| | § | |
| **DEFENDANTS** | § | |

## INDEX OF DOCUMENTS FILED

1.   Defendants Amteck of Texas, Amteck of Kentucky, Inc. d/b/a Kentucky
     Amteck, Inc.'s Notice of Removal with copies of pertinent State Court
     pleadings as follows:

  2. State court documents
  a)      Index of Documents (not part of state court file)
  b)      Receipt for copies of file;
  c)      Civil Docket Sheet
  d)      Plaintiffs' Original Petition and Request for Disclosure
  e)      Receipt for filing fee
  f)      Correspondence to Clerk
  g)      Citation Served on Amteck of Kentucky, Inc. DBA Kentucky
          Amteck, Inc.

1

Dbt f !8;19. dw 11114!!!!!Epdvn f ou2.7!!!!!!Gjrhe!120190B119!!!!!Qbhf !3!pg4

2.    Affidavit of Corey Bard

3.    Notice to Plaintiff of Removal; and

4.    Notice to State court of Removal (without exhibit, consisting of the
      federal notice of removal)

5.    Index of Documents Filed

6.    List of Anticipated and Appearing Counsel of Record

Respectfully submitted,

/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400

ATTORNEY-IN-CHARGE FOR
DEFENDANT AMTECK OF
KENTUCKY, INC. DBA
KENTUCKY AMTECK, INC.

OF COUNSEL:

DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas 78403-2624
Telephone No.:  (361) 888-5551
Telecopier No.: (361) 880-5618

Dbt f !8;19.dw 11114!!!!!Epdvn f ou2.7!!!!!!Gjrhe!12019081191!!!!!Qbhf !4!pg4

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via **ELECTRONIC MEANS OR BY CERTIFIED U.S. MAIL/RETURN RECEIPT REQUESTED** to counsel listed below on this the 8th day of January, 2008.

Wesley Todd Ball
Michael A. Hawash
1010 Lamar, Suite 1600
Houston, Texas 77002

/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| REYNALDO SALINAS,  ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS | § § § § § § | |
| PLAINTIFFS | § § | |
| VS. | § § | CIVIL ACTION NO. 7:08cv00003 |
| AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. DBA KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY DBA THE HASKELL COMPANY OF FLORIDA SNORKEL INTERNATIONAL, INC. | § § § § § § § § | |
| DEFENDANTS | § | |

COUNSEL OF RECORD

(1)    Wesley Todd Ball
       State Bar No. 24038754
       Michael A. Hawash
       State Bar No. 00792061
       1010 Lamar, Suite 1600
       Houston, Texas 77002
       Telephone: (713) 221-8300
       Telecopier: (713) 221-8301

ATTORNEY FOR PLAINTIFFS

(2)    Rebecca R. Kieschnick
Federal ID No. 0352
State Bar No. 21566900
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400
DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Ste. 400
Corpus Christi, Texas 78478
Post Office Box 2624
Corpus Christi, Texas 78403-2624
Telephone No.: (361) 888-5551
Telecopier No.: (361) 880-5618

**ATTORNEYS FOR DEFENDANT AMTECK OF KENTUCKY, INC. DBA KENTUCKYAMTECK, INC.,**

3.    Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400
Rebecca R. Kieschnick
Federal ID No. 0352
State Bar No. 21566900
DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Ste. 400
Corpus Christi, Texas 78478
Post Office Box 2624
Corpus Christi, Texas 78403-2624
Telephone No.: (361) 888-5551
Telecopier No.: (361) 880-5618

**ATTORNEYS FOR DEFENDANTS AMTECK OF TEXAS AND HASKELL COMPANY DBA THE HASKELL COMPANY OF FLORIDA**

3.    Bryan Haynes
Federal I.D. No.
State Bar No. 09283520
Locke Lord Bissell & Liddell LLP
2200 Ross Avenue
Suite 2200

2

Dallas, Texas 75201
Telephone No.: (214) 740-8000
Telecopier No.: (214) 756-8554

**ATTORNEYS FOR DEFENDANT U.S. TRADES, L.L.C.**

4.    Tonya Beane Webber
      Federal I.D. No.
      State Bar No. 21042300
      Porter, Rogers, Dahlman & Gordon, P.C.
      One Shoreline Plaza
      800 N. Shoreline, Suite 800
      Corpus Christi, Texas 78401
      Telephone: (361) 880-5824
      Telecopier: (361-880-5844

      **ATTORNEYS FOR DEFENDANT SNORKEL INTERNATIONAL, INC.**

3

Respectfully submitted,


/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick
Federal I.D. No. 0352
State Bar No. 21566900
Sandra Sterba-Boatwright
Federal I.D. No. 6857
State Bar No. 19169400

ATTORNEY-IN-CHARGE FOR
DEFENDANT AMTECK OF
KENTUCKY, INC. DBA
KENTUCKY AMTECK, INC.

OF COUNSEL:

DONNELL, ABERNETHY & KIESCHNICK
555 No. Carancahua, Suite 400
Post Office Box 2624
Corpus Christi, Texas  78403-2624
Telephone No.:   (361) 888-5551
Telecopier No.:  (361) 880-5618

CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing instrument has been sent via **ELECTRONIC MEANS AND/OR CERTIFIED U.S. MAIL/RETURN RECEIPT REQUESTED** to counsel listed below on this the 8th day of January, 2008.


Wesley Todd Ball
Michael A. Hawash
1010 Lamar, Suite 1600
Houston, Texas 77002

/s/ Rebecca R. Kieschnick
Rebecca R. Kieschnick