DIEPENBROCK & COTTER, LLP
JOHN P. COTTER, State Bar No. 158783
ANTHONY R. ROSSMILLER, State Bar No. 215652
1545 River Park Drive, Suite 201
Sacramento, California 95815
Telephone: (916) 565-6222
Telecopier: (916) 565-6220

Attorneys for Defendants
AMTECK OF KENTUCKY, INC. and THE HASKELL COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO SALINAS, et al., | CASE NO. C 08-01463 MEJ |
| Plaintiffs, | **NOTICE OF NEED FOR ADR PHONE CONFERENCE** |
| vs. | |
| AMTECK OF TEXAS, et al., | |
| Defendants. | |

Counsel report that they have met and conferred regarding ADR and that they:

__x__ have not yet reached an agreement to an ADR process: Counsel for Defendants Amteck of Kentucky, Inc. and The Haskell Company have attempted to meet and confer with all parties regarding ADR. Attached hereto is defendants' meet-and-confer letter. Defendants the Haskell Company and Amteck of Kentucky, Inc. have informed all parties they are agreeable to private mediation of this matter.
    Also attached is a signed stipulation from counsel for defendant US Trades, who are likewise amenable to a private ADR process/ mediation which would occur prior to the presumptive deadline as outlined in the attached stipulation.
    Counsel for Amteck and Haskell also conferred with counsel for co-defendant Snorkel, Inc., Susan Foe. Ms. Foe stated that Snorkel Inc. has not yet answered the complaint pursuant to stipulation with plaintiff's counsel, pending the filing of an amended complaint by plaintiff naming a new party.
    Counsel for Amteck & Haskell did not receive a reply to their meet-and-confer from plaintiff's counsel.

NOTICE OF NEED FOR ADR
TELEPHONE CONFERENCE                 - 1 -             CASE NO. C 08-01463 MEJ

    \_\_\_\_ request an Early Settlement Conference with a Magistrate Judge

Date of Case Management Conference:    June 26, 2008

The following counsel have agreed to participate in the ADR phone conference:

| Name | Party Representing | Phone No. | E-Mail Address |
|---|---|---|---|
| John P. Cotter | Defs. Amteck & Haskell | (916) 565-6222 | jpc@diepenbrockcotter.com |
| Ronald D. Digesti | Def. US Trades | (415) 593-5700 | ronald_digesti@cmwlaw.net |

*Civil Local Rule 16-8 and ADR Local Rule 3-5 require that lead trial counsel participate in a telephone conference with a member of the ADR Legal Staff before the Case Management Conference. The ADR Unit (<u>adr@cand.uscourts.gov</u>) will notify you of the date and time of your phone conference.*

Dated:_____

                                        WESLEY TODD BALL
                                        FARRAR & BALL, LLP
                                        Attorneys for Plaintiffs

Dated: June 5, 2008                         /s/ ***John P. Cotter***

                                        JOHN P. COTTER
                                        ANTHONY R. ROSSMILLER
                                        DIEPENBROCK & COTTER, LLP
                                        Attorneys for Defendants
                                        AMTECK OF KENTUCKY and
                                        THE HASKELL COMPANY

1  Dated:_____
2                                                                  _____
                                                                   SUSAN FOE
                                                                   DRYDEN, MARGOLES, SCHIMANECK &
3                                                                  WERTZ
                                                                   Attorneys for Defendant
                                                                   SNORKEL, INC.
4

5

6

7

8  H:\DEEP SOUTH\Salinas\Pleadings\FEDERAL COURT\not-need-adr-conf.wpd

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

NOTICE OF NEED FOR ADR
TELEPHONE CONFERENCE                         - 3 -              CASE NO. C 08-01463 MEJ

The parties agree to hold the ADR session by:
    ____ the presumptive deadline *(The deadline is 90 days from the date of the order referring the case to an ADR process unless otherwise ordered.)*

    ____ other requested deadline _____

Dated: _____

                                          WESLEY TODD BALL
                                          Attorneys for Plaintiffs

Dated: 6/5/08

                                          ANTHONY R. ROSSMILLER  /JOHN P. COTTER
                                          Attorneys for Defendants
                                          AMTECK OF KENTUCKY and
                                          THE HASKELL COMPANY

Dated: _____

                                          TONYA BEANE WEBBER
                                          Attorneys for Defendant
                                          SNORKEL, INC.

