Timothy D. McMahon (State Bar No. 117024)
CORSILIA MCMAHON & ALLARD LLP
96 North Third Street, Suite 620
San Jose, California 95112
Telephone: (408) 298-7200

Michael Hawash (Admitted *Pro Hac Vice*)
FARRAR & BALL, LLP
1010 Lamar, Ste. 1600
Houston, Texas 77002
Telephone: (713) 221-8300
Facsimile: (713) 221-8301

*Attorneys for: Plaintiffs,*
*Reynaldo Salinas, Isabel Salinas,*
*And Jessica Salinas, Individually*
*And as Representative of the*
*Estate of Jose Martin Salinas*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| REYNALDO SALINAS, ET AL, <br><br> Plaintiffs, <br><br> vs. <br><br> AMTECK OF TEXAS, ET. AL., <br><br> Defendants. | Case No.: CV 08-01463 (PJH) <br><br> **PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS' MOTION FOR COSTS AND DISMISSAL** <br><br> Date:  July 23, 2008 <br> Time:  9:00 a.m. <br> Courtroom: 3 |

## I. INTRODUCTION

AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK and HASKELL COMPANY ("Defendants") request the District Court impose sanctions upon and/or dismiss Plaintiffs' case based on allegations of "patent forum-shopping" and for "attorney misconduct". Defendants' motion is based on speculation, half-truths, and outright misrepresentations. Defendants' motion ignores underlying facts, provides re-written accounts of the parties' past dealings, speculates as to Plaintiffs' intentions, and attempts to characterize Plaintiffs' choices as

malicious, rather than reasonable given the underlying facts of this particular case. In short, Defendants' motion is wrought with venom and appears to have been filed due to an unhealthy personal dislike for Plaintiffs' former lead counsel, Wesley Ball, rather than on any realistic interpretation of the facts or law applicable to this case.

Defendants' motion is fatally flawed in fact because it fails to account for the real reasons why the California state action was dismissed. In their motion, Defendants represent to the District Court that Plaintiffs intentionally dismissed the California state court action and re-filed in Texas federal court for the sole purpose of harassment and, thus, the imposition of sanctions in the form of court costs and attorney's fees should be awarded. However, Defendants conveniently fail to mention the true justification behind Plaintiffs' dismissal: (1) to add two Defendants, Snorkel International ("Snorkel") and US Trades, LLC ("US Trades"), both of whom were determined by Plaintiffs to be amenable to personal jurisdiction in Texas; and (2) Plaintiffs' desire to litigate in their home state forum, which became an available option with the addition of The Estate of Jose Salinas, deceased, as a claimant in this matter.

Defendants' motion is fatally flawed in law under the doctrine of collateral estoppel. The Napa Valley State Court issued its ruling at the state level concerning an imposition of court costs. Therefore, any additional argument at the federal level for the same relief is barred.

For all facts not apparent from the record and exhibits already filed, Plaintiffs attach the Affidavit of Wesley Todd Ball hereto as Exhibit A, and incorporate it herein as if fully set forth.

Plaintiffs file this Response in Opposition and respectfully show the District Court the following in support thereof.

## II. DEFENDANT'S WRONGFULLY ARGUE PLAINTIFFS ENGAGED IN FORUM SHOPPING AND COSTS SHOULD THEREFORE BE AWARDED.

### A. Forum shopping allegations are simply untrue.

It their motion, Defendants fail to mention the real reasons why Plaintiffs dismissed the state court action and refiled in Texas, as such would undermine their speculative argument that Plaintiffs engaged in forum shopping and/or oppressive litigation tactics. The reason for Plaintiffs' dismissal is two-fold. First, two Defendants were added to the Texas matter, US

Trades and Snorkel. At the time of the dismissal of the California action, Plaintiffs had evidence that both of these Defendants were amenable to jurisdiction in Texas. Snorkel maintains a principle office by and through its sales representative in Grapevine, Texas. US Trades recruited and hired both Jose and Reynaldo Salinas in Hidalgo, Texas. Second, with the later addition of the Estate of Jose Salinas – the decedent Plaintiff – venue for this matter became proper in Texas, the Plaintiffs' home state forum under Section 408.001(b) of the Texas Labor Code, a worker's compensation wrongful death statute. Once venue became proper as to Jose Salinas, it became proper for all Plaintiffs.

