1  DIEPENBROCK & COTTER, LLP
   JOHN P. COTTER, State Bar No. 158783
2  ANTHONY R. ROSSMILLER, State Bar No. 215652
   1545 River Park Drive, Suite 201
3  Sacramento, California 95815
   Telephone: (916) 565-6222
4  Telecopier: (916) 565-6220

5  Attorneys for Defendants
   AMTECK OF KENTUCKY, INC. and THE HASKELL COMPANY
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10

11  REYNALDO SALINAS, et al.,              )    CASE NO. C 08-01463 PJH
                                           )
12            Plaintiffs,                  )
                                           )
13  vs.                                    )    Date:        July 23, 2008
                                           )    Time:        9:00 a.m.
14  AMTECK OF TEXAS, et al.,               )    Courtroom:   3
                                           )
15            Defendants.                  )
    _____)
16

17

18

19       DEFENDANTS AMTECK OF KENTUCKY, INC. and THE HASKELL COMPANY'S REPLY
         BRIEF TO PLAINTIFFS' OPPOSITION TO MOTION FOR ASSESSMENT OF COSTS AND
20       FEES AGAINST PLAINTIFFS IN THE AMOUNT OF $77,847.66 AND FOR STAY OR
         DISMISSAL OF PROCEEDINGS PENDING PAYMENT
21

22

23

24

25

26

## I.  INTRODUCTION

Defendants AMTECK OF KENTUCKY, INC. and THE HASKELL COMPANY (hereinafter, "Amteck" and "Haskell")  respectfully present the following reply to plaintiff's opposition to their motion for assessment of costs and fees pursuant to Rule 41(d) of the Federal Rules of Civil Procedure, as follows:

Plaintiffs' opposition cites to no authority barring the imposition of Rule 41(d) sanctions in this matter. The imposition of Rule 41(d) sanctions are a legitimate exercise of the court's discretion in this case. Plaintiff presents the following arguments in support of its opposition: (1) That because the previously dismissed action was a state court action and because the parties/ claims are different in the instant action, Rule 41 sanctions should not apply; (2) That plaintiffs have not engaged in forum-shopping sufficient to trigger Rule 41 sanctions; (3) That prior attorneys' fees cannot be awarded as Rule 41(d) costs;  and (4) That collateral estoppel serves to bar the operation of Rule 41. These contentions ignore the plain language of Rule 41(d), the circumstances surrounding plaintiffs' dismissal of their state court action, and the authorities relied upon by defendants in filing the instant motion.

## II.  LEGAL AUTHORITIES/ RESPONSIVE ARGUMENT

A.   The Plain Language of Rule 41(d) and Case Law Supports the Imposition of Sanctions; Rule 41(d) Applies Notwithstanding Plaintiffs' Dismissal of a Prior State Court Action and Addition of New Parties.

    1.   The Prior State Court Dismissal Does Not Obviate The Imposition of Rule 41(d) Sanctions as Plaintiffs Suggest.

Plaintiffs' primary argument in opposition to defendants' request for Rule 41(d) sanctions is that Rule 41(d) should not apply because the plaintiffs' prior dismissal was at the state court level. Plaintiffs argue, "[t]he first case was dismissed pursuant to state court rules of procedure; therefore...Rule 41 of the federal rules is not applicable." (Plaintiff's Opposition to Motion for Rule 41(d) Sanctions, hereinafter, "POMS", Page 4, Lines 4-6). This statement is untrue and dismissive of the plain language of Rule 41(d), which provides, in relevant part:

*If a plaintiff who has once dismissed an action **in any court** commences an action **based upon** or **including the same claim against the same defendant**, the court may make such order for the payment of costs of the action previously dismissed as it may deem proper and may stay the proceedings in the action until the plaintiff has complied with the order.* (Federal Rule of Civ. Proc. 41(d), **Emphasis** *Added*).

The plain language of Rule 41(d) encompasses dismissals "in any court." There is no limitation on the imposition of Rule 41(d) sanctions, as plaintiffs argue, to cases that initially emanate in Federal Court. Plaintiffs take the stance in their opposition papers that "without a FRCP 41(a) voluntary dismissal, the District Court is not permitted to impose costs via FRCP 41(d)." (POMS Page 4, Lines 14-15). This is untrue. Case law clearly holds the opposite. For example, in <u>Siepel v. Bank of America, N.A.</u>, (E.D.Mo. 2006) 239 F.R.D. 558, 563, 571, the court granted Rule 41(d) sanctions in the amount of $71,972.79 in costs *and* $923,990.35 in attorneys' fees and expenses when plaintiffs filed cases, including state court class actions, against the defendant bank which were in turn voluntarily dismissed just before the class certification deadline. After the matter was re-filed in federal court and defendant bank brought a Rule 41(d) sanctions motion, the court reviewed the litigation tactics of plaintiffs. In reviewing the record, the court decided that plaintiffs had engaged in forum-shopping; that the defendant bank had been re-sued on the same claims in successive lawsuits, and, most importantly, that as a result the bank was entitled to recover both its attorneys' costs *and fees* from the prior litigation, including state court actions. Imposing nearly <u>one million dollars in prior attorneys' fees and expenses</u>, the court stated the basis for its ruling:

"*The record shows that Plaintiffs have filed numerous cases, voluntarily dismissed them in order to avoid court-imposed deadlines and unfavorable rulings, and reasserted the dismissed claims in this case.*" (Id. at 562, *emphasis added*.)

