PETER M. CALLAHAN, ESQ. (SBN 44937)
RONALD D. DIGESTI, ESQ. (SBN 129051)
LEEH A. DiBELLO, ESQ. (SBN 214349)
ANNA C. GEHRIGER, ESQ. (SBN 248484)
**CALLAHAN, McCUNE & WILLIS, APLC**
500 Sansome Street, Suite 410
San Francisco, CA 94111
Tel:    (415) 593-5700
Fax:   (415) 593-6984
E-Mail: ronald_digesti@cmwlaw.net

Attorneys for Defendant,
**U.S. TRADES, LLC**

UNITED STATES DISTRICT COURT

IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| REYNALDO SALINAS, ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS,<br><br>Plaintiffs,<br><br>vs.<br><br>AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA, SNORKEL INTERNATIONAL, INC.<br><br>Defendants. | Case No.: 3:08-cv-01463 PJH<br>JUDGE: Hon. Phyllis J. Hamilton<br>DEPARTMENT: 3<br>COMPLAINT DATE: 3/17/08<br><br>**DECLARATION OF RONALD D. DIGESTI IN SUPPORT OF DEFENDANT U.S. TRADES, LLC'S MOTION TO DISMISS**<br><br>DATE:    August 20, 2008<br>TIME:    9:00 a.m.<br>DEPT:    3<br><br>DISCOVERY CUT OFF:    NONE<br>MOTION CUT OFF:        NONE<br>MSC DATE:                     NONE<br>TRIAL DATE:                  NONE |

I, RONALD D. DIGESTI, ESQ., do declare and state as follows:

1.    I am an attorney at law, duly licensed to practice in all courts of the State of California and admitted to practice in the above-entitled Court.

2.    I am employed by the law firm of Callahan, McCune & Willis, APLC, attorneys of record for Defendant U.S. TRADES,.LLC (hereinafter, "UST"). I have personal knowledge of the facts set forth herein below and if called as a witness could and would testify competently thereto.

3. Attached hereto as Exhibit "A" is a true and correct copy of plaintiffs' Original Petition and Request for Disclosure ("Complaint").

4. Moving party UST's insurance carrier, The Hartford, is also the insurance carrier for UST's Workers' Compensation insurance.

5. Undersigned counsel and his associate have spoken with counsel for The Hartford's Workers' Compensation insurance, Harvey Goldhammer, who has indicated an intent to file a Notice of Lien for reimbursement of Workers' Compensation benefits paid relating to plaintiff Reynaldo Salinas and decedent Jose Salinas.

6. This will result in the paradoxical situation of The Hartford as both defendant UST's carrier as well as the Workers' Compensation carrier for UST, each role having different and competing interests.

7. We have provided overwhelming authority for the granting of this motion. The expected Notice of Lien is an additional reason why this motion should be granted.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 11th day of July, 2008, at San Jose, California.



RONALD D. DIGESTI

G:\ActiveCases\HAR\080013Salinas\PROC\MotionToDismissUSTP-Decl-RDD.doc

---

- 2 -                                        3:08-cv-01463 PJH
DECLARATION OF RONALD D. DIGESTI IN SUPPORT OF DEFENDANT U.S. TRADES, LLC'S MOTION TO DISMISS

```
                                                              FILED
                                                         AT_____O'CLOCK____M

            CAUSE NO C-2750-07-H                           NOV 1 4 2007
```

| | | |
|---|---|---|
| REYNALDO SALINAS, ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS<br>*Plaintiff* | § § § § § § § § | IN THE DISTRICT COURT OF LAURA HINOJOSA, CLERK<br>District Courts, Hidalgo County<br>By_____Deputy |
| VS. | § § | HIDALGO COUNTY, TEXAS |
| AMTECK OF TEXAS, AMTECK OF KENTUCKY. INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA AND SNORKEL INTERNATIONAL, INC.<br>*Defendants* | § § § § § § § § | 389 JUDICIAL DISTRICT |

---

### PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE

---

TO THE HONORABLE JUDGE OF SAID COURT:

