PETER M. CALLAHAN, ESQ. (SBN 44937)
RONALD D. DIGESTI, ESQ. (SBN 129051)
LEEH A. DiBELLO, ESQ. (SBN 214349)
ANNA C. GEHRIGER, ESQ. (SBN 248484)
**CALLAHAN, McCUNE & WILLIS, APLC**
500 Sansome Street, Suite 410
San Francisco, CA 94111
Tel:    (415) 593-5700
Fax:    (415) 593-6984
E-Mail: ronald_digesti@cmwlaw.net

Attorneys for Defendant,
**U.S. TRADES, LLC**

# UNITED STATES DISTRICT COURT

## IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| REYNALDO SALINAS, ISABEL SALINAS, AND JESSICA SALINAS, INDIVIDUALLY AND AS REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS,<br><br>Plaintiffs,<br><br>vs.<br><br>AMTECK OF TEXAS, AMTECK OF KENTUCKY, INC. d.b.a. KENTUCKY AMTECK, INC., U.S. TRADES, LLC, HASKELL COMPANY d.b.a. THE HASKELL COMPANY OF FLORIDA, SNORKEL INTERNATIONAL, INC.<br><br>Defendants. | Case No.: 3:08-cv-01463 PJH<br>JUDGE: Hon. Phyllis J. Hamilton<br>DEPARTMENT: 3<br>COMPLAINT DATE: 3/17/08<br><br>**DEFENDANT U.S. TRADES, LLC'S NOTICE OF MOTION TO DISMISS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**<br><br>DATE:        August 20, 2008<br>TIME:        9:00 a.m.<br>DEPT:        3<br><br>DISCOVERY CUT OFF:   NONE<br>MOTION CUT OFF:          NONE<br>MSC DATE:                      NONE<br>TRIAL DATE:                    NONE |

TO THE HONORABLE PHYLLIS J. HAMILTON, UNITED STATES DISTRICT JUDGE,

AND TO ALL PARTIES AND THEIR COUNSEL OF RECORD HEREIN:

**TABLE OF CONTENTS**

Page

NOTICE OF MOTION AND MOTION TO DISMISS ................................................1

I   SUMMARY OF FACTS, PROCEDURAL HISTORY AND ARGUMENT .........1

   A   Facts ...............................................................................................................1

   B   Procedural History .........................................................................................1

   C.  Summary of Argument for Motion to Dismiss ..............................................2

II. MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS .................................................................................3

   A   Legal Standard for Motion to Dismiss Pursuant to Rule 12 (b)(6)................3

   B.  Civil Actions of Reynaldo Salinas and Isabel Salinas Are Barred By Both California and Texas Law ...........................................................4

   C.  Civil Action of Jessica Salinas, Individually and on Behalf of Jose Salinas Is Barred By California Law ....................................................5

      i.    Texas's and California's Labor Codes Conflict On Their Face .........6

      ii.   Analysis Under Texas's 'Significant Relationship' Choice-of-Law Rules and Section 184 Warrant The Application of California Law ...6

      iii.  California Law Excludes Jessica Salinas's Action As An Individual and as Representative of the Estate of Jose Salinas ......................8

      iv.   Applying California Law Is Not Contrary To Texas Policy Underlying Tex. Labor Code Exception For "Gross Negligence" ....................10

   D.  Dismissing UST Avoids Conflict of UST's Carrier as Simultaneous Defendant And Lienholder Seeking Workers' Compensation Reimbursement ........................................................................................12

III. CONCLUSION ..........................................................................................12

**TABLE OF AUTHORITIES**

**Cases**                                                                                                         **Pages**

*Balistreri v. Pacifica Police Dept.* 901 F.2d 696 (C.A.9, 1990) ...............................4

*Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955 (2007)..........................................4

*Diamond Shamrock Refining Co., L.P. v. Hall* (2005), 168 S.W.3d 164 ....................11

*Fermino v. Fedco, Inc.* 7 Cal.4th 701 (1994) ...............................................9-10, 11

