Timothy D. McMahon (State Bar No.)
Corsiglia McMahon & Allard LLP
96 North Third Street, Suite 620
San Jose, California 95112
408-298-7200

Michael A. Hawash, Esq. (Pro Hac Vice application pending)
Farrar & Ball, LLP
1010 Lamar, Suite 1600
Houston, Texas 77002
713-221-8300

Attorneys for Plaintiffs

John P. Cotter
Anthony C. Diepenbrock
Diepenbrock & Cotter, LLP
1545 River Park Dr., Suite 201
Sacramento, California 98515
916-565-6222

Attorneys for Defendants Amteck & Haskell

Ronald D. Digesti
Peter Callahan
Callahan McCune & Willis APLC
500 Sansome Street
San Francisco, California 94111
415-593-5700

Attorneys for Defendant US Trades

Frank E. Schimaneck
Susan E. Foe
Dryden Margoles Schimaneck & Wertz
505 Sansome, Sixth Floor
San Francisco, California 94111
415-362-6715

Attorneys for Defendant Snorkel

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

REYNALDO SALINAS, ET AL,
Plaintiffs,

vs.

AMTECK OF TEXAS, ET. AL.,

Defendants.

Case No.: CV 08-01463 (PJH)

**JOINT CASE MANAGEMENT CONFERENCE STATEMENT**

F.R.C.P. 16 and Civil L.R. 16-10

Date: July 31, 2008
Time: 2:30 p.m.
Place:
Judge: Honorable Phyllis J. Hamilton

Plaintiffs Reynaldo Salinas, Isabel Salinas, and Jessica Salinas, Individually and as Representative of the estate of Jose Martin Salinas (collectively, "Plaintiffs") and Defendants Amteck of Texas and Amteck of Kentucky ("Amteck"); Haskell ("Haskell"); Snorkel International, Inc. ("Snorkel"); and US Trades, LLC ("US Trades") jointly submit this Case

Management Conference Statement in advance of the July 26, 2008 Case Management Conference.

**1. Jurisdiction and Service**

This action arises under diversity jurisdiction: 28 U.S.C. §§ 1332, 1441, and 1446. Plaintiffs and Defendants know of no other issues that may impact jurisdiction at this time.

**2. Facts**

**A. Plaintiffs' Statement**

On June 16, 2006, Jose and Reynaldo Salinas, were working on a fully extended Snorkel 1930 Scissor Lift in Napa, California. Plaintiffs were ordered by one or more of Defendants to act as human rollers of heavy gauge wire while a mechanical tugger pulled from the other end. The scissor left tipped over causing both Plaintiffs to plummet to the ground from more than 30 feet. The fall caused each significant personal injury to each and, ultimately, death to Jose Salinas. Plaintiffs are seeking damages for personal injury and wrongful death.

**B. Defendants' Statement**

Defendants contend that the cause of the accident was misuse of the equipment, and negligence on the part of plaintiff Reynaldo Salinas, and plaintiffs' decedent, Jose Salinas and, perhaps, others.

U.S. Trades provides workers for electrical and mechanical trades. U.S. Trades hired Jose and Reynaldo Salinas and had assigned them to Amteck for a project located in Napa, CA. U.S. Trades paid Salinas' salary and provided workers compensation coverage and benefits, but had no supervisory role or control over their work.

**3. Facts in Dispute**

**A. Plaintiffs' Position**

Plaintiffs dispute their claims against US Trades, LLC and Amteck of Kentucky, Inc. are barred by the exclusive remedy of worker's compensation.

**B. Defendants' Position**

All Defendants dispute liability in this matter.

**4. Legal Issues in Dispute**

**A. Plaintiffs' Statement**

Plaintiffs believe the principle legal issues in dispute will be which of the various defendants are liable for negligence, survival, and wrongful death damages. Plaintiffs also believe that the manufacturer of the scissor lift in question, Snorkel, will dispute strict products liability.

**B. Defendants' Statement**

Snorkel International, Inc. contends that there was no defect in any Snorkel product, that no Snorkel product was misused, and there was no negligence on the part of Snorkel International, Inc.

