Frank E. Schimaneck, Esq. (SBN 73912)
Susan E. Foe, Esq. (SBN 148730)
DRYDEN, MARGOLES, SCHIMANECK & WERTZ
A Law Corporation
505 Sansome Street, Sixth Floor
San Francisco, California 94111
Telephone: (415) 362-6715
Facsimile: (415) 362-0638
Email:  feschimaneck@drydenlaw.com
          sefoe@dyrdenlaw.com

Attorneys for Defendant
SNORKEL INTERNATIONAL, INC.

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### (SAN FRANCISCO DIVISION)

| | |
|---|---|
| REYNALDO SALINAS; ISABEL SALINAS; AND JESSICA SALINAS, individually and as REPRESENTATIVE OF THE ESTATE OF JOSE MARTIN SALINAS,<br><br>Plaintiff,<br><br>v.<br><br>AMTECK OF TEXAS; AMTECK OF KENTUCKY, INC., dba KENTUCKY AMTECK, INC.; U.S. TRADES, LLC; HASKELL COMPANY dba THE HASKELL COMPANY OF FLORIDA, SNORKEL INTERNATIONAL, INC.,<br><br>Defendants. | **USDC NO. C 08-01463 MEJ**<br><br>**ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL** |

**COMES NOW SNORKEL INTERNATIONAL, INC.** in response to plaintiffs' "Original Petition and Request for Disclosure," and in response to plaintiffs' allegations, responds:

Answering the first sentence of the preface, defendant cannot admit or deny, and on that basis denies.

1.      Answering paragraph 1.1, defendant cannot admit or deny, and on that basis denies. Defendant notes this litigation is now pending in United States District Court, and anticipates that discovery will be conducted pursuant to the applicable Federal Rules of Civil Procedure and the rules of the United States District Court, Northern District of California.

1

DRYDEN, MARGOLES, SCHIMANECK & WERTZ

505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

2.      Answering paragraph 2.1, defendant cannot admit or deny, and on that basis denies.

3.      Answering paragraph 2.2, defendant cannot admit or deny, and on that basis denies.

4.      Answering paragraph 2.3, defendant cannot admit or deny, and on that basis denies.

5.      Answering paragraph 2.4, defendant cannot admit or deny, and on that basis denies.

6.      Answering paragraph 2.5, defendant cannot admit or deny, and on that basis denies.

7.      Answering paragraph 2.6, defendant cannot admit or deny, and on that basis denies.

8.      Answering paragraph 2.7, defendant cannot admit or deny, and on that basis denies.

9.      Answering paragraph 2.8, defendant admits that it does not maintain a place of regular business or a designated agent upon whom service of process may be made in the State of Texas.  Defendant admits that it can be served by serving the Secretary of the State of Texas.

10.     Answering paragraph 3.1, defendant denies that venue is proper and maintainable in Hidalgo County, Texas; the issue of venue has been the subject of prior judicial decision in this action.

11.     Answering paragraph 3.2, defendant cannot admit or deny, and on that basis denies.

12.     Answering paragraph 4.1, defendant cannot admit or deny, and on that basis denies.

13.     Answering paragraph 4.2, defendant cannot admit or deny, and on that basis denies. As to the last sentence in paragraph 4.2, defendant has no direct knowledge of the happening of the accident, but agrees that the lift may not have been properly positioned, may not have been used in a manner for which it was intended, and the loads may have exceeded the vertical and horizontal limits.

14.     Answering paragraph 4.3, defendant cannot admit or deny, and on that basis denies allegations as to co-defendants' actions and omissions.  Defendant denies all allegations as to its own actions and omissions.  Defendant further denies that the subject Snorkel Lift failed to meet all applicable regulations.

15.     Answering paragraph 4.4, defendant denies that it was negligent, denies that any actions or omissions on its part caused the accident, denies there was any defect in the subject Snorkel Lift, and denies that any defect in the subject Snorkel Lift proximately caused the accident. As for the remaining allegations, defendant cannot admit or deny, and on that basis denies.

2

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

16.     Answering paragraph 5.1, defendant denies that it committed any negligent acts, and denies that its acts proximately caused plaintiffs' injuries or damages.  Defendant denies that it had the right to control the details of plaintiffs' work.  Defendant denies that it committed any acts and/or omissions of negligence, or that its acts or omissions were the proximate cause of the injuries sustained by plaintiffs and plaintiff's decedent or any of them.  Defendant denies the allegations in subparagraphs (a) through (h) as to its own acts and/or omissions.  As for allegations against other persons and entities, defendant cannot admit or deny, and on that basis denies.

