UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

REYNALDO SALINAS, et al.,

    Plaintiffs,                        No. C 08-1463 PJH

    v.                                  **ORDER**

AMTECK OF TEXAS, et al.,

    Defendants.

_____/

On August 11, 2008, plaintiffs filed a notice of voluntary dismissal of defendant U.S. Trades, LLC ("U.S. Trades"), pursuant to Federal Rule of Civil Procedure "41(a)(1)(i)."[1] In the notice, plaintiffs stated that "[d]efendant has been served with process and has filed an answer or a motion for summary judgment,"[2] that "[p]laintiff has not dismissed an action based on or including the same claims as those presented in this suit," and that "[t]his dismissal is without prejudice to refiling." Although no court order is required under Rule 41(a)(1)(A), it is nonetheless this court's practice to issue an order of dismissal when presented with a request for voluntary dismissal under that rule. On August 12, 2008, the court ordered the dismissal.

On August 15, 2008, counsel for U.S. Trades wrote a letter to the court advising that plaintiffs' dismissal of U.S. Trades "is with prejudice," based on the provision in Rule 41(a)(1)(B), that "if the plaintiff previously dismissed any federal-or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the

---

[1] The court interpreted this as a request for dismissal under Rule 41(a)(1)(A)(i).

[2] As the docket for this case indicated that U.S. Trades had not filed an answer or a motion for summary judgment, the court concluded that plaintiffs had inadvertently omitted the word "not."

merits." Counsel for U.S. Trades stated, "Since plaintiffs previously dismissed the state court action they filed in Napa, California, based on the same claim, plaintiffs' dismissal of U.S. Trades, LLC operates as an adjudication on the merits."

There is a discrepancy between the statements in plaintiffs' request for dismissal and the letter from counsel for U.S. Trades. To resolve this discrepancy, the court requires either that the parties submit a stipulation stating their agreement that the dismissal of U.S. Trades is with prejudice, based on Rule 41(a)(1)(B), or that they brief the issue for the court.

If the parties choose to file a stipulation, they shall do so no later than August 29, 2008. If the parties choose to brief the issue, each side shall file a brief not to exceed five pages, with authority, addressing whether the dismissal of U.S. Trades is with or without prejudice, whether the Napa County Superior Court action involved claims identical to those asserted in the present action, and whether Rule 41(a)(1)(B) applies when the party that is the subject of the notice of dismissal was not a party to the previously dismissed action. Plaintiffs' brief shall be filed no later than September 3, 2008, and U.S. Trades' brief shall be filed no later than September 10, 2008.

**IT IS SO ORDERED.**

Dated: August 26, 2008

PHYLLIS J. HAMILTON
United States District Judge

2