Dated: June 05, 2008

                                          Ronald D. Digesti
                                          CALLAHAN McCUNE & WILLIS
                                          Attorneys for Defendant
                                          U.S. TRADES

Anthony C. Diepenbrock
John P. Cotter
Paul R. Cotter
Anthony R. Rossmiller
Mary L. Diepenbrock
Vera Y. Cha
Daniel L. Dees
Brian O'Connor

# DIEPENBROCK & COTTER, LLP

ATTORNEYS AT LAW
1545 RIVER PARK DRIVE, SUITE 201
SACRAMENTO, CALIFORNIA 95815
Telephone (916) 565-6222
Facsimile (916) 565-6220
www.diepenbrockcotter.com

SAN FRANCISCO AREA OFFICE
2010 Crow Canyon Place #100
San Ramon, California 94583
Tel (925) 824-3124
Fax (925) 886-2702

Writer's E-mail
arr@diepenbrockcotter.com

June 4, 2008

**VIA FACSIMILE AND U.S. MAIL**

Wesley Todd Ball
Michael A. Hawash
Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, TX 77002
Fax:   713-221-8301

Martyn "Marty" Collins
Callahan McCune & Willis, APLC
500 Sansome Street
San Francisco, CA 94111
Fax:   415-593-6984

Tonya Beane Webber
Porter Rogers Dahlman & Gordon. P.C.
One Shoreline Plaza
800 N. Shoreline, Suite 800
Corpus Christi, TX 78401
Fax:   361-880-5844

RE:   ***Salinas v. Amteck, et al.***
        USDC - Northern District of California Case No. C08-01463 MEJ

Dear Counsel:

Please allow this correspondence to serve as a meet-and-confer effort pursuant to the court's March 17, 2008 scheduling order on initial disclosures, ADR process and discovery pursuant to Rule 26(a)(1)(e):

All Counsel
Page 2
June 4, 2008

### DEFENDANTS AMTECK OF KENTUCKY AND THE HASKELL COMPANY'S PROPOSED DISCOVERY PLAN [FRCP RULE 26(a)(1)(e)]

(1) <u>Changes that should be made in the timing, form or requirement for disclosures under Rule 26 (a):</u> Defendants do not propose any change in the timing under Rule 26 and suggest that initial disclosures take place pursuant to Rule 26, subject to the following limitations set forth in subsection (2), below:

(2) <u>Subjects on Which Discovery May be Needed, When Discovery Should be Completed, and Whether Discovery Should be Conducted in Phases or Limited to or Focused Upon Particular Issues:</u> Defendants propose that written discovery needs to be propounded, and depositions need to be taken of plaintiffs.

Depositions will also likely need to be taken of the witnesses to the subject accident. Written discovery and/or depositions will also need to take place with regard to the persons most knowledgeable at US Trades, LLC and Snorkel, Inc.

Regarding limitations on discovery, defendants do not believe that phased discovery is needed at this time, but will, however, be seeking an order barring plaintiffs from repeating depositions already completed and prior written discovery with regard to defendants Haskell and Amteck as it is defendants' position that plaintiffs' counsel improperly dismissed their prior state action to avoid the imposition of discovery sanctions. Defendants will also seek an order for payment of prior litigation costs and fees as a result of said dismissal under Rule 41(d).

(3) <u>Issues Related to Disclosure or Discovery of Electronically Stored Information:</u> None anticipated at this time.

(4) <u>Issues Regarding Claims of Privilege or Protection as Trial Preparation Material:</u> None anticipated at this time.

(5) <u>Changes to be Made in the Limitations Imposed Upon Discovery Under The Rules of Civil Procedure/ Local Rules:</u> None anticipated at this time save for the subjects outlined in Section (2), *supra*.

(6) <u>Any Other Orders That Should be Entered by the Court Under Rule 26(c) or Under Rule 16(b) and (c):</u> None anticipated at this time.

All Counsel
Page 2
June 4, 2008

(7) <u>ADR Process</u>: Defendants are amenable to private mediation of the matter and will agree to a stipulation and order to mediation per Local Rule ADR 3-5.

I invite you to contact me to discuss any of the aforementioned at your convenience. Per Local Rule ADR 3-5 we must file a joint ADR certification by 6/5 with stipulation to ADR, or a Notice of Need for ADR conference. If anyone is not amenable to mediation, please advise so that a Notice of Need may be timely filed. I am enclosing the various forms mentioned above for your signatures if appropriate.

Thank you for your attention to the aforementioned.

Very truly yours,

DIEPENBROCK & COTTER, LLP

By: _____
ANTHONY R. ROSSMILLER