With the addition of two Defendants amenable to jurisdiction in Texas and the addition of the Estate of Jose Salinas, as well as the admitted desire of Plaintiffs to litigate this matter in their home state, the case was dismissed and refiled in Texas state court. Defendants exercised their right to remove the matter to federal court and sought to bring the action back to California. Although Plaintiffs disagree with the decision of the United States District Court for the Southern District of Texas to transfer the matter to California, Judge Hinojosa's ruling was after a contested hearing where Plaintiffs defended their reasoning for seeking the resolution of their claims in Texas.

To argue Plaintiffs' intended to forum shop, avoid any ruling regarding tangential matters, or dismissed and refiled for the purpose of harassment is simply untrue.

### B. Before Costs May Be Awarded Pursuant to Rule 41(d), Defendant Must Demonstrate *Same Claims, Same Defendants* and a *Federal Court* Dismissal pursuant to Rule 41(a)

Rule 41(d) of the Federal Rules of Procedure and *Hacopian v. United States Dept. of Labor*[1] make it clear that for the Court to exercise its discretion in awarding fees, the dismissed and re-filed case must involve the same parties and claims. The present case does not. In fact, as described above, the first California state action was dismissed because of the need to add additional parties and claims, which were proper in Texas due to known contacts that Snorkel and US Trades had with Texas. Since Plaintiffs' voluntary dismissal was performed so

---

[1] 709 F.2d 1295, 1296-97 (9th Cir. 1983).

additional parties and claims could be added, Rule 41(d) does not apply to this matter for the simple reason that the instant case involves different parties and different claims.

An additional reason why Rule 41 is not applicable here arises under principles of federalism. The first case was dismissed pursuant to state court rules of procedure; therefore, irrespective of whether this matter involves the same parties and claims, Rule 41 of the federal rules is not applicable. Defendants cite Rule 41(d) of the Federal Rules of Civil Procedure as support for its argument that costs incurred in the previously filed *state* matter should be awarded in this *federal* matter. In making such a request, Defendants have failed to distinguish between a dismissal at the state court level versus a dismissal pursuant to Rule 41(a) of the federal rules.

A prerequisite to the application of Rule 41(d) is a dismissal pursuant to Rule 41(a). Rule 41(d) concerns the imposition of costs against a Plaintiff following a voluntary dismissal based on FRCP 41(a). Defendants' cite two cases – *Lau*[2] and *Zucker*[3] – which concern voluntary dismissals pursuant to Rule 41(a) as the sole support for their interpretation of Rule 41(d). Both the *Lau* and *Zucker* case concerned dismissals pursuant to Rule 41(a) and are therefore clearly distinguishable from the instant case.

Without a FRCP 41(a) voluntary dismissal, the District Court is not permitted to impose costs via FRCP 41(d). Nonetheless, Defendants cite *Hacopian v. United States Dept. of Labor*[4] as additional support for its interpretation of Rule 41(d), that costs may be awarded by a federal court even though Plaintiffs dismissed a state court case. However, *Hacopian* too concerns a case dismissed and re-filed in federal court. Therefore, Rule 41(d) and *Hacopian* simply do not apply to the instant case. Accordingly, the District Court is not permitted to impose costs against Plaintiffs even assuming arguendo this case involved the same claims and parties.

C. **Prior Attorney's Fees Cannot Be Awarded as Costs Pursuant to Rule 41(d).**

In the unlikely event the District Court determines Rule 41 is applicable to the instant case, Rule 41(d) does not provide for an imposition of attorney's fees as costs. Defendants cite

---

[2] *Lau v. Glendora Unified School District,* 709 F.2d 1295, 1296-97 (9th Cir. 1983).
[3] *Zucker v. Katz,* 708 F.Supp. 525 (S.D.N.Y. 1989).
[4] 709 F.2d 1295, 1296-97 (9th Cir. 1983).

---

**RESPONSE IN OPPOSITION TO AMTECK AND HASKELL'S MOTION FOR COSTS AND DISMISSAL**
Page 4

*Lau v. Glendora Unified School District*[5] as the sole authority in support of their argument that attorney's fees from the previous litigation should be awarded.