In this matter, plaintiffs failed to oppose defendants' legitimate discovery motion to avoid an unfavorable ruling which would have imposed monetary sanctions and serious limitations on further discovery by plaintiffs. The plaintiffs, like those in the <u>Siepel</u> case, have sought to avoid the California state court's rulings, filing for dismissal just before imposition of the court's tentative ruling. Subsequently, plaintiffs reasserted the dismissed claims against Amteck and Haskell. Good

cause therefore exists for Rule 41(d) sanctions as requested by defendants.

2.   The Addition of New Parties and Causes of Action to this Case Likewise Has No Bearing on the Court's Authority to Sanction Plaintiffs Under Rule 41(d).

Plaintiffs also take the improper stance in their opposition that because the current action contains new parties and claims that Rule 41(d) sanctions cannot be awarded to Haskell and Amteck. This assertion again ignores the statutory language of Rule 41(d). Rule 41(d) unambiguously  states that the court may exercise its authority to impose sanctions when *a plaintiff who has once dismissed an action in any court commences an action **based upon**  or **including the same claim against the same defendant***. (FRCP 41(d), *supra*). There is no mutually exclusive requirement, as plaintiffs suggest, for the exact same parties or exact same claims to be present in a subsequent lawsuit.  Esquivel v. Arau (C.D. CA 1996) 913 F.Supp.1382, previously cited in defendant's original moving papers,  is dispositive in this regard:

> *"Costs may be imposed under Rule 41(d) where the plaintiff has brought a second identical, or **nearly identical** claim and has requested identical, or nearly identical, relief. Young v. Dole, 1991 WL 158977 (E.D.N.Y.1991). Here, (plaintiff's) new action in the Central District incorporates all the claims previously brought...The only substantial change was the addition of claims for constructive fraud, invasion of privacy, commercial misappropriation, and unfair competition. In addition, the operative facts alleged are essentially the same. Thus, under the standard of Rule 41(d), plaintiff has "commence [d] an action based upon or including the same claim[s] [as brought in a previously dismissed action] against the same defendant." Fed.R.Civ.P. 41(d).FN8.*  (Id. at 1387, **Emphasis** added).

In this case, Haskell and Amteck remain defendants, just as they did in the prior case. The claims against them are identical as plaintiffs have sued Haskell and Amteck on theories of negligence and wrongful death arising out of the exact same incident that formed the bases for the state court actions filed by plaintiffs in California and Texas.  Rule 41(d) sanctions are therefore proper. Were plaintiff's stance accepted, Rule 41(d) would have no operative effect:  in the face of a pending adverse ruling, parties such plaintiff could simply dismiss their case, re-file their matter with a new cause or causes of action in a different jurisdiction, and claim immunity from the consequences of Rule 41(d). Taken at face value, plaintiff's position not only contradicts the intent

behind Rule 41(d) but also would usurp the court's legitimate exercise of its authority to impose

sanctions and prevent prejudice to innocent parties under Rule 41. As the <u>Esquivel</u> court stated,

> "*The language of Rule 41(d) clearly indicates that it conveys "broad discretion" on federal courts to order stays and payment of costs.... <u>United Transportation Union</u> <u>v. Maine Central Railroad Corp.</u>, 107 F.R.D. 391, 392 (D.Me.1985); <u>Wahl v. City of</u> <u>Wichita</u>, 701 F.Supp. 1530, 1533 (D.Kan.1988). Rule 41(d) is "intended to serve as a deterrent to forum shopping and vexatious litigation." <u>Simeone v. First Bank</u> <u>National Association</u>, 971 F.2d 103, 108 (8th Cir.1992).* (<u>Esquivel</u>, *supra*, 913 F.Supp. at 1386).

Defendants have been re-named in the subject litigation and sued on the same theories

arising out of the same accident. The current parties to the action and causes of action should

therefore have no bearing on the imposition of Rule 41(d) sanctions against plaintiffs .

B.    <u>Plaintiffs' Forum-Shopping to Explicitly Avoid An Adverse State Court Ruling Constitutes</u>
      <u>Good Cause for the Imposition of Rule 41(d) Sanctions.</u>

Plaintiffs deny that they engaged in forum-shopping in this case.  In addition, plaintiffs

claim that defendants' evidence that the dismissal of the prior California state action on the eve of a

discovery ruling is speculative and had nothing to do with why the complaint was dismissed.

Plaintiffs' brief is silent, however, to the timeline surrounding the state court dismissal and the

dearth of evidence indicating that plaintiffs dismissed their prior state court action for any reason

other than to avoid the state court's imposition of extensive discovery sanctions. The documentary

evidence and record supports this conclusion:

   *    It is undisputed that plaintiffs' counsel never filed an opposition to defendants' state
        court motion for discovery sanctions.