COME NOW, Plaintiffs, REYNALDO SALINAS, ISABEL SALINAS, and JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS, complaining of Defendants, AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, THE HASKELL COMPANY D.B.A. THE HASKELL COMPANY OF FLORIDA, and SNORKEL INTERNATIONAL, INC. and files this Original Petition and for cause of action would respectfully show the following:

1

Exhibit "A"

# The State of Texas



Citations Unit
P.O. Box 12079
Austin, Texas 78711-2079

Phone: 512-463-5560
Fax: 512-463-0873
TTY (800) 735-2989
www.sos.state.tx.us

Secretary of State

December 27, 2007

Amteck Of Kentucky Inc dba Kentucky Amteck
Inc
2421 Fortune Dr
Suite 150
Lexington, KY 40509

> 2008-144476-2
> Include reference number in
> all correspondence

RE: Reynaldo Salinas et al Vs Amteck of Texas et al
389th Judicial District Court of Hidalgo County, Texas
Cause No: C275007H

Dear Sir/Madam,

Pursuant to the Laws of Texas, we forward herewith by CERTIFIED MAIL, return receipt requested, a copy of process received by the Secretary of State of the State of Texas on December 19, 2007.

CERTIFIED MAIL #71603901984976966021

Refer correspondence to:

Wesley Todd Ball
Farrar & Ball LLP Trial Attorneys
1010 Lamar
Suite 1600
Houston, TX 77002

Sincerely,

*Helen Lupercio*

Helen Lupercio
Team Leader, Citations Unit
Statutory Documents Section

hl/vo
Enclosure

C-2750-07-H

COPY

DISTRICT COURT, HIDALGO COUNTY, TEXAS 389TH JUDICIAL DISTRICT COURT OF TEXAS

## CITATION

REYNALDO SALINAS, ET.AL.
VS
AMTECK OF TEXAS, ET. AL.

### THE STATE OF TEXAS

NOTICE TO DEFENDANT: You have been sued, You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 o'clock a.m. on the Monday next following the expiration of twenty (20) days after you were served with this citation and petition, a default judgment may be taken against you.

TO:  SECRETARY OF STATE
P.O. BOX 12079
AUSTIN, TEXAS 78711

In turn to serve: AMTECK OF KENTUCKY, INC.
d/b/a KENTUCKY AMTECK, INC.
2421 Fortune Dr., Suite 150
Lexington, KY  40509

You are hereby commanded to appear by filing a written answer to the PLAINTIFFS' ORIGINAL PETITION AND REQUEST FOR DISCLOSURE on or before 10:00 o'clock a.m. on the Monday next after the expiration of twenty (20) days after the date of service hereof, before the Honorable 389th District Court of Hidalgo County, Texas at the Courthouse at 100 N. Closner, Edinburg, Texas 78539.

Said Petition was file on the 10th day of December, 2007, and a copy of same accompanies this citation.

The file number and style of said suit being No. C-2750-07-H
REYNALDO SALINAS, ET. AL.
VS
AMTECK OF TEXAS, ET. AL.

Said Petition was filed in said court by WESLEY TODD BALL, ATTORNEY AT LAW
address: 1010 Lamar, Suite 1600, Houston, Texas 77002

The nature of the demand is fully shown by a true and correct copy of the petition accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and Given under my hand and seal of said Court, at Edinburg, Texas this the 10th day of December, 2007.

LAURA HINOJOSA, DISTRICT CLERK
HIDALGO COUNTY, TEXAS

_____
Deputy Clerk

RECEIVED
SECRETARY OF STATE

DEC 19 2007

9:30 AM
CITATIONS UNIT

144476 -2

## OFFICER'S RETURN

Came to hand on the _____ day of _____, 2007 at _____ o'clock ___. M. and executed in Hidalgo County, Texas by delivering to each of the within named defendants in person, a true copy of this citation, upon which I endorsed the date of delivery to said defendant together with the accompanying copy of the Plaintiffs' Original Petition and Request for Disclsoure at the following times and places, to - wit:

------------------------------------------------------------------------

Name:            : Date:              : Time:            : Place:

------------------------------------------------------------------------

and not executed as to the defendant, _____

the diligence used in finding said defendant, being: _____

and the cause of failure to execute this process is : _____

and the information received as to the whereabouts of said defendant, being: _____

_____, I actually and necessarily traveled _____ miles in the service of this citation, in addition to any other mileage I may have traveled in the service of other process in the same case during the same trip.