*Fraud-Tech, Inc. v. Choicepoint, Inc.,* 102 S.W.3d 366 (2003) ................................4

*Gutierrez v. Collins,* 583 S.W.2d 312, 321 (1979) ……………………………...10

*Klaxon Co. v. Stentor Electric Mfg. Co.* (1941) 313 U.S. 487 ...............................4

*Larchmont Farms, Inc. v. Parra,* 941 S.W.2d 93 (1997) ……………………..3, 7-8, 10

*Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482 (9th Cir. 1987) ....................4, 7

*McAlister v. Medina Elec. Co-op, Inc.* 930 S.W.3d 659

    (Tex.App – San Antonio 1992, writ denied) …………………………….5

*Navarro v. Block* 250 F.3d 729 (C.A.9, 2001) ……………………………….3

*Parra v. Larchmont,* 932 S.W. 2D 68 (1995) …………………………………8

*Reed Tool Co. v. Copelin,* 689 S.W.2d 404 (1985) …………………………...11

*Rodriguez v. Naylor Industries, Inc.,* 763 S.E. 2d 411 (Tex. 1989) ………………5

*S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.* 641 F.2d 746

    (C.A.Cal., 1981) …………………………………………………….2-4, 7

*Swierkiewicz v. Sorema, N.A.,* 534 U.S. 506 (2002) ……………………………3

*Van Dusen v. Barrack,* 376 U.S. 612 (1964) ……………………………………7

*Vaught v. State,* 69 Cal. Rptr 3d 605 (Cal.App. 4th Dist. 2007) ……………..5, 10

*Vuillemainroy v. Am. Rock & Asphalt, Inc.,* 70 Cal. App. 4th 1280 (1999) ………4, 9

*Walls Regional Hospital v. Bomar,* 9 S.W.3d 805 (Tex. 1999) …………………5

///

///

///

**Statutes**                                                                                          **Pages**

California Labor Code §§ 3600, 3602 ......................................................................*ubiq.*

Federal Rule of Civil Procedure §12(b)(6) ......................................................................3

Texas' Civil Practice and Remedies Code §41.001 ......................................................10-11

Tex. Lab. Code § 408.001 ..............................................................................2, 5-6, 10-11


**Treatises**

Restatement (Second) of Conflicts of Laws, Section 184 ...............................................7-8


**Secondary Materials**

5 Wright & Miller, Federal Practice & Procedure (3d ed. 2008) § 1202 ......................3

**PLEASE TAKE NOTICE** that on August 20, 2008, at 9:00 a.m., in Department 3 of the above-entitled Court located at **450 Golden Gate, in San Francisco, California**, before the Honorable Phyllis J. Hamilton, United States District Judge, Defendant **U.S. TRADES, LLC** will and hereby does respectfully move this Court for an order dismissing U.S. TRADES, LLC with prejudice from the above-captioned action. Undersigned defendant brings this Motion to Dismiss the claims of Reynaldo Salinas, Isabel Salinas and Jessica Salinas (Individually and as Representative of the Estate of Jose Salinas) as against U.S. Trades, LLC ("UST"), based on the exclusive remedy of Worker's Compensation in the State of California. UST should be dismissed from the civil suit because, as the employer who provided Worker's Compensation benefits to plaintiffs, it is protected by the exclusive remedy rule. California Labor Code §§ 3600, 3602.

## I. SUMMARY OF FACTS, PROCEDURAL HISTORY AND ARGUMENT

### A. Facts

This case arises out of a work-related accident which occurred in Napa, California, on June 16, 2006, when Reynaldo Salinas and Jose Salinas were in the course and scope of their employment with UST. *See* Plaintiffs' Original Petition and Request for Disclosures ("Complaint"), a true copy of which is herein attached as Exhibit A, at 4.1. They were in a scissor lift which fell over ("the incident"), causing injuries to Reynaldo Salinas and the death of Jose Salinas ("decedent"). Complaint at 4.1. As required by California law, UST subscribed to workers' compensation insurance in California.