Defendant Amteck contends that the decedent and plaintiff Reynaldo Salinas were special employees of Amteck and that plaintiffs' sole remedy is worker's compensation. Defendant Haskell contends it is not liable on the grounds that it was not exercising retained control over the job site, thus, plaintiffs' sole remedy is worker's compensation.

U.S. Trades asserts that it has no fault in this matter. Furthermore, Plaintiffs have no standing to sue U.S. Trades since they are bound by the workers compensation exclusive remedy rule under California law.

**5. Motions**

**A. Plaintiffs' Position**

Plaintiffs have no pending motions.

**B. Defendants' Position**

Snorkel International, Inc. has no pending motions; may bring a motion for summary judgment and/or motions in limine.

Defendants Amteck and Haskell have a pending motion for fees and costs pending against plaintiffs and their counsel. This motion is scheduled to be heard July 23, 2008.

Defendants Amteck and Haskell anticipate filing summary judgment and summary judgment adjudication motions.

U.S. Trades will make a motion to dismiss on the grounds that, as the employer of Jose and Reynaldo Salinas, it cannot be sued in this action because of the workers compensation exclusive remedy rule, pursuant to California law.

**6. Amendment of Pleadings**

Plaintiffs believe that joinder of any additional parties can be made within sixty (60) days. Amendments to pleadings can be made sixty (60) days before trial.

Plaintiffs' counsel has indicated that plaintiffs may file an amended complaint. Counsel granted Snorkel International, Inc. an extension of time to respond, pending filing of an amended complaint. Snorkel International, Inc. has not answered at present.

Defendants object to plaintiffs' amendment of their pleadings up to 60 days before trial. Defendants submit that plaintiffs' amendments must be completed within 30 days of the initial conference.

**7. Evidence Preservation**

Plaintiffs have demanded that a third party, California High Reach & Equipment, Inc., that leased the scissor lift in question, maintain the scissor lift until the parties have had an opportunity to inspect same.

**8. Disclosures**

Plaintiffs anticipate that Rule 26(a) disclosures can be made within fourteen (14) days following the initial scheduling conference.

**9. Discovery**

Since this case has a prior procedural history, some initial discovery has already been performed. Plaintiffs anticipate taking the depositions of the eyewitnesses, corporate representatives and experts. Plaintiffs do not anticipate seeking to re-depose witnesses who have already given depositions with regard to the facts and circumstances of the incident made

the basis of this suit. Plaintiffs do not propose any further limitations or modifications to the discovery rules.

Snorkel International, Inc. was not a party to *Salinas et al. v. Amteck of Kentucky et al,* Napa County Superior Court Action No. 26-35-179, and did not participate in that discovery.

When this action was previously pending in California, plaintiffs and defendants Amteck and Haskell conducted written discovery and three depositions. Defendants Amteck and Haskell submit that plaintiffs should not be permitted to repeat the same discovery.

**10. Class Actions**

This case is not a class action.

**11. Related Cases**

The incident over which the present case is based does have a prior procedural history.

Case No. 26-35176, *Reynaldo Salinas, et. al. v. Amteck, et. al.* In the Superior Court of the State of California for the County of Napa was dismissed without prejudice on January 15, 2008.

Cause No. C-2750-07-H, *Reynaldo Salinas, et. al. v. Amteck, et. al.*, in the 389th District Court of Hidalgo County, Texas, filed on November 14, 2007, was removed to federal court on January 9, 2008.

The removed action, Cause No. 7:08-CV-00003, *Reynaldo Salinas, et. al. v. Amteck, et. al.,* In the United States District Court for the Southern District of Texas, McAllen Division, was transferred to this court on March 5, 2008.

The parties recently learned that the parents of Jose Salinas have engaged their own attorney and filed an action styled and numbered, Cause No. C-1427-08B, *Gerardo Salinas and Alejandra Salinas, individually, and as the Representatives of the Estate of Jose Martin Salinas vs. Amteck of Texas, et. al.*, In the 93rd District Court of Hidalgo County, Texas.