17.     Answering paragraph 5.2, defendant denies that its acts and/or omissions, singularly or in combination with others, constituted negligence which proximately caused the incident and plaintiffs' injuries and damages.  As for the allegations against other persons and entities, defendant cannot admit or deny, and on that basis denies.

18.     Answering paragraph 6.1. defendant cannot admit or deny, and on that basis denies. To the extent that paragraph 6.1 refers to the subject Snorkel Lift, defendant denies that it was dangerous and/or defective.

19.     Answering paragraph 6.2, defendant cannot admit or deny, and on that basis denies.

20.     Answering paragraph 7.1, defendant cannot admit or deny, and on that basis denies.

21.     Answering paragraph 8.1, defendant admits it was engaged in the business of manufacturing, assembling, marketing and/or selling aerial lifts.  Defendant denies that the subject Snorkel Lift was dangerous and defective in its design and as marketed.  Defendant cannot admit or deny whether it comes within the meaning of Texas statutes; the allegations call for a legal conclusion.

22.     Answering paragraph 9.1, defendant denies such allegations.

23.     Answering paragraph 9.2, defendant denies such allegations.

24.     Answering paragraph 9.3, defendant denies such allegations.

25.     Answering paragraph 10.1, defendant denies such allegations.

26.     Answering paragraph 11.1, defendant denies such allegations.

27.     Answering paragraph 12.1, defendant cannot admit or deny, and on that basis denies.

28.     Answering paragraph 13.1, defendant cannot admit or deny, and on that basis denies.

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

29.    Answering paragraph 13.2, defendant cannot admit or deny, and on that basis denies. Defendant notes that an action was filed on June 16, 2008, in Texas State Court, County of Hidalgo, entitled *Gerardo Salinas and Alejandra Salinas, Individually and as Representatives of the Estate of Jose Martin Salinas vs. Amteck of Texas, Amteck of Kentucky, Inc., U.S. Trades, LLC, Haskell Company d.b.a. The Haskell Company of Florida and Snorkel International, Inc.*, Action No. C-1427-08-B.  Plaintiffs Gerardo and Alejandra Salinas in that action allege they are parents, heirs and statutory beneficiaries of decedent Jose Salinas.  Therefore, these concurrent actions violate the One Action Rule.

30.    Answering paragraphs 14.1 through 14.4, defendant cannot admit or deny, and on that basis denies.

31.    Answering paragraph 15.1, defendant denies any malice, gross negligence and/or willful acts, omissions and gross negligence.  Plaintiffs' allegations fail to meet the requirements of California Civil Code § 3294.

32.    Answering paragraph defendant cannot admit or deny, and on that basis denies. Defendant denies that the laws of the State of Texas apply.

33.    Answering the prayer for damages, defendant denies that plaintiffs are entitled to damages, and denies that plaintiffs have been damaged in any sum or sums, or at all.

## FIRST AFFIRMATIVE DEFENSE

Defendant alleges that the complaint, and each cause of action thereof, does not state facts sufficient to constitute a cause of action against this answering defendant.

## SECOND AFFIRMATIVE DEFENSE

Defendant alleges that plaintiffs and plaintiffs' decedent were careless and negligent in and about the matters alleged in the complaint, and each alleged cause of action thereof; that said carelessness and negligence on said plaintiffs and plaintiffs' decedent's own part proximately contributed to the happening of the incident and to the injuries, loss and damages, if any there were; that should plaintiffs recover damages, defendants are entitled to have the amount thereof abated,

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

4

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

1 reduced or eliminated to the extent that plaintiffs and plaintiffs' decedent's negligence caused or

2 contributed to their damages, if any.

3 **THIRD AFFIRMATIVE DEFENSE**

4 Defendant alleges that plaintiffs and plaintiffs' decedent acted with full knowledge of all the

5 facts and circumstances surrounding plaintiffs' damages and assumed the risk of the matters causing

6 plaintiffs' damages and that said matters of which plaintiffs and plaintiffs' decedent assumed the risk

7 proximately contributed to and proximately caused plaintiffs' damages, if any.

8 **FOURTH AFFIRMATIVE DEFENSE**

9 Defendant alleges that any and all events and happenings in connection with the allegations

10 contained in the plaintiffs' complaint and the resulting damages, if any, were proximately caused

11 and contributed to by the negligence of the plaintiffs and plaintiffs' decedent in that they did not

12 exercise ordinary and reasonable care on their own behalf at the time and places referred to in said

13 complaint, and each alleged cause of action thereof, and therefore, the plaintiffs are barred from any

14 recovery which they might otherwise have.