*Lau* specifically declined to address the issue of imposing attorney's fees as costs pursuant to a Rule 41(a) dismissal. In declining to address whether attorney's fees could be awarded, the Court held the following:

> Consequently, it is appropriate under these circumstances to vacate the district court's judgment and remand the case with the instruction that the district court issue a new ruling on Lau's motion for a voluntary dismissal and provide Lau a reasonable period of time within which to refuse the conditional voluntary dismissal by withdrawing her motion for dismissal or to accept the dismissal despite the imposition of conditions.[6]

Therefore, assuming arguendo *Lau* did apply to the instant case, it nonetheless failed to hold that attorney's fees may be awarded as costs pursuant to a Rule 41(a) dismissal.

### D. 28 USC 1927 Does Not Support Sanctions For Dismissing a State Court Case and Refiling in Federal Court.

For sanctions to be levied pursuant to 28 USC section 1927 Defendants must demonstrate Plaintiffs and/or Plaintiffs' counsel intended to vexatiously and unreasonably multiply the proceedings in this case. As explained throughout this response, Plaintiffs exercised their lawful right to dismiss the subject state court action and re-file in their home state. They did so in order to properly join additional claims and defendants and to litigate this matter in their home forum. Neither Plaintiffs, nor Plaintiffs' counsel, proceeded with the dismissal of the subject state court action in an effort to vexatiously or unreasonable multiply proceedings.

### III. IMPOSITION OF COST HAS BEEN RULED UPON BY THE STATE COURT AND THUS COLLATERAL ESTOPPEL APPLIES HERE

Since the Napa Superior Court previously ruled on these very same issues raised in Defendants' Motion, the relief requested therein is barred by the doctrine of collateral estoppel. Under collateral estoppel, once a court has decided an issue of fact or law necessary to its

---

[5] 792 F.2d.929 (9th Cir. 1986).

judgment, that decision may preclude re-litigation of the issue in a suit involving a party to the first case. *See, Allen v. McCurry*, 449 U.S. 90, 94 (1980). As provided in Defendants' Motion, the Napa Superior Court of California issued a November 13, 2007 Order for $7,496.96 for costs and fees requested by Defendants pursuant to Plaintiffs' dismissal of their original state court matter. Moreover, by Defendants' admission, the relief sought in its currently pending motion before this District Court includes the same fees and costs as requested and ordered in the Napa Superior Court November 13, 2007 Order. Therefore, Defendants' Motion and requested relief therein is barred by the doctrine of collateral estoppel.

## IV.  CONCLUSION

For the forgoing reasons, Plaintiffs respectfully request that the District Court deny Defendants Amteck of Kentucky, Inc. and The Haskell Company's Motion for Assessment of Costs and Fees Against Plaintiffs in the Amount of $77,847.66 and For Stay Or Dismissal or Proceedings Pending Payment.

Dated: July 2, 2008

**FARRAR & BALL**

/s/ Michael Hawash

---
Michael Hawash, Esq.
Attorney for Plaintiffs

Dated: July 2, 2008

**CORSIGLIA MCMAHON & ALLARD**

/s/ Timothy D. McMahon

---
Timothy D. McMahon, Esq.
Attorney for Plaintiffs

---

[6] See Id at 933.

---

**RESPONSE IN OPPOSITION TO AMTECK AND HASKELL'S MOTION FOR COSTS AND DISMISSAL**
Page 6

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the above and forgoing document was sent via ELECTRONIC SERVICE (through ECF website) to the counsel listed below on July 2, 2008:

John P. Cotter
Anthony R. Rossmiller
DIEPENBROCK & COTTER, LLP
1545 River Park Drive, Ste. 201
Sacramento, CA 95815
T: (916) 565-6222
F: (916) 565-6220
*Attorneys for Defendant,*
*Amteck of Kentucky, Inc, and*
*The Haskell Company of Florida*

Ronald D. Digesti
Martyn "Marty" Collins
Peter M. Callahan
Callahan, McCune & Willis, APLC
500 Sansome Street, Suite 410
San Francisco, CA 94111
T: (415) 593-5700
F: (415) 593-6984
*Attorneys for Defendant,*
*U.S. Trades*

Frank E. Schimaneck
Susan E. Foe
Dryden, Margoles, Schimaneck & Wertz
505 Sansome St., Sixth Floor
San Francisco, CA 94111
T: (415) 362-6715
F: (415) 362-0638
*Attorneys for Defendant,*
*Snorkel International, Inc.*

I declare under penalty of perjury that the forgoing is true and correct.

/s/ Timothy D. McMahon
_____
TIMOTHY D. MCMAHON