   *    It is likewise undisputed that plaintiffs never notified any party to the case that they
        were adding new parties to the action and, as a result were contemplating dismissal.

   *    It is further undisputed that plaintiffs dismissed the state court action on 10/29/07,
        the eve of a tentative ruling being issued on the state court discovery motion. (See
        Exhibit "4" to Defendant's Moving papers, *supra*.) Nowhere within plaintiffs' letter
        accompanying the dismissal is there any mention of an intention to add new parties
        to the action.  See also, Exhibits A and B to this reply.

The evidence supporting the improper dismissal on the eve of the discovery motion is

overwhelming.  Attached to this reply as Exhibits A and B are letters exchanged between counsel

1  prior to the hearing.  In these letters, plaintiffs' counsel Ball asks to continue the hearing date

2  because he is in trial but never mentions the fact that no opposition was filed.   As explained in

3  Exhibit B, defense counsel declined the request to continue the hearing because the opposition due

4  date had past, the plaintiff attorney had local counsel and the court would permit telephonic

5  appearances.   Plaintiffs' local counsel could have filed an opposition and appeared at a hearing.

6  Contrary to what plaintiffs may say, the timing of the dismissal in relation to the hearing date is

7  beyond suspicious.

8        With regard to forum shopping and jurisdictional games, it should be noted that following

9  the filing of this motion (this motion was filed on June 12), another complaint for the wrongful

10 death of Jose Martin Salinas was filed in Hildalgo County, Texas.  This complaint was filed on July

11 16, 2008.  Hildalgo County is where this action originated before it was removed and transferred.

12 The action was filed by the parents of decedent Jose Martin Salinas, both residents of Texas.

13 While the action was not filed by plaintiffs' counsel, examination of the complaint (Exhibit C to

14 this reply) indicates that it is virtually identical to the complaint filed by plaintiffs' counsel in this

15 action.  (See, Exhibit 8 to defendants' moving papers.)  Defendants will be removing the newest

16 complaint to federal court and asking that it be dismissed[1] or, in the alternate, transferred to this

17 court and consolidated with this case.  The recent filing of a complaint (Exhibit C) nearly identical

18 to the complaint in this action is again, suspicious.

19       Federal jurisprudence has routinely defined sanctionable forum-shopping to include

20 instances where a party dismisses an action to avoid an unfavorable ruling or outcome and

21 subsequently re-files, as plaintiffs have done in this case. See, e.g.,  Vaqueria Tres Monjitas, Inc. v.

22 Rivera Cubano, (D.Puerto Rico 2004), 341 F.Supp.2d 69, (reconsideration denied). In Vaqueria,

23 plaintiffs were faced with denial of their request for a preliminary injunction, as well as denial of

24  _____

25        [1]Where, as here, the decedent is survived by a spouse or child, the parents do not have a right to sue
for wrongful death in California.  See, California Code of Civil Procedure §377.6.  Additionally, the most
recently filed complaint (Exhibit C) violates California's "one action" rule with regard to wrongful death
26 complaints.

reconsideration, so they tactically dismissed the first action and re-filed their complaint. Plaintiffs also re-filed their motion for preliminary injunction, hoping that the court's random case assignment process would result in a more favorable judge. The court found that such conduct constituted blatant forum-shopping on the part of plaintiffs' counsel, warranting the imposition of sanctions. The court specifically found that plaintiffs' attorneys had purposefully abused the court's processes by using voluntary dismissal as loophole to circumvent an unfavorable ruling.

That plaintiffs in this case voluntarily dismissed their case is no bar to a finding in the instant motion that sanctions should be awarded as a result of plaintiffs' counsel's forum shopping and vexatious litigation conduct. See, e.g. Buller v. Owner-Operator Independent Driver Risk Retention Group, Inc., (S.D.Ill.2006), 461 F.Supp.2d 757, in which the court held that a voluntary dismissal of plaintiff's action did not remove the court's jurisdiction to award attorney fees and costs to defendant on motion for sanctions upon a showing that plaintiff had vexatiously multiplied the proceedings.

Rule 41(d) is designed primarily to prevent voluntary dismissals which unfairly affect the other side and to permit imposition of curative conditions. Alamance Industries, Inc. v. Filene's, (C.A.1 Mass. 1961) 291 F.2d 142. Plaintiffs have clearly engaged in forum-shopping in this case to avoid the consequences of their discovery abuses in California state court. The results of the forum shopping, as is well-documented in moving papers, have resulted in new state and federal court actions in Texas and California, all to defendants' detriment, by creating a duplicity of actions, and heightened expense. As a result, case law supports Rule 41(d) sanctions being levied against plaintiffs:

> "...the court should **_simply assess whether a plaintiff's conduct satisfies the requirements of Rule 41(d), and whether the circumstances of the case warrant an award of costs to prevent prejudice to the defendant_**. *Here, (plaintiff) has failed to present a persuasive explanation for the course of litigation described above, and it is clear that defendants have incurred needless expenditures as a result. Thus, an award under Rule 41(d) is appropriate*." (Esquivel, *supra*, 913 F.Supp. at 1388). (**_Emphasis_** added.)