FEES: serving copy (s)....... $_____
          Mileage ............$_____

                                    By: _____
                                           DEPUTY

I.
### DISCOVERY LEVEL

1.1   Plaintiffs intend to conduct discovery in this matter under Level 3 of Rule 190 of the TEXAS RULES OF CIVIL PROCEDURE.

II.
### PARTIES

2.1   Plaintiff, REYNALDO SALINAS, is a resident of the State of Texas.

2.2   Plaintiff, ISABEL SALINAS, is a resident of the State of Texas.

2.3   Plaintiff, JESSICA SALINAS, is a resident of the State of Texas.

2.4   Defendant, AMTECK OF TEXAS ("Amteck-Texas"), is a foreign limited liability company who does business in Texas. Amteck-Texas may be served with citation through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.5   Defendant, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. ("Amteck-Kentucky"), is a business entity, form unknown. Amteck-Kentucky engages in business in the State of Texas and does not maintain a place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state. Amteck-Kentucky is required to maintain an agent for service of process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC. at its home office, 2421 Fortune Dr., Suite 150, Lexington, KY 40509.**

2.6   U.S. TRADES, LLC ("US Trades") is a limited liability company that engages in

business in the State of Texas and does not maintain place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state. US Trades is required to maintain an agent for service of process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **U.S. TRADES, LLC can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to U.S. TRADES, LLC, at its home office, 1304 Rose Garden Drive, Metairie, LA 70005.**

2.7   THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA ("Haskell") is a foreign for-profit corporation and may be served with citation through its registered agent, CT Corporation System, 350 N. St. Paul Street, Dallas, TX 75201.

2.8   SNORKEL INTERNATIONAL, INC ("Snorkel") is a corporation that engages in business in the State of Texas and does not maintain place of regular business in the State of Texas or a designated agent upon whom service of process may be made for causes of action out of business done in this state. Snorkel is required to maintain an agent for service of process. Therefore, pursuant to Section 17.044, Texas Civil Practice and Remedies Code, Defendant **Snorkel International, Inc. can be served by serving the Secretary of the State of Texas via CMRRR at State Capitol, Capitol Station, Austin, Texas 78711, who shall forward a copy of the petition with citation to Snorkel International, Attention Todd H. Bartles, 3101 Fredrick Ave., St. Joseph, MO 64506.**

## III.
### VENUE AND JURISDICTION

3.1    Venue is proper and maintainable in Hidalgo County, Texas, under the Texas Civil Practice and Remedies Code as a substantial amount of the events and conditions concerning the lawsuit occurred in Hidalgo County, including but not limited to the Amteck Defendants and U.S. Trades recruiting Plaintiffs, Reynaldo Salinas and Jose Salinas for the subject employment.

3.2    Jurisdiction is proper because the amount in controversy exceeds the minimum jurisdictional limits of this Court.

## IV.
### BACKGROUND FACTS

4.1    On June 16, 2006, Reynaldo Salinas and Jose Martin Salinas were working on a Snorkel F1930 Lift ("subject scissor lift" or "scissor lift") at a job site in Napa (at a property owned by Foster's Wine Estates) under the supervision and direction of Defendants. The Snorkel Lift was leased to the Amteck Defendants by California High Reach & Equipment Rental, Inc. At the time of the incident, Reynaldo Salinas and Jose Martin Salinas were in the course and scope of their required employment duties for their employer (US Trades). THE HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA was the general contractor at the time of the underlying incident.