### B. Procedural History

On October 3, 2006, Reynaldo Salinas, Isabel Salinas and Jessica Salinas (individually and as representative of the estate of decedent) (collectively "plaintiffs") filed an action in Napa County Superior Court of California naming Amteck, California High Reach & Equipment Rental, Incl., Haskell, Foster's Wine Estates and Does 1 to 50 as defendants. On November 14, 2007, plaintiffs filed suit in the 389th Judicial District of Hidalgo County, Texas, naming UST, Amteck of Kentucky, Inc. dba Kentucky Amteck, Inc., Snorkel International, Inc. and Haskell

Company dba The Haskell Company of Florida as defendants. Plaintiffs allege gross negligence against UST, and seek exemplary damages from all defendants for "malice, gross negligence and willful acts, omissions and gross negligence". *See* Complaint at 12.1, 15.1. Plaintiffs' action was then removed to the United States District Court's Southern District of Texas McAllen Division. On January 29, 2008, UST filed a Motion to Dismiss the plaintiffs' claims pursuant to Federal Rule of Civil Procedure §12(b)(6). On February 29, 2008, Plaintiffs opposed said Motion but the Court did not rule on it. Meanwhile, UST and the other defendants subsequently moved the Texas district court to dismiss the case or transfer the venue to the Northern District of California's San Francisco Division. On March 5, 2008, the Honorable Ricardo H. Hinojosa entered an Order of Transfer. UST now moves the Northern District to dismiss plaintiffs' actions against UST for the following reasons.

C.   **Summary of Argument for Motion to Dismiss**

UST should be dismissed from the civil suit because it is entitled to California Workers' Compensation's exclusive remedy rule as against all plaintiffs' claims. Cal. Lab. Code §§ 3600, 3602. Plaintiff Reynaldo Salinas and decedent Jose Salinas were employed by UST, UST paid for California workers' compensation insurance, the incident occurred in California, and California workers' compensation was paid to Reynaldo Salinas and to Jose Salinas's survivor, plaintiff Jessica Salinas.

When a case is transferred, the transferee court (California) applies the law the transferor Court (Texas) would have applied. *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.* 641 F.2d 746, 749 (C.A.Cal., 1981). The argument set forth below concludes that all plaintiffs civil actions are barred by California law as follows.

(1) In the case of Reynaldo Salinas's injuries, there is no conflict of law between Texas and California. Therefore, Reynaldo Salinas's and his spouse Isabel Salinas's suit is precluded as a matter of law because both Texas and California subscribe to the exclusivity rule of workers' compensation for injured workers. Cal. Lab. Code §§3600, 3602; Tex. Lab. Code § 408.001. The applicable law is discussed in the Memorandum of Points and Authorities, *infra*, I (A).

(2) As for Jessica Salinas' civil action, individually and as representative of the Estate of

Jose Salinas, the step-by-step analysis and applicable law is discussed in the Memorandum of Points and Authorities, *infra*, II (C). Because there is a potential conflict between the Texas and California Labor Codes, the California court must apply Texas's choice-of-law analysis before concluding that California's exclusive workers' compensation law exclude Jessica Salinas's civil action. *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.* 641 F.2d 746, 749 (C.A.Cal., 1981)(Transferee court applies transferee court's law). An analysis under Texas's 'significant relationship' rules for conflict of law weighs in favor of applying California law to the facts. Applying California law does not threaten to undermine Texas' workers' compensation policy. *Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93, 95 (1997).

Finally, the application of California law here prevents the absurdity of undersigned defendant's insurer being simultaneously the carrier for the defense of plaintiffs' lawsuit as well as seeking reimbursement for the payment of workers compensation benefits to plaintiffs.

For the legal, policy and practical considerations explained below, UST respectfully moves the court to dismiss the actions of Reynaldo Salinas, Isabel Salinas and Jessica Salinas, individually and as representative of the Estate of Jose Salinas.