**12. Relief**

Plaintiffs are seeking monetary relief for personal injuries, survival, and wrongful death. Plaintiffs are also seeking punitive damages. At the present time, Plaintiffs are seeking $10,000,000 for the wrongful death of decedent, Jose Salinas, and $5,000,000 for Reynaldo Salinas.

**13. Settlement and ADR**

The parties will agree to non-binding mediation.

**14. Consent to Magistrate Judge For All Purposes**

The parties cannot consent to a magistrate judge.

**15. Other References**

None at this time.

**16. Narrowing of Issues**

The parties are not in position to narrow the issues at this time.

**17. Expedited Schedule**

**A. Plaintiffs' Position**

Since some discovery has already been completed, Plaintiffs believe this matter is ripe for an expedited schedule.

**B. Defendants' Position**

Snorkel International, Inc. was not a party to *Salinas et al. v. Amteck of Kentucky et al*, Napa County Superior Court Action No. 26-35-179, and did not participate in that discovery.

Defendants do not feel this is a case is appropriate for an expedited schedule. The witnesses in this case are scattered throughout the country. Due to the distances involved and schedules of counsel and the witnesses, significant time to complete discovery will be required. Putting this matter on an expedited basis will simply result in a request for more time.

**18. Scheduling**

**A. Plaintiffs' Position**

Plaintiffs propose the following deadlines:

Designation of experts for parties seeking affirmative relief: 90 days before trial.

Rebuttal experts: 60 days before trial.

Discovery cut-off: 30 days before trial.

Dispositive motions filed and heard by: 30 days before trial.

Trial: as early as January 2009.

**B. Defendants' Position**

September 2009.

**19. Trial**

**A. Plaintiffs' Position**

The parties desire a trial by jury. The expected trial length is seven days.

**B. Defendants' Position**

10 days.

See defendants' position in 17B. This is not a matter suitable for an expedited schedule. This matter can be ready for trial by September 2009.

**20. Disclosure of Non-party Interested Entities or Persons**

The parties filed a Certificate of Interested Entities or Persons in the United States District Court for the Southern District of Texas, McAllen Division, prior to the transfer of this action to this court.

Plaintiffs certify that the persons, associates of persons, firms, partnerships, corporations, affiliates, parent corporations, or other legal entities (entities understood to be publicly traded are underlined) that may be financially interested in the outcome of this litigation are Reynaldo Salinas; Isabel Salinas; and Jessica Salinas, Individually and as Representative of the Estate of

Jose Martin Salinas. The parents of Jose Martin Salinas, Gerardo Salinas and Alejandra Salinas have also claimed an interest in the subject matter of this litigation (see, Section 11, above).

**21. Other Matters Any Party Considers Conducive To The Just, Speedy And Inexpensive Determination Of This Action**

Plaintiffs believe that since some discovery has already been performed and many of the relevant documents already exchanged, this matter can be made ready for trial within 9 months.

DATED: July 17, 2008

FARRAR & BALL

By: ______________________
Michael A. Hawash
Attorney for Plaintiffs
Reynaldo Salinas, Isabel Salinas, and Jessica Salinas

DATED: July 17, 2008

CORSIGLIA MCMAHON & ALLARD LLP

By: ______________________
Timothy D. McMahon
Attorney for Plaintiffs
Reynaldo Salinas, Isabel Salinas, and Jessica Salinas

DATED: July ___, 2008

DIEPENBROCK & COTTER

By: ______________________
John P. Cotter
Anthony C. Diepenbrock
Attorneys for Defendants
Amteck of Texas, Amteck of Kentucky and Haskell

DATE: July 17, 2008

CALLAHAN MCCUNE & WILLIS APLC

By: RDD by Permission
Ronald D. Digesti
Peter Callahan
Attorneys for Defendant
US Trades LLC

DATED: July___, 2008

DRYDEN MARGOLES SCHIMANECK & WERTZ

By: ______________________________

Frank E. Schimaneck
Susan E. Foe
Attorneys for Defendant
Snorkel International, Inc.