15 **FIFTH AFFIRMATIVE DEFENSE**

16 Defendant alleges that any and all events and happenings in connection with the allegations

17 contained in the plaintiffs' complaint, and each alleged cause of action thereof, and the resulting

18 injuries and damages, if any, were proximately caused and contributed to by the negligence of the

19 plaintiffs and plaintiffs' decedent in that they did not exercise ordinary and reasonable care in their

20 own behalf at the times and places referred to in said complaint, and each alleged cause of action

21 thereof, and their damages, therefore, if any, are barred or altered and must be reduced in proportion

22 to the extent that the plaintiffs and plaintiffs' decedent's  own negligence proximately contributed to

23 their damages.

24 **SIXTH AFFIRMATIVE DEFENSE**

25 Defendant alleges that the sole proximate cause of the injuries and damages, if any, allegedly

26 suffered by the plaintiffs was the negligence and fault of others than this answering defendant or on

27 the part of any person, or entity for whose acts or omissions this answering defendant is not legally

28 or otherwise responsible.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR
DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

## SEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the subject product and its component parts was not and were not used as instructed and intended, but was and were subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by plaintiffs and plaintiffs' decedent, which said misuse, abuse, alteration and/or modification was and were the proximate cause of the injuries and damages, if any, allegedly suffered by the plaintiffs.

## EIGHTH AFFIRMATIVE DEFENSE

Defendant alleges that the subject product and its component parts, was not and were not used as instructed and intended, but was and were subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by others than this answering defendant, which said misuse, abuse, alteration and/or modification was and were the proximate cause of the damages, if any, allegedly suffered by the plaintiffs.

## NINTH AFFIRMATIVE DEFENSE

Defendant alleges that any damages allegedly sustained by plaintiffs were either wholly or in part caused by persons, firms, corporations or entities other than this answering defendant and said negligence on the part of these other parties proximately contributed to any losses or damages, if any there were.

## TENTH AFFIRMATIVE DEFENSE

Defendant alleges that the work done by this answering defendant was subjected to unforeseeable and unanticipated misuse, abuse, alteration and/or modification by others, which said misuse, abuse, alteration and/or modifications was and were the proximate cause of the damages, if any, allegedly suffered by the plaintiffs.

## ELEVENTH AFFIRMATIVE DEFENSE

Defendant alleges that the complaint is barred by reason of the failure of plaintiffs or plaintiffs' decedent to give timely notice to this answering defendant of any work, product or services which the plaintiffs allege were defective, if any there were.

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

**TWELFTH AFFIRMATIVE DEFENSE**

Defendant alleges that if, in fact, there was a defect, which this defendant denies, the defect is one that was known or should have been known by plaintiffs and plaintiffs' decedent.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the complaint and each cause of action thereof are barred by laches.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the plaintiffs' complaint, and each cause of action stated therein, is barred by the applicable Statutes of Limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that plaintiffs have failed to mitigate their damages, if any there were, and plaintiffs' failure has proximately and concurrently contributed to the happenings of the events referred to in the complaint and the damages alleged, if any there were.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the damages, if any, sustained by plaintiffs were caused by an act of God or inevitable accident without any contribution on the part of this answering defendant.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the matters complained of by plaintiffs, if committed by this defendant, were consented to by plaintiffs and plaintiffs' decedent.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that the complaint and each cause of action thereof are barred by the Labor Code, §3601, et seq.

**NINETEENTH AFFIRMATIVE DEFENSE**

Defendant alleges that it provided appropriate warnings and instructions and notice regarding modification of the subject product, which warnings, instructions and notice regarding modification were ignored, and/or incorrectly implemented.

///
///
///

7

**DRYDEN, MARGOLES, SCHIMANECK & WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO, CALIFORNIA 94111
(415) 362-6715

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

**WHEREFORE**, defendant prays that plaintiffs take nothing by way of said complaint, and that defendant have judgment thereon for costs of suit incurred herein and for whatever and further relief the Court deems just and proper.

DATED:  July 22, 2008            **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

By: ___/s/_____
       Susan E. Foe
       Attorneys for Defendant
       SNORKEL INTERNATIONAL, INC.

## DEMAND FOR JURY TRIAL

Defendant hereby requests a trial by jury.

DATED:  July 22, 2008            **DRYDEN, MARGOLES, SCHIMANECK & WERTZ**

By: ___/s/_____
       Susan E. Foe
       Attorneys for Defendant
       SNORKEL INTERNATIONAL, INC.