C.      Attorneys' Fees Are Recoverable, and Should be Recovered in this Case Under Rule 41(d).

Plaintiff's opposition makes the misrepresentation that Haskell and Amteck have only cited to a single authority in support of their position that their attorneys fees and costs from the previous litigation should be awarded.  In actuality, defendants cited to a number of cases supporting their position, including Esquivel v. Arau, supra, (C.D. CA 1996) 913 F.Supp.1382, 1390-1392; Behrle v. Olshansky (W.D. AR 1991) 139 FRD 370, 373; Cadle Co. v. Beury (S.D. GA 2007) 242 FRD 695, 698 and  Lau v. Glendora Unified School District,  (9th Cir.1986) 792 F.2d 929, 931. These cases support defendant's argument that attorneys' fees are recoverable under Rule 41(d). Again, the Esquivel case is dispositive, especially considering that it took place within the 9th Circuit.  In its analysis of a defendant's Rule 41(d) motion, the Esquivel court considered the moving defendant's burden of preparing and filing pleadings in response to plaintiff's litigation conduct in light of a subsequent dismissal by plaintiff. In so doing, the  Esquivel court found that an award of attorneys fees and costs from the prior action was proper, because the court in which the original action was dismissed was rendered powerless to impose payment costs or fees as a result of said dismissal:

> ". . .  here, the defendant has undertaken to file a lengthy motion to dismiss. In such a case, the court hearing the first action does not have an opportunity to prevent possible prejudice to the defendant by conditioning dismissal on payment of costs and fees... Rule 41(d) permits the court hearing the second action to step in and assume that role by preventing the second litigation from proceeding until payment of costs and fees is made. Cf. White v. Telelect, Inc., (S.D. Miss. 1986) 109 F.R.D. 655 (holding that only where first court could have conditioned dismissal on costs award under Rule 41(a)(2) is there no need for second court to employ Rule 41(d))."
> (Esquivel, supra, at 1391, 1392).

The Esquivel court's analysis is particularly relevant to the instant action. Defendant's significant costs and attorney fees associated with the prior action and subsequent re-filling in Texas court directly emanates from plaintiff's litigation conduct and forum-shopping. Defendants' costs, including their attorneys' fees, should be paid by plaintiffs.  In Behrle v. Olshansky, supra, 139 FRD 370 the court examined at length the issue of whether "costs" recoverable under Rule 41(d) included attorneys' fees  and likewise found that attorneys' fees were recoverable:

"*Surely, Congress intended that that provision of the federal rules have some "teeth", and it simply has none, as is evidenced by the circumstances of this case, if the costs that would have been recoverable under Rule 54(d) are all that the defendant can receive for years of fruitless litigation. The court believes and finds that Congress must have intended when Rule 41(d) was adopted to give the court discretion to include reasonable attorney's fees in the "costs" that could be imposed.*" (Id. at 374).

Siepel v. Bank of America, N.A., (E.D.Mo. 2006) 239 F.R.D. 558, 563, 571, *cited supra* also holds that attorney fees are recoverable costs pursuant to Rule 41(d). Contrary to plaintiffs' suggestion, courts have likewise realized that courts have generally allowed the recovery of attorney's fees as part of the costs recoverable in a Rule 41(d) motion. Loubier v. Modern Acoustics, Inc. (D.Conn. 1998) 178 F.R.D. 17, 22 (citations). It is therefore apparent that plaintiffs' statement that attorney's fees "cannot be awarded as costs" under Rule 41(d) (POMS, Page 4, Lines 20-22) has no legal or factual basis and should be disregarded.

D.    No Authority Cited by Plaintiffs Supports the Theory That Collateral Estoppel Bars the Opearation of Rule 41.

Plaintiffs' opposition first argues that the requested Rule 41(d) sanctions *and* motion are barred by the doctrine of collateral estoppel because a judgment has been rendered regarding defendants' *costs* incurred in the California state court action. (POMS, Page 6, Lines 7-9). However, there is *no* authority cited to by plaintiffs indicating that the collateral estoppel doctrine in fact serves to preclude the instant Rule 41(d) sanctions motion in its entirety. This is because there are no such authorities. As set forth below, case law holds that application of the collateral estoppel doctrine as to the subject motion is without support, and would be unfair to defendants.

The opposition alternately argues that, at a minimum, moving defendants cannot claim the $7496.96 as their costs incurred in the California state court action because the state court judgment awarding said costs serves as collateral estoppel to the claim. (POMS, Page 6, Lines 2-8).

Both of plaintiffs' arguments ignore basic authority on the collateral estoppel doctrine. In actuality, Federal jurisprudence has consistently held that it is *inappropriate* to apply collateral estoppel when its effect would be unfair. See Parklane Hosiery Co. v. Shore (1979) 439 U.S. 322,

331, fn 15; <u>Segal v. American Telephone & Telegraph Co.</u> (9th Cir.1979) 606 F.2d 842, 845. The

application of collateral estoppel in this case would be manifestly unfair to Amteck and Haskell

because of the costs and fees they have been subjected to solely as a result of plaintiffs' litigation

conduct. Considering plaintiffs have not paid the California judgment against them, it would be

fundamentally unfair for plaintiffs to hide behind the doctrine of collateral estoppel to avoid

imposition of sanctions in this case.  Rule 41(d) exists to curb such abuses and should be employed

by the court in this case.