4.2    Defendants situated the Snorkel Lift parallel to a bundle of wire. Thereafter, Defendants requested the Salinas Plaintiffs act as a human roller from atop the fully extended lift. The cables were being pulled from within by a mechanical tugger unit. The manner in which they were required to utilize the Snorkel Lift was improper. Through no fault of Plaintiffs, one or all of the cables became logged for reasons now unknown. Once the cables became immovable, the Snorkel Lift was tipped and pulled to the ground as a result of the force which continued to be

applied from below by the tugger unit. Because the lift was not properly positioned, used in a manner for which it was not intended, and the loads exceeded the vertical and horizontal limits, it overturned.

4.3   Defendants each failed to provide proper safety equipment, training, fall protection, helmet, and proper communication devices which would have enabled Reynaldo and Jose to warn of the fall danger. Defendants each failed to properly train, supervise, and provide a safe work site. In addition, Defendants were negligent in the leasing of, and use of, a scissor lift which was not within CAL OSHA and OSHA regulations.

4.4   As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the incident, Reynaldo Salinas sustained serious and permanent debilitating injuries including, but not limited to, a shattered hip, broken leg, ankle and spine. As a direct and proximate result of his injuries, Reynaldo Salinas has suffered loss of past and future earnings, loss of earning capacity, has incurred continuing medical expenses, and has and will suffer physical and emotional pain and suffering. As a direct and proximate result of the Defendants' negligence, which were themselves the cause of the accident, Jose Martin Salinas was killed in this accident.

## V.
## CAUSE OF ACTION: NEGLIGENCE
### (THE AMTECK DEFENDANTS AND HASKELL)

5.1   The injuries and damages suffered by the Salinas Plaintiffs were proximately caused by Defendants' negligent acts. Defendants had the right to control the details of Plaintiffs' work and owed a duty to Plaintiffs to use ordinary care. On or before the occasion in question, Defendants committed the following acts and/or omissions of negligence, which were a proximate cause of the injuries sustained by Plaintiff:

(a) Failing to provide a reasonably safe work place;

(b) Failing to properly train employees, servants or agents in the safe manner in which to operate the subject scissor lift;

(c) Failing to provide reasonably safe work equipment and safety equipment;

(d) Failing to perform an inspection of its activities on a regular basis to detect unsafe operations;

(e) Failing to furnish reasonably safe instrumentalities;

(f) Failing to provide adequate safety supervision to avoid dangerous conditions at its premises and in conjunction with the use of the subject scissor lift;

(g) Failing to follow safety rules and regulations for safe use of the subject scissor lift; and

(h) Failing to provide the proper and necessary manpower to perform the assigned tasks.

5.2  Each of these acts and/or omissions, singularly or in combination with others, constituted negligence on the part of Defendants which proximately caused the incident and Plaintiffs' injuries and damages, as more fully set forth below.

## VI.
### CAUSE OF ACTION: PREMISE LIABILITY
### (HASKELL)

6.1  The Salinas Plaintiffs were the invitees of Haskell at the time each fell from the subject scissor lift. The Salinas Plaintiffs bring suit against Defendant on the ground of premise liability for the following:

1. Haskell knew or reasonably should have known of the danger regarding its premises, specifically, the improperly installed, unreasonably dangerous, and defective scaffolding;

  2. Haskell did not provide and ensure the use of protective fall equipment to the Salinas Plaintiffs; and

  3. Haskell breached its duty of ordinary care owed to the Salinas Plaintiffs as an invitee in the following manners:

    a. failing to adequately warn of the defective condition of the scaffolding which gave way and caused his injures;

    b. failing to make the defective scaffolding and/or latent defective condition to its premises safe for use; and

    c. failing to conduct reasonably careful inspection of the premises to discover latent defects.

6.2 Haskell's failure to use care as described above was a producing and proximate cause of the Salinas Plaintiffs injuries and death of Jose Salinas described herein.

## VII.
## CAUSE OF ACTION - NEGLIGENCE PER SE
### (THE AMTECK DEFENDANTS AND HASKELL)

7.1 Defendants' conduct in providing an unsafe workplace, improper training, instructions, and use of the subject scissor lift and failure to ensure the use of protective fall equipment was negligence per se. Defendant breached a duty imposed by law, including but not limited to Cal-OSHA and OSHA laws and regulations regarding the use and maintenance of the subject scissor lift and the training required for the operation of the subject scissor lift. Defendants' breach caused Plaintiffs' injuries and resulting damages.