II.   **MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION TO DISMISS**

A.   **Legal Standard for Motion to Dismiss Pursuant to Rule 12 (b)(6)**

Federal Rule of Civil Procedure 12 (b)(6) allows dismissal for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). A court should dismiss a claim pursuant to Fed. R. Civ. P. 12 (b)(6) when "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *See Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 514 (2002)(internal citation omitted). In considering the legal sufficiency of the claim for relief, all material allegations of the complaint are accepted as true. *Navarro v. Block* 250 F.3d 729, 732 (C.A.9, 2001). Nevertheless, even though Rule 8(a) is generally liberal and "contemplate[s] the statement of circumstances, occurrences, and events in support of the claim presented" it does not allow plaintiff's "bare averment that he wants relief and is entitled to

it". 5 Wright & Miller, Federal Practice & Procedure (3d ed. 2008) § 1202.

Dismissal for failure to state claim can be based on lack of cognizable legal theory or absence of sufficient facts alleged under cognizable theory. *Balistreri v. Pacifica Police Dept.* 901 F.2d 696 (C.A.9, 1990). A plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1974 (2007). "[W]hen the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should…be exposed at the point of minimum expenditure of time and money by the parties and court. *Id.* at 1966 (internal citations omitted).

### B. Civil Actions of Reynaldo Salinas and Isabel Salinas Are Barred By Both California and Texas Law

First, as a matter of procedure, the transferee court applies the law of the transferor court (Texas), as well as the transferor court's choice-of-law rules if there is a conflict between the two States' laws. *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.* 641 F.2d 746, 749 (C.A.Cal., 1981). Before embarking on choice-of-law analysis, California and Texas courts naturally first determine whether there is indeed conflict between the laws of the two jurisdictions. *Ledesma v. Jack Stewart Produce, Inc.,* 816 F.2d 482, 484 (9th Cir. 1987); *Fraud-Tech, Inc. v. Choicepoint, Inc.,* 102 S.W.3d 366, 378 (2003). If there is no conflict of law on an issue, the court need not decide which state's choice-of-law rules apply. If there is no conflict, the Court refers to the laws of the state in which the forum sits to determine matters of substance. *Klaxon Co. v. Stentor Electric Mfg. Co.* (1941) 313 U.S. 487, 496.

As concerns the civil actions of plaintiffs Reynaldo Salinas and his spouse Isabel Salinas, there exists no conflict between California and Texas law. Their claims are barred as a matter of law by both California's and Texas's respective labor codes and Isabel Salinas's claims are also barred by the States' laws relating to spousal claims. Under both California and Texas law, workers' compensation is generally the exclusive remedy against an employer for an injury incurred by an employee during the course and scope of his employment. California, Labor Code §3600, *et seq*, mandates that Worker's Compensation is an employee's exclusive remedy for work-related injury or death and that there is no separate civil cause of action against the

Case 3:08-cv-01463-PJH    Document 39    Filed 07/15/2008    Page 9 of 16

employer. *Vuillemainroy v. Am. Rock & Asphalt, Inc.*, 70 Cal. App. 4th 1280, 1283 (1999); CAL. LAB. CODE §§ 3600, 3602. Texas Labor Code section 408.001 likewise limits the injured workers' remedy for a work-related injury to the recovery of workers' compensation benefits. Tex. Lab. Code §408.001; *Walls Regional Hospital v. Bomar*, 9 S.W.3d 805, 807 (Tex. 1999)(Court of Appeals' decision in favor of nurses was reversed on review because even hospital's 'willful negligence' toward not enough to avoid the Workers' Compensation Act's bar); *McAlister v. Medina Elec. Co-op, Inc.* 930 S.W.3d 659, 663 (Tex.App – San Antonio 1992, writ denied)(Worker's Compensation Act barred claim for reckless infliction of emotional distress).

As for spouses, both California's and Texas's exclusivity provisions bar the civil actions brought by Isabel Salinas, the spouse of the injured employee Reynaldo Salinas. *Vaught v. State*, 69 Cal. Rptr 3d 605, 611, 12 (Cal.App. 4th Dist. 2007); *Rodriguez v. Naylor Industries, Inc.*, 763 S.E. 2d 411, 412 (Tex. 1989).