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

## PROOF OF SERVICE

The undersigned declares: I am over the age of 18 years and not a party to the within action. I am employed in the county where this service occurs.  My business address is 505 Sansome Street, Sixth Floor, San Francisco, California 94111.  On the date shown below I served the following document:

• **ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL**

by placing a true copy thereof enclosed in a sealed envelope and served in the manner described below to the interested parties herein and addressed to:

| | ATTORNEY FOR: | ATTORNEY: | MANNER OF SERVICE |
|---|---|---|---|
| 1) | *Attorneys for Plaintiffs:*<br><br>*Reynaldo Salinas;*<br>*Isabel Salinas;*<br>*Jessica Salinas* | **Michael A. Hawash, Esq.**<br>**Wesley Todd Ball, Esq.**<br>Farrar & Ball<br>1010 Lamar, Suite 1600<br>Houston, TX 77002<br>Tel: (713) 221-8300 * Fax: (713) 221-8301<br>Email: michael@fbtrial.com<br>Email: wes@fbtrial.com<br><br>**Timothy D. McMahon, Esq.**<br>Corsiglia, McMahon & Allard<br>96 North Third Street, Suite 620<br>San Jose, CA 95112<br>Tel: (408) 298-7200<br>Email: tmcmahon@popelka.com | *EMAIL/PACER/ECF* |
| 2) | *Attorneys for Defendants:*<br><br>*Amteck of Kentucky, Inc. dba*<br>*Kentucky Amteck, Inc.;*<br><br>*Haskell Company dba The*<br>*Haskell Company of Florida* | **Anthony C. Diepenbrock, Esq.**<br>**John P. Cotter, Esq.**<br>Diepenbrock & Cotter, LLP<br>1545 River Park Drive, Suite 201<br>Sacramento, CA 95815<br>Tel:  (916) 565-6222 * Fax:  (916) 565-6220<br>Email:  td@diepenbrockcotter.com ;<br>jpc@diepenbrockcotter.com | *EMAIL/PACER/ECF* |
| 3) | *Attorneys for Defendant:*<br><br>*U.S. Trades, LLC* | **Peter M. Callahan, Esq.**<br>**Ronald D. Digesti, Esq.**<br>**Leeh A. DiBello, Esq.**<br>**Anna C. Gehriger, Esq.**<br>Callahan, McCune & Willis, APLC<br>500 Sansome Street, Suite 410<br>San Francisco, CA 94111<br>Tel: (415) 593-5700 * Fax: (415) 593-6984<br>Email: ronald_digesti@cmwlaw.net ;<br>leeh_dibello@cmwlaw.net | *EMAIL/PACER/ECF* |

DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ

505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ

| | |
|---|---|
| 1 | ____ **MAIL:** I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business. |

1
2
3    ____ **MAIL:** I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be deposited in the mail at my business address, with postage thereon fully prepaid, addressed to the addressee(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be deposited with the United States Postal Service on that same day in the ordinary course of business.

4
5    ✗ **EMAIL/PACER/ECF:** I caused all of the pages of the above-entitled document(s) to be sent to the recipient(s) noted above via ECF/PACER and email pursuant to General Order 45.

6
7
8    ____ **OVERNIGHT COURIER:** I caused such document(s) to be delivered via California Overnight Delivery Service in a package designated to be picked up by California Overnight with delivery fees provided for to the addressee(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be picked up by an employee of California Overnight.

9
10    ____ **HAND DELIVERY:** I placed a true and correct copy thereof in a sealed envelope and caused such envelope(s) to be delivered by hand to the addressee(s) designated.

11
12
13    ____ **FACSIMILE:** I caused such document to be served via facsimile on the interested parties at their facsimile numbers listed above. The facsimile numbers used complied with California Rules of Court, Rule 2003, and no error was reported by the machine. Pursuant to California Rules of Court, Rule 2006(d), I caused the machine to print a report of the transmission, a copy of which is attached to this declaration.

14
15
16    ____ **UNITED PARCEL SERVICE:** I caused such document(s) to be delivered via United Parcel Service overnight delivery in a package designated overnight by United Parcel Service with delivery fees provided for to the addressee(s) designated. I am readily familiar with the business' practice of collecting and processing correspondence to be deposited in the collection box regularly maintained by United Parcel Service.

17    ✗ **(FEDERAL)** I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made.

18
19    ✗ **(STATE)** I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

20    Executed on **July 22, 2008**, at San Francisco, California.

21                                                    /s/

22    _____
                                        Regan Balinton

23
24
25
26
27
28

**DRYDEN,
MARGOLES,
SCHIMANECK
& WERTZ**
505 SANSOME STREET
SIXTH FLOOR
SAN FRANCISCO,
CALIFORNIA 94111
(415) 362-6715

10

ANSWER OF SNORKEL INTERNATIONAL, INC. TO PLAINTIFFS' "ORIGINAL PETITION AND REQUEST FOR DISCLOSURE" & DEMAND FOR JURY TRIAL

*Salinas vs. Amteck, et al.*
USDC NO. C 08-01463 MEJ