E.    <u>Sanctions Are Justified Under 28 USC §1927</u>

Contrary to what plaintiffs claim, the evidence submitted in support of this motion justified

the imposition of sanctions under 28 USC §1927 and Rule 41.

## III.  <u>CONCLUSION</u>

Defendants respectfully request that the court grant the instant motion and requested

sanction award in its entirety and stay the action pursuant to Rule 41(d).

DATED:        July 8, 2008                    DIEPENBROCK & COTTER, LLP


                                              */s/ John P. Cotter*
                              By:    _____
                                     JOHN P. COTTER
                                     ANTHONY R. ROSSMILLER
                                     Attorneys for Defendants
                                     AMTECK OF KENTUCKY, INC. and THE
                                     HASKELL COMPANY

1

<u>CERTIFICATE OF SERVICE</u>

2

I certify that a true and correct copy of the above and forgoing document was sent

3

via ELECTRONIC SERVICE (through ECF website) or UNITED PARCEL SERVICE to

4

the counsel listed below on July 9, 2008:

5

Wesley Todd Ball
Michael A. Hawash

6

Farrar & Ball LLP
1010 Lamar, Suite 1600

7

Houston, TX 77002
T: (713) 221-8300

8

F: (713) 221-8301
michael@fbtrial.com

9

10

Counsel for Plaintiffs
(By United Parcel Service only - not ECF registered for this case)

11

Timothy D. McMahon
Corsiglia McMahon & Allard LLP

12

96 North Third Street, Suite 620
San Jose Ca. 95112

13

T: (408) 298-7200
F:

14

tmcmahon@cmalaw.net

15

Counsel for Plaintiffs
(Served through ECF system)

16

17

Ronald D. Digesti, Esq.
Callahan, Mccune & Willis, APLC

18

500 Sansome Street. Suite 410
San Francisco, CA 94111

19

T: 415-593-5700
F: 415-593-6984

20

ronald_digesti@cmwlaw.net

21

Counsel for U.S. Trades
(Served through ECF system)

22

23

24

25

26

1  Frank Edward Schmaneck
   Dryden Margolis Schimaneck & Wertz
2  505 Sansome Street, Sixth Floor
   San Francisco, CA 94111
3  T: (415) 362-6715
   F: (415) 362-0638
4  feschimaneck@drydenlaw.com

5
   Counsel for Snorkel International, Inc.
6  (Served through ECF system)

7         I declare under penalty of perjury that the forgoing is true and correct.

8                                              /s/ John P. Cotter

9                                     _____
                                              JOHN P. COTTER
10

11  H:\DEEP SOUTH\Salinas\Pleadings\FEDERAL COURT\Rule 41 Motion\mot-costs-frcp41(2)-opp.wpd

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

# Exhibit A

Received:                                          Oct 22 2007 12:54pm
10/22/2007  14:52    71322'  91              FARRAR&BALL,L'                    PAGE  01/01



# FARRAR&BALL LLP
### TRIAL ATTORNEYS

Wesley Todd Ball | PARTNER
wes@fbtrial.com

October 22, 2007

***Via Facsimile (916) 565-6220***
Anthony C. Diepenbrock
Diepenbrock & Cotter, LLP
1545 River Park Drive, Ste. 201
Sacramento, CA 95815

     RE:   Cause No. 26-35179, *Raynaldo Salinas v. California High Reach, Inc.*

Mr. Diepenbrock:

    I will be in trial on November 11, 2007, the day Defendant AMTECK requested a hearing on its Motion for Protective Order. Will you agree to move the hearing as a result of my unavailability?

    I would appreciate an expedited response to this correspondence so that I may file the appropriate motion if needed.

               Regards,

               Wesley Todd Ball

WTB/dw

Exhibit B

# DIEPENBROCK & COTTER, LLP

Anthony C. Diepenbrock
John P. Cotter
Paul R. Cotter
Anthony R. Rossmiller
Kory S. Booth
Vera Y. Cha

ATTORNEYS AT LAW
1545 RIVER PARK DRIVE, SUITE 201
SACRAMENTO, CALIFORNIA 95815
Telephone (916) 565-6222
Facsimile (916) 565-6220
www.diepenbrockcotter.com

SAN FRANCISCO AREA OFFICE
2010 Crow Canyon Place #100
San Ramon, California 94583
Tel (925) 824-3124
Fax (925) 886-2702

Writer's E-mail
acd@diepenbrockcotter.com

October 23, 2007

**VIA FAX AND U.S. MAIL**

Wesley Todd Ball
Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, TX 77002

    RE:    *Salinas v. Amteck, et al.*

Dear Mr. Ball:

    I received your faxed letter of October 22, 2007 today.  Our Motion for Protective Order was filed with the Napa County Superior Court on October 2, 2007.  The hearing was scheduled for November 1. 2007 - more than 4 weeks later.  Yesterday afternoon you faxed a letter to me stating you would be in Trial on November 11th (obviously you meant November 1st) and wanted me to move the hearing date.  You stated that if I would not agree you would file "the appropriate motion."