## VIII.
## CAUSE OF ACTION: STRICT LIABILITY
### (SNORKEL)

8.1 At all times material hereto the Snorkel was engaged in the business of manufacturing, assembling, marketing and/or selling aerial lifts to the public and did so with reference to the subject lift bearing at issue herein which is unreasonably dangerous and defective in its design

7

and as marketed. Snorkel is thus the "manufacturer" of the subject scaffold within the meaning of TEX. CIV. PRAC. & REM. CODE § 82.001(4), and is liable under the doctrine of strict products liability in tort for injuries and damages produced by its defects.

## IX.
### CAUSE OF ACTION: DEFECTIVE DESIGN
### (SNORKEL)

9.1   The design of the subject lift was defective and unreasonably dangerous in that it did not incorporate available components to ensure proper stabilization once fully extended. The lack of these components rendered the subject lift unreasonably dangerous due to its propensity to overturn when fully extended. Likewise, the weight of the basket when fully loaded caused the subject lift to overturn when fully extended. Further, the subject lift was defective due to its inability to sustain, without overturning, normal and foreseeable vertical and horizontal loads which resulted from normal and foreseeable loading once fully extended.

9.2   The defective and unreasonably dangerous design of the subject lift was a producing and proximate cause of the injuries and damages sustained by the Salinas Plaintiffs.

### SAFER ALTERNATIVE DESIGN

9.3   A safer alternative design would have prevented or significantly reduced the risk of Plaintiff's injuries and damages, without impairing the subject lift's utility. These alternative designs include, but are not limited to a wider wheel base, alternative weight distribution, outriggers, and vertical locks which would prevent vertical extension unless outriggers were utilized. Furthermore, these safer alternative designs were both economically and technologically feasible at the time the product left control of Defendant by the application of existing or reasonably achievable scientific knowledge.

8

## X.
### CAUSE OF ACTION: MARKETING DEFECT
### (SNORKEL)

10.1   Both prior to and subsequent to the delivery of the subject lift, Defendant failed to adequately and properly instruct regarding proper use of the subject lift. Defendant failed to give adequate and proper warnings and instructions regarding the dangers of the subject lift. Specifically, Defendant failed to provide accurate information regarding vertical and horizontal loading limits when fully extended. Likewise, Defendant failed to provide proper warnings regarding the placement of the lift (parallel or perpendicular) in relation to materials and/or loads to be applied to the subject lift once fully extended. The failure to give adequate and proper warnings and instructions rendered the subject lift defective and unreasonably dangerous as sold, which was a producing and proximate cause of the injuries and damages sustained by Plaintiffs.

## XI.
### CAUSE OF ACTION: NEGLIGENCE
### (SNORKEL)

11.1   Defendant through acts and/or omissions, negligently designed and marketed, and/or sold the subject lift. At the time the subject lift was marketed and designed and sold, the subject lift was both defective in design and unreasonably dangerous. The negligent acts and/or omissions were a proximate cause of the injuries and damages sustained by Plaintiffs.

## XII.
### CAUSE OF ACTION: GROSS NEGLIGENCE
### (U.S. TRADES, LLC)

12.1   Plaintiffs hereby bring this suit against US Trades under section 408.001(b) of the Texas Labor Code.

9

## XIII.
## WRONGFUL DEATH
## (ALL DEFENDANTS)

13.1  Plaintiff, JESSICA SALINAS, brings this action as the surviving spouse of Decedent, JOSE MARTIN SALINAS. This action is brought by Plaintiff pursuant to Section 71.002-004 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, and pursuant to the terms and provisions of Section 71.021 of the TEXAS CIVIL PRACTICES AND REMEDIES CODE. This action is also brought under and pursuant to any and all other laws and legal entitlements, including but not limited to, Texas common law.