The civil actions by Reynaldo Salinas and Isabel Salinas for Reynaldo Salinas's injuries sustained while working for UST in Napa, California are barred by California and Texas law.

**C.    Civil Action of Jessica Salinas, Individually and on Behalf of Jose Salinas Is Barred By California Law**

Moving party respectfully submits the following analysis in support of the conclusion that Jessica Salinas's civil action and her civil action as representative of the Estate of Jose Salinas ("decedent") are barred by California law. The foregoing analysis of several steps is required because of the unique situation that the case was transferred to California from Texas and that there is a conflict of law:

(i)    Identify there is a potential conflict of law between Texas and California Labor Codes;

(ii)   apply the law of the transferor court, Texas: Texas choice-of-law analysis uses the 'Significant Relationship' test plus Section 184 of the Restatement (Second) of Conflict of Laws when it involves Workers' Compensation;

(iii)  apply California law to Jessica Salinas's civil action, which bars her action; and

(iv)   applying California law to bar Jessica Salinas's action does not undermine

-5-    3:08-cv-01463 PJH
U.S. TRADES, LLC'S MEMO OF POINTS & AUTHORITIES IN SUPPORT OF MOTION TO DISMISS

Texas's Workers' Compensation policy.

### i. Texas's and California's Labor Codes Conflict On Their Face

Plaintiff Jessica Salinas, widow of decedent, alleges gross negligence by employer UST. Complaint at 12.1. The court is required to accept the pleaded allegations as true, for purposes of assessing the Rule 12(b)(6) Motion to Dismiss. Accepting plaintiff Jessica Salinas's allegations results in a potential conflict between California and Texas Law. Texas Labor Code section 408.001(b) codified a civil cause of action against an employer if the employer's "gross negligence" results in the death of the employee. Tex. Lab. Code 408.001. California's Labor Code has no such provision.

Like California law, Texas's general policy relating to workers' compensation is that these benefits are generally an employee's exclusive remedy for work-related injury or death:

> (a) Recovery of workers' compensation benefits is the exclusive remedy of an employee covered by workers' compensation insurance coverage or a legal beneficiary against the employer or an agent or employee of the employer for the death of or a work-related injury sustained by the employee.

(Texas Labor Code §408.001.)

Unlike California, the Texas labor code codified an exception to the exclusive remedy of workers' compensation benefits <u>if</u> the employer acted with gross negligence which resulted in a death. Specifically, Texas Labor Code §408.001(b) allows a spouse's civil suit against an employer whose "gross negligence" causes the death of the employee/spouse.

> (b) This section does not prohibit the recovery of exemplary damages by the surviving spouse or heirs of the body of a deceased employee whose death was caused by an intentional act or omission of the employer or by the employer's gross negligence.
>
> (c) In this section, "gross negligence" has the meaning assigned by Section 41.001, Civil Practice and Remedies Code.

(Tex. Lab. Code § 408.001.)

### ii. Analysis Under Texas's 'Significant Relationship' Choice-of-Law Rules and Section 184 Warrant The Application of California Law

Usually, when faced with conflict-of-law, California uses a three-step governmental

interest test. *Ledesma v. Jack Stewart Produce, Inc.*, 816 F.2d 482, C.A. 9.Cal. 1987. However, "[w]hen [as here,] a change of venue occurs pursuant to 28 U.S.C. §1404(a), "(t)he transferee district court must be obligated to apply the state law that would have been applied if there had been no change of venue." *S. A. Empresa De Viacao Aerea Rio Grandense v. Boeing Co.* 641 F.2d 746, 749 (C.A.Cal., 1981) *citing Van Dusen v. Barrack*, 376 U.S. 612, 639 (1964). "In diversity cases, federal courts must apply the conflict-of-law principles of the forum state." *S.A. Empresa* at 749 (internal cite omitted). Thus, the California Court in this matter confronts the conflict-of-law question as if it were sitting in Texas.