    Normally, I would be amenable to continuing the hearing, however, your fax was received in our office after the time had passed for you to file an opposition to our Motion for Protective Order.  Furthermore, you have co-counsel in California who can appear at the hearing.  Lastly, the Napa County Superior Court will allow you to appear by telephone.

    In view of all of these circumstances, I cannot agree to continue the hearing date.

    Very truly yours,

    DIEPENBROCK & COTTER, LLP

By: _____
    ANTHONY C. DIEPENBROCK

ACD/gp

cc:  William Buranich, Esq.; Jeremy Feitz, Esq.

Exhibit C

CAUSE NO. C-1427-08 B

| | | |
|---|---|---|
| GERARDO SALINAS AND | § | IN THE DISTRICT COURT OF |
| ALEJANDRA SALINAS, | § | |
| INDIVIDUALLY AND AS | § | |
| REPRESENTATIVES OF THE | § | |
| ESTATE OF JOSE MARTIN SALINAS, | § | |
| *Plaintiffs,* | § | |
| | § | |
| VS. | § | HIDALGO COUNTY, TEXAS |
| | § | |
| AMTECK OF TEXAS, AMTECK OF | § | |
| KENTUCKY, INC. U.S.TRADES.LLC, | § | |
| HASKELL COMPANY d.b.a. THE | § | |
| HASKELL COMPANY OF FLORIDA | § | |
| AND SNORKEL INTERNATIONAL, | § | |
| INC., | § | JUDICIAL COURT |
| | § | |
| *Defendants.* | § | |

---

## PLAINTIFF'S ORIGINAL PETITION AND
## REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, GERARDO AND ALEJANDRA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS, complaining of Defendants, AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA, and SNORKEL INTERNATIONAL, INC. and file this original petition and for cause of action would respectfully show the following:

## I.

## Discovery Level

1.1    Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

## II.

## PARTIES

2.1    Plaintiff, GERARDO SALINAS, is a resident of the State of Texas.

2.2    Plaintiff, ALEJANDRA SALINAS, is a resident of the State of Texas.

2.3    Decedent, at the time of his death, was a resident of the State of California.

2.4    Defendant, AMTECK OF TEXAS ("Amteck-Texas"), is a foreign limited liability company who does business in Texas. **AMTEK-TEXAS may be served with citation through its registered agent, CT Corporation System, 350 N. St Paul Street, Dallas, TX 75201.**

2.5    Defendant, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., ("Amteck-Kentucky") is a business entity, form unknown. Amteck-Kentucky engages in business in the State of Texas and does not maintain a place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state.  Amteck-Kentucky is required to maintain an agent for service of process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant, **AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. at its home office, 2421 Fortune Dr., Suite 150, Lexington, KY 40509.**

2.6    U.S. TRADES, LLC ("US Trades") is a limited liability company that engages in business in the State of Texas and does not maintain a place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state. US Trades is required to maintain an agent for service of process.    Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **U.S. TRADES, LLC can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to U.S. TRADES, LLC, at its home office, 1304 Rose Garden Drive, Metairie, LA 70005.**

2.7    THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA ("Haskell") is a foreign for-profit corporation.    **THE HASKELL COMPANY may be served with citation through its registered agent, CT Corporation System, 350 N. St Paul Street, Dallas, TX 75201.**

2.8    SNORKEL INTERNATIONAL, INC. ("Snorkel") is a corporation that engages in business in the State of Texas and does not maintain place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state.    Snorkel is required to maintain an agent for service of process.    Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant, **SNORKEL INTERNATIONAL, INC. can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to Snorkel International, Attention Todd H. Bartles, 3101 Frederick Ave., St. Joseph, MO 64506.**

## III.

## VENUE AND JURISDICTION

3.1    Venue is proper and maintainable in Hidalgo County, Texas, under the Texas Civil Practice and Remedies Code as a substantial amount of the events and conditions concerning the lawsuit occurred in Hidalgo County, including but not limited to the Amteck Defendants, and U.S. Trades recruiting the Decedent Jose Martin Salinas for the subject employment and recruiting Reynaldo Salinas there as well..

3.2    Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.  Damages sought do not exceed the maximum jurisdictional amount of this Court, if any.

## IV.

## BACKGROUND FACTS

4.1    On June 16, 2006, Reynaldo Salinas and Jose Martin Salinas were working on a Snorkel F1930 Lift ("subject scissor lift" or scissor lift") at a job site in Napa (at a property owned by Foster's Wine Estates) under the supervision and direction of Defendants. The Snorkel Lift was leased to the Amteck Defendants, by California High Reach & Equipment Rental, Inc.   At the time of the incident, Reynaldo Salinas and Jose Martin Salinas were in the course and scope of their required employment duties for their employer (US Trades).  THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA was the general contractor at the time of the underlying incident.