13.2  Plaintiff, JESSICA SALINAS is the heir and statutory beneficiary of Decedent, JOSE MARTIN SALINAS.

## XIV.
## GENERAL DAMAGES
## (All Defendants)

14.1  REYNALDO SALINAS incurred injuries, both physical and emotional, as a factual and proximate result of this accident, and thus is eligible for compensation in the form of damages by those at fault. ISABEL SALINAS has suffered, and will continue to suffer the loss of her husband's consortium, including but not limited to the loss of care, comfort, society, and love, and the loss of contribution and support.

14.2  Decedent, JOSE MARTIN SALINAS also incurred damages. These damages arose between the time of injury and the time of death. The Decedent is represented by his wife, who seeks recovery of damages on behalf of the Decedent's estate.

14.3  Plaintiff, JESSICA SALINAS, as heir or successor in interest of the Decedent, JOSE MARTIN SALINAS, seeks recovery of damages due to loss she herself incurred as a result of the Decedent's death. JESSICA SALINAS has suffered, and will continue to suffer the loss of

her husband's consortium, including but not limited to the loss of care, comfort, society, and love, and the loss of contribution and support.

14.4    Plaintiffs' damages include, but are not limited to, physical pain, mental anguish, limitation of activities, lost wages, and loss of earnings capacity. In reasonable probability, Plaintiffs will continue to suffer these damages and injuries in the future. Further, because of the nature and severity of the injuries he sustained, Plaintiff, REYNALDO SALINAS has required medical treatment in the past and, in reasonable probability, will require other and additional treatment in the future. Charges for such medical treatment that have been made in the past and those which will in reasonable probability be made in the future have been and will be reasonable charges made necessary by the occurrence in question.

## XV.
### EXEMPLARY DAMAGES
### (All Defendants)

15.1    Plaintiffs seek exemplary damages caused by Defendants' malice, gross negligence and willful acts, omissions and gross negligence. Exemplary damages are sought under Section 41.003(a)(2) of the TEXAS CIVIL PRACTICES AND REMEDIES CODE, as defined by Section 41.001(7).

## XVI.
### PRE AND POST-JUDGMENT INTEREST
### (All Defendants)

16.1    Plaintiffs would additionally say and show they are entitled to recovery of pre-judgment and post-judgment interest in accordance with law and equity as part of their damages herein, and Plaintiffs here and now sue for recovery of pre-judgment and post-judgment interest as provided by law and equity, under the applicable provision of the laws of the State of Texas.

## XVII.
### REQUEST FOR DISCLOSURE
### (ALL DEFENDANTS)

17.1   Pursuant to Rule 194 of the Texas Rules of Civil Procedure, Defendants are requested to disclose the information and material described in Rule 194.2 within fifty (50) days of the service of this request.

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that Defendants be cited to appear and answer and that, upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, that they recover costs of Court herein expended, that they recover interest, both pre- and post-judgment to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled.

Respectfully submitted,

FARRAR & BALL, L.L.P.

_____
WESLEY TODD BALL
State Bar No. 24038754
Michael A. Hawash
State Bar No. 00792061
1010 Lamar, Suite 1600
Houston, Texas 77002
Telephone:   713.221.8300
Telecopier:   713.221.8301

ATTORNEYS FOR PLAINTIFFS

**PROOF OF SERVICE**

STATE OF CALIFORNIA      )
                         )
COUNTY OF SAN FRANCISCO  )

I am employed in the County of San Francisco, State of California, I am over the age of 18 years and not a party to the within action; my business address is 500 Sansome Street, Suite 410, San Francisco, California.

On this date, I served the foregoing document described as:

**DEFENDANT U.S. TRADES, LLC's NOTICE OF MOTION AND MOTION TO DISMISS; MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT THEREOF; DECLARATION OF RONALD D. DIGESTI IN SUPPORT OF DEFENDANT U.S. TRADES, LLC'S MOTION TO DISMISS; and [PROPOSED] ORDER GRANTING MOTION TO DISMISS**

Said document was served on the interested party or parties in this action by placing a true copy thereof, enclosed in a sealed envelope, and addressed as noted below.

SEE ATTACHED SERVICE LIST

I am familiar with our firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at San Francisco, California in the ordinary course of business. I am aware that on motion of the party served, service is presumed invalid if the postal cancellation date or postage meter date is more than one working day after the date of deposit for mailing in this declaration.