Texas employs a "Significant relationship" test for choice-of-law analysis, which balances the following seven factors:

1. Needs of interstate & international systems
2. Relevant policies of forum
3. Relevant policies of other interested states and relative interest of states in determination of the particular issue
4. Protection of justified expectations
5. Basic policies underlying the particular field of law
6. Certainty, predictability and uniformity of result
7. Ease in determination and application of law to be applied

In addition, Texas applies Section 184 of the Restatement (Second) of Conflicts of Laws ("Section 184") when analyzing a situation where, as here, a Texan is injured while working out of state. *Larchmont Farms, Inc. v. Parra*, 941 S.W.2d 93, 94-95 (1997).

Section 184's "Abolition of Right of Action for Tort or Wrongful Death" reads:

> Recovery for tort or wrongful death will not be permitted if any state if the defendant is declared immune from such liability by the workmen's compensation statute of a state under which the defendant is required to provide insurance against the particular risk and under which (a) the plaintiff has obtained an award for the injury, or (b) the plaintiff could obtain an award for the injury, if this is the state (1) where the injury occurred, or (2) where employment is principally located, or (3) where the employer supervised the employee's activities from a place of business in the state, or (4) whose local laws governs the contract of employment under the rules of §§ 187-188 and 196.

The Texas Supreme Court's application of 'significant relationship' test is instructive to the instant matter. *Larchmont Farms v. Parra*, 941 S.W.2d 93 (1997). In *Larchmont,* a Texan man named Parra was recruited to work on employer Larchmont's peach farm in New Jersey. *Id.* at 94. Parra was hurt while working for Larchmont in New Jersey. *Id.* at 94. He received workers' compensation for his medical expenses. *Id.* at 94. The Supreme Court reviewed and affirmed the Court of Appeals' 'significant relationship' analysis which had concluded that New Jersey law barrred Parra's recovery. The lower court reached this conclusion because Parra's injury occurred in New Jersey, the allegedly negligent act occurred in New Jersey and the relationship of the parties was centered in New Jersey. *Parra v. Larchmont*, 932 S.W. 2D 68, 74-75 (1995). Here, Jose Salinas was recruited by UST to work in California, the allegedly negligent act occurred in California, and the employer-employee relationship of the parties was centered in California. As it did with Mr. Parra, Texas would agree that the significant relationship test consideration would weigh in favor of applying the foreign state's law, in the present case, California.

Section 184 is equally satisfied in the instant matter. California Labor Code sections 3600 and 3602 declare UST immune from civil liability for an employee's wrongful death pursuant to Section 184. Next, UST was required to provide insurance against the particular risk of an employee's death and did so, thus satisfying part (1) of Section 184. Finally, Section 184 (2)(b) is also met because Jessica Salinas could obtain a workers' compensation award for the injury in California where the injury occurred.

For the above reasons, Section 184 and "significant relationship" factors weigh in favor of applying California's workers' compensation act to exclude Jessica Salinas's civil action. Finally, use of California law to exclude her action does not upset the policy underlying Texas's codified exception to such general exclusivity. (Further discussed *infra*, iv).

      iii. **California Law Excludes Jessica Salinas's Action As An Individual And As Representative of the Estate of Jose Salinas**

California's Labor Code and caselaw is clear in its express exclusion of actions based on work-related injury or death. Cal. Labor Code 3600, 3602. UST paid for Workers'

Compensation insurance in California with the justified expectation that California's workers' compensation policy would be followed. This is the "'presumed compensation bargain', pursuant to which the employer assumes liability for personal injury *or death without regard to fault in exchange for limitations* on the amount of that liability. The employee is afforded relatively *swift and certain payment of benefits...without having to prove fault* but, in exchange, *gives up the wider range of damages potentially available in tort.*" *Vuillemainroy* quoting *Fermino Fermino v. Fedco, Inc.* 7 Cal.4th 701, 708 (1994) (emphasis supplied).