4.2    Defendants situated the Snorkel Lift parallel to a bundle of wire.  Thereafter, Defendants requested Jose Martin Salinas and Reynaldo Salinas (sometimes jointly referred to as the Salinas Plaintiffs, although Reynaldo Salinas is not a party to this

lawsuit) act as a human roller from atop the fully extended lift. The cables were being pulled from within by a mechanical tugger unit. The manner in which they were required to utilize the Snorkel Lift was improper. Through no fault of the Salinas Plaintiffs, one or all of the cables became logged for reasons now unknown. Once the cables became immovable, the Snorkel Lift was tipped and pulled to the ground as a result of the force which continued to be applied from below by the tugger unit. Because the lift was not properly positioned, used in a manner for which it was not intended, and the loads exceeded the vertical and horizontal limits, it overturned.

4.3    Defendants each failed to provide proper safety equipment, training, fall protection, helmet, and proper communication devices which would have enabled Reynaldo and Jose to warn of the fall danger. Defendants each failed to properly train, supervise, and provide a safe work site. In addition, Defendants were negligent in the leasing of, and use of, a scissor lift which was not within CAL OSHA and OSHA regulations .

4.4    As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the incident, Reynaldo Salinas sustained serious and permanent debilitating injuries including, but not limited to, a shattered hip, broken leg, ankle and spine. As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the accident, Jose Martin Salinas was killed.

## V.

## CAUSE OF ACTION: NEGLIGENCE

### (THE AMTECK DEFENDANTS AND HASKELL)

5.1    The injuries and damages suffered by the Salinas Plaintiffs were proximately caused by Defendants' negligent acts.  Defendants had the right to control the details of Plaintiffs' work and owed a duty to Plaintiffs to use ordinary care.  On or before the occasion in question, Defendants committed the following acts and/or omissions of negligence, which were a proximate cause of the injuries, including death, sustained by Plaintiff.

    a)     Failing to provide a reasonably safe work place;

    b)     Failing to properly train employees, servants or agents in the safe manner in which to operate the subject scissor lift;

    c)     Failing to provide reasonably safe work equipment and safety equipment;

    d)     Failing to perform an inspection of its activities on a regular basis to detect unsafe operations;

    e)     Failing to furnish reasonably safe instrumentalities;

    f)     Failing to provide adequate safety supervision to avoid dangerous conditions at its premises and in conjunction with the use of the subject scissor lift; and

    h)     Failing to provide the proper and necessary manmpower to perform the assigned tasks.

5.2    Each of these acts and/or omissions, singularly or in combination with others, constituted negligence on the part of Defendants which proximately caused the incident and Salinas Plaintiffs' injuries and damages, as more fully set forth below.

## VI.

## CAUSE OF ACTION: PREMISE LIABILITY

### (Haskell)

6.1    The Salinas Plaintiffs were the invitees of Haskell at the time each fell from the subject scissor lift.  The Plaintiffs bring suit against Defendants on the ground of premise liability for the following:

      1.    Haskell knew or reasonably should have known of the danger regarding its premises, specifically, the improperly installed, unreasonably dangerous, and defective scaffolding;

      2.    Haskell did not provide and ensure the use of protective fall equipment to the Jose Martin Salinas; and

      3.    Haskell breached its duty of ordinary care owed to Jose Martin Salinas as an invitee in the following manners, among others:

            a.    failing to adequately warn of the defective condition of the scaffolding which gave way and caused his injuries;

            b.    failing to make the defective scaffolding and/or latent defective condition to its premises safe for use; and

            c.    failing to conduct reasonably careful inspection of the premises to discover latent defects.

6.2    Haskell's failure to use care as described above was a producing and proximate cause of the injuries and death of Jose Martin Salinas.

## VII.

## CAUSE OF ACTION:  NEGLIGENCE PER SE

### (the Amtek Defendants and Haskell)

7.1    Defendants' conduct in providing an unsafe workplace, improper training, instructions, and use of the subject scissor lift and failure to insure the use of

protective fall equipment was negligence per se. Defendant breeched a duty, imposed by law, including but not limited to Cal-OSHA and OSHA laws and regulations regarding the use and maintenance of the subject scissor lift. Defendants' breach caused Plaintiffs' injuries and resulting damages.

## VIII.

## CAUSE OF ACTION: STRICT LIABILITY

### (Snorkel)

8.1    At all times material hereto the Snorkel was engaged in the business of manufacturing, assembling, marketing and/or selling aerial lifts to the public and did so with reference to the subject lift bearing at issue herein which is unreasonably dangerous and defective in its design and as marketed. Snorkel is thus the "manufacturer" of the subject scaffold within the meaning of TEX, CIV, PRAC. & REM CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries and damages produced by its defects.

## IX.

## CAUSE OF ACTION: DEFECTIVE DESIGN

### (Snorkel)

9.1    The design of the subject lift was defective and unreasonably dangerous in that it did not incorporate available components to ensure proper stabilization once fully extended.    The lack of these components rendered the subject lift unreasonably dangerous due to its propensity to overturn when fully extended. Likewise, the weight of the basket when fully loaded caused the subject lift to overturn when fully extended. Further, the subject lift was defective due to its inability to sustain, without overturning, normal and foreseeable vertical and

horizontal loads which resulted from normal and foreseeable loading once fully extended.