__X__ **(BY MAIL)** I deposited such envelope in the mail at San Francisco, California. The envelope was mailed with postage thereon fully prepaid.

__X__ **(EMAIL/PACER/ECF)** I caused all of the pages of the above-entitled document(s) to be sent to the recipient(s) noted above via ECF/PACER and email pursuant to General Order 45 *(as to registered users only)*.

__X__ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

Executed on July 11, 2008, at San Francisco, California.

I declare under penalty of perjury under the laws of the State of California that the above is true and correct. I further declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

_____
Patricia Inabnet

- 1 -

PROOF OF SERVICE

| | | |
|---|---|---|
| 1 | **SERVICE LIST** | |
| 2 | Case Name: *Reynaldo Salinas v. Amteck of Texas, et al.* | |
| | Court: USDC, Northern District of California, San Francisco Division | |
| 3 | Case Number: 3:08-cv-01463 PJH | |

| | | |
|---|---|---|
| 4 | Wesley T. Ball, Esq. (TSBN 24038754) | Attorneys for Plaintiffs |
| | Michael A. Hawash, Esq. (TSBN 00792061) | |
| 5 | FARRAR & BALL, LLP | |
| 6 | 1010 Lamar, Suite 1600 | |
| | Houston, TX 77002 | |
| 7 | Tel: (713) 221-8300 | |
| | Fax: (713) 221-8301 | |
| 8 | E-Mail: michael@fbtrial.com | |
| 9 | | |
| | Timothy D. McMahon, Esq. (SBN 117024) | |
| 10 | CORSIGLIA, McMAHON & ALLARD | |
| | 96 N. 3rd St., #620 | |
| 11 | San Jose, CA 95112 | |
| | Tel: (408) 289-1417 | |
| 12 | Fax: (408) 289-8127 | |
| 13 | E-Mail: tmcmahon@cmalaw.net | |
| 14 | John P. Cotter, Esq. | Attorneys for Defendants |
| | Anthony C. Diepenbrock, Esq. | AMTECK & HASKELL |
| 15 | DIEPENBROCK & COTTER LLP | |
| 16 | 1545 River Park Drive, Suite 201 | |
| | Sacramento, CA 95815 | |
| 17 | Tel: (916) 565-6222 | |
| | Telecopier: (916) 565-6220 | |
| 18 | Fax: | |
| 19 | E-Mail: jpc@diepenbrockcotter.com, | td@diepenbrockcotter.com, |
| | arr@diepenbrockcotter.com, | geraldine@diepenbrockcotter.com |
| 20 | maryp@diepenbrockcotter.com | |
| 21 | Tonya Beane Webber, Esq. | Attorneys for Defendant |
| | PORTER, ROGERS, DAHLMAN | SNORKEL INTERNATIONAL, INC. |
| 22 | & GORDON, PC | |
| 23 | One Shoreline Plaza, Suite 800 | |
| | 800 N. Shoreline | |
| 24 | Corpus Christi, TX 78401 | |
| | Tel: | |
| 25 | Fax: | |
| 26 | E-Mail: | |
| 27 | Bryan Haynes, Esq. (TSBN 09283520) | Co-Counsel for Defendant |
| | C. Don Clayton, Esq. (TSBN 24027932) | U.S. TRADES, LLC |
| 28 | Jason R. Marlin, Esq. (TSBN 2405098) | |

- 2 -

PROOF OF SERVICE

| | |
|---|---|
| 1 | LOCKE LORD BISSELL & LIDDELL, LLP |
| 2 | 2200 Ross Avenue., Suite 2200<br>Dallas, TX 75201 |
| 3 | Tel:  (214) 740-8000<br>Fax:  (214) 740-8800 |
| 4 | E-Mail:  bhaynes@lockelord.com |
| 5 | |
| 6 | |
| 7 | |
| 8 | |
| 9 | |
| 10 | |
| 11 | |
| 12 | |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |
| 27 | |
| 28 | |

PROOF OF SERVICE