California caselaw illustrates that the exclusion applies even to the death of Jose Salinas. *Vuillemainroy* was a first district case in which a man died at work when the brakes failed on a heavily loaded trucks he drove down a steep haul road. *Vuillemainroy Am. Rock & Asphalt, Inc.*, 70 Cal. App. 4th 1280 (1999), Among the facts plaintiff argued as basis for excepting defendant from the workers' compensation exclusive remedy rule was the allegation that defendant American Rock's trucks and haul roads were chronically and deliberately left unmaintained and unsafe, demonstrating its disregard for the lives and safety of its employees. *Id.* at 1282. There, CalOSHA referred the case to the district attorney. *Id.* at 1284, fn 1. Even with such alleged deliberate disregard and CalOSHA's referral of the case to the district attorney the first district was unpersuaded that the facts excepted the plaintiff from exclusivity of Workers' Compensation. In response to plaintiff's contention that *Fermino* had carved out a manslaughter exception to workers' compensation's general exclusivity, the Court said "[t]he contention is unpersuasive." *Id.* at 1283, referencing *Fermino v. Fedco, Inc.* 7 Cal.4th 701, (1994).

In *Fermino, supra,* 7 Cal 4th 701, a woman sued her employer for false imprisonment after being subjected to accusations and threats by store managers and security agents while being interrogated until she became hysterical. *Vuillemainroy, supra,* 70 Cal. App. 4th at 1284. The *Vuillemainroy* court concluded that the facts did not give rise to an exception as in *Fermino*, stating that "*Fermino* and its predecessors compel the conclusion that Workers' Compensation is the sole remedy for the claims at issue here." *Id.* at 1283.

In the case of Jose Salinas, the facts likewise do not merit a *Fermino*-type or "manslaughter exception" to workers' compensation's general exclusivity rule. Neither does a

direct cause of action extend to his spouse, Jessica Salinas. *Vaught v. State,* 69 Cal. Rptr 3d 605, 611-12 (Cal.App. 4th Dist 2007). Jessica Salinas's allegation, individually and as representative of the Estate of Jose Salinas does not meet the *Fermino* threshold to warrant an exception from the exclusive remedy rule. *See generally, Fermino, supra,* 7 Cal 4th 701. For example, even if plaintiff alleged [which she does not] that UST knew about or deliberately disregarded any knowledge about the scissor lift being 'unmaintained and unsafe' and CalOSHA had forwarded a complaint for prosecution to the D.A. [which it did not], plaintiff would not be excused from workers' compensation's exclusive remedy.

### iv. Applying California Law Is Not Contrary To Texas Policy Underlying Texas Labor Code Exception For "Gross Negligence"

UST here anticipates and addresses plaintiff's potential position that the negligence alleged in *Larchmont, supra,* 941 S.W. 2d, did not rise to a level as does that alleged by Jessica Salinas in the instant matter. "The basic rule [in Texas] is that a court need not enforce a foreign law if enforcement would be contrary to Texas public policy." *Larchmont, supra,* at 95 *citing Gutierrez v. Collins,* 583 S.W.2d 312, 321 (1979) (other internal citations omitted). She might argue that Parra's claim did not arouse as strong an interest by Texas in applying Texas law, as it might in the case of Jessica Salinas's civil action stemming from the death of Jose Salinas. However, California law here is not contrary to Texas policy. The facts as alleged do not rise to meet Texas's high standard for the "gross negligence" exception under Texas Labor Code 408.001(b). As explained further below, applying California Labor Code §§3600 and 3602 to exclude Jessica Salinas's civil action, individually and as representative of the Estate of Jose Salinas is not contrary to Texas policy.

Texas has "an interest in maintaining a stable workers' compensation system which binds employer and employee. . . providing for workers' compensation as the employee's exclusive remedy." *Larchmont, supra,* at 95. Texas Labor Code §408.001(c) refers to Texas' Civil Practice and Remedies Code §41.001, for its two-pronged definition of "gross negligence":

> (11) "Gross negligence" means an act or omission:
> (A) which when viewed *objectively* from the standpoint of the actor at the time of its *occurrence involves an extreme degree of risk*, considering the

probability and magnitude of the potential harm to others; *and*
(B) of which the actor has actual, *subjective awareness of the risk* involved, but nevertheless *proceeds with conscious indifference* to the rights, safety, or welfare of others.