9.2    The defective and unreasonably dangerous design of the subject lift was a producing and proximate cause of the injuries and damages, including death, of Jose Martin Salinas.

## SAFER ALTERNATIVE DESIGN

9.3    A safer alternative design would have prevented or significantly reduced the risk of Plaintiffs' injuries and damages, including the death of JOSE MARTIN SALINAS, without impairing the subject lift's utility.   These alternative designs include, but are not limited to, a wider wheel base alternative weight distribution, outriggers, and vertical locks which would prevent vertical extension unless outriggers were utilized.   Furthermore, these safer alternative designs were both economically and technologically feasible at the time the product left control of Defendant by the application of existing or reasonably achievable scientific knowledge.

## X.

## CAUSE OF ACTION: MARKETING DEFECT

### (Snorkel)

10.1   Both prior to and subsequent to the delivery of the subject lift, Defendant failed to adequately and properly instruct regarding proper use of the subject lift. Defendant failed to give adequate and proper warnings and instructions regarding the dangers of the subject lift.   Specifically, Defendant failed to provide accurate information regarding vertical and horizontal loading limits when fully extended. Likewise, Defendant failed to provide proper warnings regarding the placement of the lift (parallel or perpendicular) in relation to materials and/or loads to be applied to the subject lift once fully extended.   The failure to give adequate and proper warnings and instructions rendered and subject lift defective and unreasonably

dangerous as sold, which was a producing and proximate cause of the injuries and damages, including death, sustained by JOSE MARTIN SALINAS.

## XI.

## CAUSE OF ACTION: NEGLIGENCE

### (Snorkel)

11.1   Defendant through acts and/or omissions, negligently designed and marketed and/or sold the subject lift.  At the time the subject lift was marketed and designed and sold, the subject lift was both defective in design and unreasonably dangerous. The negligent acts and/or omissions were a proximate cause of the injuries and damages, including death, sustained by JOSE MARTIN SALINAS.

## XII.

## CAUSE OF ACTION:  GROSS NEGLIGENCE

### (U.S. Trades, L.L.C.)

12.1   Plaintiffs hereby bring this suit against US Trades under section 408.001(b) of the Texas Labor Code.

## XIII.

## WRONGFUL DEATH

### (All Defendants)

13.1  Plaintiffs, GERARDO AND ALEJANDRA SALINAS, bring this action as the parents of Decedent, JOSE MARTIN SALINAS.  This action is brought by Plaintiffs pursuant to Section 71.002-004 of the Texas Civil Practice and Remedies Code, and pursuant to the terms and provisions of Section 71.021 of the Texas Civil Practice and Remedies Code.  This action is also brought under and pursuant to any and all other laws and legal entitlements, including but not limited to, the Texas Civil Practice and Remedies Code and Texas common law.

13.2  Plaintiffs, GERARDO AND ALEJANDRA SALINAS, are the heirs and statutory beneficiaries of Decedent, JOSE MARTIN SALINAS.

## XIV.

## GENERAL DAMAGES

### (All Defendants)

14.1   Decedent, JOSE MARTIN SALINAS, incurred injuries, both physical and emotional, as a factual and proximate cause of this accident, and thus is eligible for compensation in the form of damages by those at fault.   The decedent incurred damages which arose between the time of injury and the time of death.   His damages included, but are not limited to, physical pain and mental anguish.   The decedent and his estate are represented by his parents, GERARDO AND ALEJANDRA SALINAS, who seek recovery of damages on behalf of the Decedent's estate.

14.2   GERARDO AND ALEJANDRA SALINAS have suffered, and will continue to suffer, the loss of their son's affection, care, comfort, society, and love, and the loss of contribution and support.

## XV.

## EXEMPLARY DAMAGES

### (All Defendants)

15.1   Plaintiffs seek exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions and gross negligence.   Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICE AND REMEDIES CODE, as defined by Section 41.001 (7).   Exemplary damages are sought pursuant to the common law and the TEXAS CIVIL PRACTICE AND REMEDIES CODE.

# XVI.

## PRE AND POST-JUDGMENT INTEREST

### (All Defendants)

16.1   Plaintiffs would additionally say and show they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

# XVII.

## CONDITIONS PRECEDENT

17.1   All conditions precedent to filing, maintaining, and prevailing with respect to this action have been performed, have occurred, or have been met.   If any condition precedent has not occurred, been performed, or been met, such has been excused.

17.2   All conditions precedent to entry of judgment in favor of Plaintiffs have been performed, have occurred, or have been met.

# XVIII.

## REQUEST FOR DISCLOSURE

### (All Defendants)

18.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rul 1094.2 within fifty (50) days of the service of this request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs have judgment against Defendants, jointly and severally that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended,

that they recover interest, gboth pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

**THE GARCIA-WILLIAMS LAW FIRM**

David K. Williams
Attorney-in-Charge
State Bar No. 21524300
e-mail: dkw002@aol.com
Felipe Garcia, Jr.

201 East University Avenue
Edinburg, Texas 78539
(956) 212-8415 DKW Mobile - Preferred
(956) 386-1900  Office
(956) 386-1922  Facsimile

**ATTORNEYS FOR PLAINTIFFS**