Texas Civil Practice & Remedies Code § 41.001 (emphasis supplied)

Texas's threshold for "gross negligence" definition is not easy to meet, even in the event of an employee's death. Texas Supreme Court requires a clear and convincing evidence standard for exemplary damages based on gross negligence. *Diamond Shamrock Refining Co., L.P. v. Hall* (2005), 168 S.W.3d 164. In *Diamond,* a man died of burns suffered in a refinery explosion and his surviving spouse brought suit in Texas based on the "gross negligence" exception of Texas Labor Code §408.001(b). The Supreme Court ultimately overturned the lower courts' jury verdict and affirmation thereof. Following a jury verdict of $42.5 million in the spouse's favor, the Bexar County judge capped the verdict at $200,000. The San Antonio Court of Appeals reversed and remanded for new trial. Review was granted. On denial of rehearing, the Supreme Court, held that clear and convincing evidence did not establish the requisite subjective element of gross negligence for an award of exemplary damages. *Id.* at 165. The court determined that the facts did <u>not</u> to exhibit evidence of a subjective awareness (pursuant to Civil Practice & Remedies Code § 41.001 (B)) *despite* their having been: two prior explosions at the refinery, a foreman's refusal to divert a liquid that could cause flooding and explosion and knowledge of a problem with a 'check valve'. *Id.* at 171.

Even though the Texas legislature has codified an exception to the general exclusivity principle of workers' compensation while California exceptions are expressed in the tri-partite system outlined in *Fermino v. Fedco* (*supra*), Texas's base line is still clearly exclusivity. The Texas courts are hard-pressed to apply the exception and prefer sticking to the general policy exclusivity codified in §408.001(a), unless the facts show the intent to warrant it. The standard is high.

In other words, the underlying exclusivity policy of Texas's worker compensation bargain is strong and central to Texas's jurisprudence relating to workers' injuries as well as deaths. Not even the "intentional failure to furnish a safe place to work does not rise to the level

of intentional injury except when the employer believes his conduct is substantially certain to cause the injury." *Reed Tool Co. v. Copelin*, 689 S.W.2d 404, 407 (1985).

### D. Dismissing UST Avoids Conflict of UST's Carrier as Simultaneous Defendant And Lienholder Seeking Workers' Compensation Reimbursement

A final practical consideration in support of dismissing UST is that UST finds itself in the absurd position of being its own party opponent. *See* Declaration of Ronald D. Digesti, Esq. in Support of Motion to Dismiss, filed concurrently herewith (hereafter "Digesti Decl."). Not only is UST defendant; UST's insurance carrier has indicated its intent to file a Notice of Lien for the recovery of workers compensation benefits paid to plaintiffs. *See* Digesti Decl. Applying California law to the facts to exclude plaintiffs' civil action based on workers' compensation's exclusive remedy rule would avoid this oddity of UST's carrier finding itself in a position of conflict. Dismissing UST in its capacity as defendant will allow UST as lienholder to seek recovery of workers' compensation benefits paid to plaintiffs from the other defendants.

### III. CONCLUSION

For all of the foregoing reasons, undersigned Defendant UST respectfully requests that it be dismissed with prejudice from the instant action.

Respectfully submitted,

DATED: July 15, 2008

CALLAHAN, McCUNE & WILLIS, APLC

By _____
PETER M. CALLAHAN, ESQ.
RONALD D. DIGESTI, ESQ.
LEEH A. DiBELLO, ESQ.
ANNA C. GEHRIGER, ESQ.
Attorneys for Defendant
**U.S. TRADES, LLC**

G:\ActiveCases\HAR\080013Salinas\PROC\MotionToDismissUST\P-MPA_Final.doc